UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF BERKELEY, et al.,<br><br>  Defendants. | Case No. 25-cv-01414-HSG<br><br>**ORDER DIRECTING SERVICE OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 6 |

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiff in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See id.* at 22.

This Court may issue a temporary restraining order without written or oral notice only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required. Fed. R. Civ. P. 65(b)(1).

On the afternoon of Tuesday, February 11, 2025, pro se Plaintiffs in this case filed (1) a complaint; and (2) a separate motion for temporary restraining order. Dkt. Nos. 1, 6. Plaintiffs indicate that although Mr. Gordon Gilmore attempted to drop off a copy of the motion at Berkeley City Hall at 2180 Milvia Street in Berkeley, California, "they would not accept it despite me arriving minutes before closing." *See* Dkt. No. 6-1 at ¶ 8. Defendants, therefore, have not

1    received notice of Plaintiffs' motion.

2         Plaintiffs allege that they are disabled and unhoused residents who live in tents, cars, and
3    RVs around 8th and Harrison Streets in Berkeley, California.  Dkt. No. 1 ("Compl.") at pp. 2, 4–6
4    (¶¶ 4, 9, 19, 22, 25), pp. 12–13 (¶ 3); *see also* Dkt. No. 6-2 at ¶¶ 2, 5–7; Dkt. No. 6-3 at ¶¶ 2, 7–8;
5    Dkt. No. 6-4 at ¶¶ 2, 7–8.[1]  Plaintiffs allege that in September 2024, the City of Berkeley passed
6    policies that establish specific criteria under which the City can abate and close encampments.  *See*
7    Compl. at p. 2 (¶ 3), pp. 13–14 (¶¶ 46–48).  Plaintiffs suggest that the City of Berkeley has
8    implemented these policies and is enforcing—or threatening to enforce—its "abatement plan"
9    against Plaintiffs and others who reside at 8th and Harrison Streets.  *See id.* at p. 4 (¶ 19), pp. 8–9
10   (¶¶ 2, 4–7).  According to Plaintiffs, "[t]he City's policy declares the encampment area a no-
11   lodging zone . . . ."  *Id.* at p. 9 (¶ 7).  Although they do not explicitly say so, Plaintiffs suggest that
12   the City intends to clear the encampment and displace Plaintiffs imminently.  And despite
13   purportedly being on notice of Plaintiffs' disability-related needs, Plaintiffs allege that the City has
14   repeatedly denied their requests for reasonable accommodations under the Americans with
15   Disabilities Act ("ADA").  *See id.* at p. 4 (¶ 8), pp. 8–11 (¶¶ 3, 8–11), p. 12 (¶¶ 2–3).  Plaintiffs
16   also note that there is a storm warning for the San Francisco Bay Area from February 7 through
17   February 14, 2025, further endangering Plaintiffs if they are left unsheltered.  *See id.* at p. 6 (¶¶ 1–
18   2).  Plaintiffs allege that they are "actively protesting the City of Berkeley's anti-homeless
19   policies," and "seek[] to stop Defendant[s] from displacing the unhoused residents of 8th and
20   Harrison Streets until their disability-related needs for access to shelter and preservation of their
21   property have been met."  *See id.* at p. 3 (¶ 9).

22        Critically, however, it is not clear from the complaint or motion for a temporary restraining
23   order what exactly the next step is in the City's "abatement policy," or when it intends to act.
24   Plaintiffs state only that they seek relief "to halt the City of Berkeley's scheduled encampment
25   abatement and enforcement actions beginning after February 10, 2025."  *See id.* at 2 (¶ 1); *see also*
26   Dkt. No. 6 at 1.  Plaintiffs filed this case the day after this apparent deadline, but do not allege that

---

[1] The complaint does not use consecutive paragraph numbering, so the Court cites both the PDF pagination and the relevant paragraph numbers throughout this order for ease of reference.

1   any specific actions to displace Plaintiffs have begun.  Nor have they attached any eviction notice
2   from the City explaining the timing or scope of next steps.  In a declaration, Plaintiff Adrien
3   Bouchard indicates that a hearing officer said in January "that conditions [at the 8th and Harrison
4   encampment] had to be abated by February 10, 2025, or every person in the camp would have to
5   leave."  *See* Dkt. No. 6-2 at ¶ 3; *see also* Dkt. No. 6-2, Ex. A  (January 2025 "Decision on
6   Objections to Nuisance Declaration & Order to Abate").  But at most, this suggests that Plaintiffs
7   may be forced to leave by some unidentified time after February 10.  *Id.*

8       It is not clear to the Court why Plaintiffs waited until now to file this case when the policy
9   was allegedly enacted in September 2024, and the City denied at least some of Plaintiffs' ADA
10  requests over a week ago.  *See id.* at pp. 9–11 (¶¶ 8–12) (citing emails from February 1 through
11  February 5, 2025).  The Court also notes that there appears to be another, earlier-filed case in this
12  district regarding the City of Berkeley's efforts to evict unhoused and disabled individuals who
13  reside at 8th and Harrison Streets.  *See Prado v. City of Berkeley*, Case No. 23-cv-04537-EMC
14  (N.D. Cal.).[2]  Plaintiffs specifically reference *Prado* in their complaint.  *See* Compl. at p. 2 (¶ 3).
15  One of the named plaintiffs in *Prado*, Yesica Prado, also filed a declaration in this case and states
16  that she is "the representative of the Berkeley Homeless Union (BHU)," one of the Plaintiffs in
17  this case.  *See* Dkt. No. 6-5 at ¶ 2.  In any event, based on the current record before the Court,
18  Plaintiffs have not met their high burden of establishing that they are entitled to the "extraordinary
19  remedy" of a temporary restraining order, particularly one issued without notice to Defendants and
20  an opportunity for them to be heard under Rule 65(b)(1).

21      Accordingly, the Court requires notice to Defendants before ruling on Plaintiffs' motion
22  for a temporary restraining order.  The Clerk is **DIRECTED** to serve this Order on the Plaintiffs
23  by email at berkeley.homeless.union@gmail.com.  The Clerk is further **DIRECTED** to serve this
24  Order; the complaint (Dkt. No. 1); and the motion for temporary restraining order (Dkt. No. 6) on
25  Defendants through the City Attorney of Berkeley at attorney@berkeleyca.gov.  Defendants are
26  **DIRECTED** to file a response to the motion for temporary restraining order, Dkt. No. 6, by

---

[2] The Court will file a separate referral order to the Honorable Edward M. Chen for consideration whether this case is related to *Prado v. City of Berkeley* under Civil L.R. 3-12(c).

1  noon PST on Thursday, February 13, 2025.  The Court will set a hearing on Plaintiff's motion if
2  needed once it has reviewed Defendants' response.
3  **IT IS SO ORDERED.**
4  Dated:  February 11, 2025

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge