UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 25-cv-01414-EMC<br><br>**ORDER REQUIRING BERKELEY HOMELESS UNION TO FILE A SEPARATE ACTION**<br><br>Docket No. 68 |

    The original complaint focused this litigation only on alleged constitutional and ADA violations arising from the City's planned abatement of the encampment at Harrison Street and 8th Street in Berkeley, California.  Dkt. 1 at 4.

    On May 19, 2025, plaintiff Berkeley Homeless Union ("BHU")—without the joinder or consent of co-plaintiffs Adrien Bouchard and Nicholas Johnson—filed a First Amended Complaint that seeks injunctive relief regarding the threatened closure of Ohlone Park.  Dkt. 62 at 2.  Plaintiffs Adrien Bouchard and Nicholas Johnson immediately notified the Court that they had not been consulted and do not join either the amended complaint or BHU's related motion practice.  Dkts. 65 (Notice from Mr. Bouchard and Mr. Johnson), 67.

    On May 20, 2025, the Court ruled that it would not hear BHU's untimely motion for a temporary restraining order and preliminary injunction on May 23, 2025 because the motion violated both the scheduling order and the notice requirements of Civil Local Rules 6-1(b) and 7-2(a).  Dkt. 66.

    Nevertheless, on May 21, 2025, BHU filed an "Ex-Parte Motion for TRO and Preliminary Injunction to Enjoin Displacement of [BHU] Members from Ohlone Park" that again seeks emergency relief—directed to Ohlone Park.  Dkt. 68.  The motion apparently has not been served

on Defendants.

Because the Ohlone Park claims involve a different location, different facts, and potentially different individuals, they fall outside the scope of this action, which is confined to the encampment at Harrison Street and 8th Street ("Harrison Corridor").  Those claims cannot be brought into this case by way of an unauthorized amended complaint.  Moreover, BHU's filing again fails to comply with Rule 65(b) and the Local Rules.

**IT IS HEREBY ORDERED:**

1. If BHU wishes to pursue relief related to Ohlone Park, it shall file a new civil action.
2. Consistent with the Court's prior order, the Court will not hear BHU's motion for temporary restraining order or preliminary injunction on May 23, 2025.  The Court reiterates that BHU must file a properly noticed (not ex parte) motion in conformity with the Federal Rules of Civil Procedure and the Civil Local Rules.
3. BHU is forewarned that any future request for expedited or preliminary relief must comply with Federal Rule of Civil Procedure 65 and Civil Local Rules 6 and that ex parte applications that do not satisfy Rule 65(b)'s requirements will be denied.

**IT IS SO ORDERED**.

Dated: May 21, 2025

_____
EDWARD M. CHEN
United States District Judge