1  Anthony D. Prince (SBN # 202892)
   General Counsel, California Homeless Union/Statewide Organizing Council
2  Law Offices of Anthony D. Prince
   2425 Prince Street, Ste. 100
3  Berkeley, CA 94705
   Tel: 510-301-1472

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7  BERKELEY HOMELESS UNION, ADRIEN            Case No.: 3:25-cv-01414-EMC
   BOUCHARD, NICHOLAS JOHNSON AND
8  FRANK MOORE                                **PLAINTIFF'S REPLY TO DEFENDANT
                                              CITY OF BERKELEY'S OPPOSITION TO
9          Plaintiffs,                        PLAINTIFF'S MOTION FOR
                                              PRELIMINARY INJUNCTION;
10     vs.                                    SUPPLEMENTAL DECLARATION OF
                                              YESICA PRADO; DECLARATION OF
11 CITY OF BERKELEY, THOMAS GREGORY,          ANDREA HENSON**
   PAUL BUDDENHAGEN, PETER RADU,
12 OKEYA VANCE-DOZIER, RASHI                  Hearing Date: June 10, 2025, 10:30 am
   KESERWANI, DOES 1-10                       San Francisco, Courtroom 5, 17th Floor
13
           Defendant.                         Judge: Hon. Edward M. Chen
14

15

16              **Berkeley Homeless Union Has Associational Standing**

17      In her Declaration, Berkeley Homeless Union ("BHU") founder and officer/representative

18 Yesica Prado, who lives in her RV in the 8th and Harrison encampment, describes the Union as

19 follows: "BHU is a grassroots organization composed of and serving unhoused individuals across

20 [City of ] Berkeley, including many with significant physical and mental disabilities." (Prado

21 Declaration, ECF 72-2, pg. 1) Ms. Prado goes on to state that between she and Gordon Gilmore, also

22 a founder and officer/representative of the BHU, the Union "supports more than 180 unhoused

23 people across the City[,]" (*Id.* at Pg. 2) Further, Ms. Prado states that since 2023 she has submitted

24

25

1  over 21 formal requests for reasonable accommodations "on behalf of BHU members at the 8th and
2  Harrison encampment." (*Id.* at Pg. 1)

3      In *Boyd v. City of San Rafael*, 3:23-cv-04085 N.D., Oct.19, 2023 this court considered the
4  status of organizational plaintiff Marin County Homeless Union, then a newly- affiliated local, as is
5  BHU, of the California Homeless Union/Statewide Organizing Council. (See, Declaration of
6  Anthony D. Prince) In that case, the Union local described itself using language similar to that used
7  by BHU in this case. "The Union's defined mission is 'to organize, represent, advocate for and
8  support its members.' " *Id.*, quoting Marin County Homeless Union's First Amended Complaint in
9  *Boyd*. finding that the Marin County local had associational standing to sue on behalf of its members
10 because it had satisfied the three-prong test (1) its members would otherwise have standing to sue in
11 their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3)
12 neither the claim asserted nor the relief requested requires the participation of individual members in
13 the lawsuit." *Am. Unites for Kids v. Rousseau* 985 F.3d 1075 (9th Cir. 2021) (citing *Hunt v. Wash.*
14 *State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). This Court found that under the first prong,
15 the Union was "not required to identify individual Constituents who satisfy each element of standing
16 ." *Boyd*, citing to *Disability Rts. Cal. V. Cnty of Alameda*, 2021 WL 212900 at *7 holding "[t]he
17 Union's members include residents of the [encampment]" and "at least one member of the Union's
18 members, i.e., individual Plaintiffs, have standing to sue, establishing the first prong of standing."

19     This Court also found the second and third prongs for associational standing satisfied. ("As
20 to the second prong, there is no doubt that the interests the Union seeks to protect here are germane
21 to its purpose"; "As to the third prong…allowing the Union to assert claims on behalf of its members
22 promotes judicial efficiency by avoiding multiple, individual lawsuits being filed on behalf of each
23 member of the encampment." *Id.*

24
25

Accordingly, here, as this Court found in *Boyd* with regard to the Marin County Homeless Union, BHU has associational standing.

**The City's Objections to Plaintiff's Evidence Are Without Merit or Support in the Law**

The City objects to the Declaration of Yesica Prado, in part, based on hearsay. However, as this Court stated in Footnote 4 to its Order granting plaintiff's motion for preliminary injunction in *Sausalito/Marin County Homeless Union vs. City of Sausalito*, 21-cv-01143-EMC:

> "In evaluating the evidence presented in conjunction with this motion, the Court notes that the evidentiary rules are somewhat relaxed (as both parties conceded at the hearing). See, e.g., *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (noting that "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial[;] [thus], [t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm"); *Sierra Club, Lone Star Chap. V. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993) (noting that, "at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence"); cf. Moore's Fed. Prac. Civ. § 65.23[2] (stating that "[t]he requirements of Rule 56(c)(4) for affidavits in support of a motion for summary judgment are not expressly applicable to affidavits in support of a preliminary injunction")."
>
> (*Sausalito/Marin County Homeless Union vs. City of Sausalito*, at Pg.7)

The City also objects that Ms. Prado's declaration at Paragraphs 1-7 "constitutes inadmissible speculation, conjecture, imagination, or guesswork [or] improper opinion testimony by a lay witness" and "does not establish that the assertions are based on personal knowledge." Again, as discussed above, Defendant disregards that in the preliminary injunction context, evidence in

1  affidavits and declarations need not be based on personal knowledge. In addition, in the very first

2  paragraph of her declaration, Ms. Prado states, "I am a representative of the Berkeley Homeless

3  Union (BHU) and **have firsthand knowledge** of the matters described herein."

4  Accordingly, the Court should overrule the City's objections to the Declaration of Yesica

5  Prado as well as that of Gordon Gilmore.

**The City Altogether Ignores, Let Alone Shows that Plaintiff has not met the Ninth Circuit's Sliding Scale and "Serious Questions" Tests for Likelihood of Success on the Merits**

8  Completely absent from the City's Opposition Brief is any mention, let alone discussion, of

9  the tests used in the Ninth Circuit for likelihood of success on the merits. There is no reference to

10  *Alliance of the Wild Rockies v. Cottrell*, no attempt to show that Plaintiff has failed to raise "serious

11  questions going to the merits" or that the Ninth Circuit uses a "sliding scale" approach in considering

12  a motion for preliminary injunction. Having failed to proceed from Ninth Circuit law, the City's

13  Opposition fails to show that Plaintiff has not met its burden in seeking a preliminary injunction.

14  Accordingly, the Court should grant Plaintiff's motion.

15  Dated: June 4, 2025

16  Respectfully Submitted,

17  Anthony D. Prince

18  Attorney for Plaintiffs