UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 25-cv-01414-EMC<br><br>**EXPLANATORY ORDER ON ORDER CEASING ABATEMENT**<br><br>Docket No. 89 |

On June 4, 2025, after hearing from the parties on Plaintiff's motion for TRO, the Court announced it ordered the immediately cessation of Defendants' abatement of the area around 8th and Harrison Streets (the "Harrison Corridor"). Dkt. 89. The Court's rationale was stated in court. This order memorializes and supplements that reasoning.

While there was a temporary restraining order ("TRO") enjoining Defendants from proceeding with the abatement which had been noticed and planned for February 10, 2025, that TRO expired on May 23, 2025. Dkt. 38. Plaintiff Berkeley Homeless Union ("BHU") sought a preliminary injunction at the May 23 hearing, but was denied as procedurally improper. Dkts. 66, 69. Plaintiff then took up this Court's suggestion and filed a motion to have the preliminary injunction heard on shortened time. Dkts. 72, 73. In order to give Berkeley a full opportunity to respond in opposition, the Court issued an order shortening time and setting the hearing on the motion for a preliminary injunction for June 10, 2025. Dkt. 80.

No notice to vacate and announcement of an abatement has been given to residents of the affected area since last February. None was given after the May 23, 2025 hearing. None was given after this Court set an expedited briefing schedule and hearing on Plaintiff's motion for preliminary injunction. Nonetheless, on the morning of June 4, 2025, without notice or warning,

1   and just six days before the scheduled hearing on the preliminary injunction motion, the City
2   began its abatement.
3         As noted at the hearing, this action violated due process. Residents faced eviction and the
4   risk of property being taken or destroyed without notice. "Common justice requires that no man
5   shall be condemned in his person or property without notice and an opportunity to make his
6   defence." *Baldwin v. Hale*, 68 U.S. 223, 233 (1863). Accordingly, "[a]n elementary and
7   fundamental requirement of due process in any proceeding which is to be accorded finality is
8   notice reasonably calculated, under all the circumstances, to apprise interested parties of the
9   pendency of the action and afford them an opportunity to present their objections." *Mullane v.
10  Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see Fuentes v. Shevin*, 407 U.S. 67, 80
11  (1972) ("[P]rocedural due process" requires that "the right to notice and an opportunity to be heard
12  'must be granted at a meaningful time and in a meaningful manner.'") (citing *Armstrong v.
13  Manzo*, 380 U.S. 545, 552 (1965)). Safeguarding due process is imperative for all, but particularly
14  important for the unhoused. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir.
15  2012) ("'For many of us, the loss of our personal effects may pose a minor inconvenience.
16  However, ... the loss can be devastating for the homeless.'") (citing *Pottinger v. City of Miami*,
17  810 F. Supp. 1551, 1559 (S.D. Fla.1992)). The City's prior notices of abatement given months
18  before were insufficient. They were given before the TRO was granted.[1] And when the TRO was
19  lifted, an expedited hearing was set on the preliminary injunction. Dkt. 80. The abatement action
20  taken on June 4, 2025 could moot the hearing. Thus, residents had a reasonable expectation that
21  any abatement action in the interim would be proceeded by some reasonable notice, both to allow
22  them to prepare to move and to be able to seek immediate court relief if necessary. Under these
23  circumstances, taking action without prior notice offends due process.

---

[1] Public notices posted on January 7, 2025 directed all residents to leave by February 10, 2025, warning that the encampment could be "permanently closed … at any time after February 10 2025 without further notice." City's January 7, 2025 Public Notice of Health Hazard and Public Nuisance and Order to Abate (Dkt. 13-1). A second, identical notice was posted on January 31, 2025. City's Second Public Notice (Dkt. 13-3). Judge Gilliam granted the TRO on February 14, 2025. Dkt. 18. The parties stipulated to continue the hearing on a preliminary injunction. Dkts. 25, 28.

This order restraining Defendants from any further abatement remains in effect until further order. The matter will be discussed at the June 10 hearing.

**IT IS SO ORDERED**.

Dated: June 5, 2025

_____
EDWARD M. CHEN
United States District Judge