Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

BERKELEY HOMELESS UNION ET AL

        Plaintiff,

vs.

CITY OF BERKELEY ET AL

        Defendant

Case No.: 3:25-cv-01414-EMC(RMI)

EX-PARTE APPLICATION FOR ORDER AND EMERGENCY HEARING TO ENFORCE PRELIMINARY INJUNCTION AND HALT SEPTEMBER 15 ABATEMENT; DECLARATION OF YESICA PRADO; DECLARATION OF ANTHONY D. PRINCE

**INTRODUCTIOIN AND BACKGROUND**

On Monday, September 8, 2025, the City posted a "Notice of Encampment Closure" ordering all residents of a significant portion of the Harrison Corridor encampment to leave by September 15, 2025 or face criminal charges. (See Exh. A to Declaration of Yesica Prado)

The Notice is a six- page, single-spaced, ambiguously worded and unsigned order that was posted in an area in which are currently residing BHU members who are among the nineteen (19) residents who had official disability accommodations requests on file as of the Court's "Order for Limited Injunction" of June 10, 2025. Indeed, the Notice is so broad that it could be

interpreted to close down the entire camp, because it simply prohibits all camping everywhere within the vicinity. (*See* Declaration of Yesica Prado)

**The Notice**

The Notice is addressed to "Persons encamped on the East side of 8th Street between Harrison and Codornices Creek." The fourth page of the notice is "Attachment 1" entitled "FACT SHEET" which states "Lodging is prohibited on the streets, sidewalks, and other public rights of way on Harrison St from 10th St to 6th St and 8th St. from Gilman St. to Codornices Creek." This is an area that is far larger than and includes the Harrison Corridor. There is nothing in the Notice that distinguishes between those who are protected by this Court's Order of June 10, 2025 and those who are not and simply advises "You have until Sept. 15 to find another location for yourself and your belongings." Page 2 of the Notice warns that remaining in the area will mean facing a criminal charge.

The June 10 Order states, *"[the] injunctive relief is limited to those BHU members currently residing in the Harrison Corridor for whom BHU has already submitted a written accommodation request."* The City is claiming that unless such persons were physically present at the encampment on June 10, they are not protected by injunction. However, the June 10 Order was preceded on June 4, 2025 by this Court's order halting an abatement action that had been under way on that day since 7:00 am. Unfortunately, because the Court was not able to convene a telephonic hearing until 2:00 pm, the majority of the encampment residents - ***including nearly all of those who had disability accommodations requests on file*** - had already been evicted, warned not to return and, in fact, ***have not returned.***

EX-PARTE APPLICATION FOR ORDER AND EMERGENCY HEARING TO ENFORCE PRELIMINARY INJUNCTION AND HALT SEPTEMBER 15 ABATEMENT; DECLARATION OF YESICA PRADO; DECLARATION OF ANTHONY D. PRINCE - 2

The Court should reject the City's attempt to profit by its own misconduct and reduce the number of those legally entitled under Title II of the Americans With Disabilities Act to the interactive process that this Court has ordered must be "fairly completed" before any abatement can take place.

Accordingly, this motion seeks to enjoin the City of Berkeley from closing on September 15, 2025 or any other day, until a hearing or further order of the Court, the closure of any portion of the Harrison Corridor or its immediately surrounding areas into which it previously pushed BHU members who had disability accommodations requests on file.

While the Order of June 10, 2025 applies only to those BHU members with accommodations requests already on file and does not protect "[a]ny other Harrison Corridor encampment resident" it does not permit the *closing* of the encampment or any portion thereof. is not afforded such protection. In the case of residents not protected by the Order "the City must give at least one week's notice before *moving on their property*." In other words, actions against such residents must be on an individualized basis and cannot take the form of simply closing an entire area that may or may not contain residents who *are* protected by the Order.

The City is claiming that it has made "diligent" efforts and determined that there no persons in the large area to be closed per the September 8 "Notice of Encampment Closure" that are protected by the June 10 limited injunction. As stated above, the Union not only disputes this contention, but has learned that the City is continuing to threaten eviction and otherwise pressure BHU members that the City itself admits are covered, including Shareef Muwwakkil and Lewanda Parnell. (See Declaration of Yesica Prado).

EX-PARTE APPLICATION FOR ORDER AND EMERGENCY HEARING TO ENFORCE PRELIMINARY INJUNCTION AND HALT SEPTEMBER 15 ABATEMENT; DECLARATION OF YESICA PRADO; DECLARATION OF ANTHONY D. PRINCE - 3

This geographic location includes BHU members covered by this order - but under the current notice they will be evicted on September 15th before the completion of the ADA process.  The City's abatement notice is a violation of the order because they are closing the entire section of the camp, including protected BHU members, rather than making individualized removals of individuals not covered by the PI.

## The Preliminary Injunction

Defendants are violating the preliminary injunction because their eviction notice closes evicts protected persons before the end of the interactive process. As the preliminary injunction state in this courts June 10 order: "The preliminary injunction shall be extended until the parties complete the ADA interactive process or until further order." The parties were engaging in the interactive process, including in-person meetings that included individual residents and their medical providers until the City unilaterally shut it down on the manufactured pretext of fearing threats of violence. Plaintiffs moved to hold the defendants in contempt and in response the court extended the preliminary injunction while deferring consideration of Plaintiff's Motion for an Order to Show Cause.

Since the extension of the order, the City has refused to permit BHU members to be personally present in interactive process meetings. The City has refused to identify alternative locations where it admitted in open court displaced residents would be permitted to camp. And although the interactive process is far from complete, on September 8th they moved to shutdown a large portion of the Harrison Corridor.  Accordingly, this abatement violates that order by making a sweeping eviction that goes beyond making individualized removals of people not protected by the order.

EX-PARTE APPLICATION FOR ORDER AND EMERGENCY HEARING TO ENFORCE PRELIMINARY INJUNCTION AND HALT SEPTEMBER 15 ABATEMENT; DECLARATION OF YESICA PRADO; DECLARATION OF ANTHONY D. PRINCE - 4

# CONCLUSION

The City's abatement notice violates this court's order because it evicts BHU members protected by the order, while permanently closing a geographic area contemplated as an area for protected persons to reside. The City's abatement must be halted until the dispute over who is protected by the Court's Order of June 10, 2025 is resolved and, where it is actually and accurately determined that person is not protected, the City is directed to make only individualized removals of persons and property and not the complete closure of the entire encampment, any portion thereof or of an enlarged area into which protected BHU members are residing.

DATED: September 11, 2025            Respectfully Submitted,
                                     /s/ Anthony Prince,
                                     Attorney for Plaintiffs