Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Marc Shapp, Deputy City Attorney (State Bar No. 266805)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
Nubyaan Scott, Deputy City Attorney (State Bar No. 331584)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: MShapp@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.<br><br>Defendant. | Case No. 3:25-CV-01414-EMC<br><br>**DECLARATION OF<br>LAURA IRIS MATTES IN SUPPORT OF<br>CITY OF BERKELEY'S OPPOSITION<br>TO EX-PARTE APPLICATION TO<br>ENFORCE PRELIMINARY<br>INJUNCTION AND HALT SEPTEMBER<br>15 ABATEMENT** |

I, Laura Iris Mattes, declare as follows:

      1.    I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

      2.    I am a Deputy City Attorney for the City of Berkeley (the "City") and have been in this role since January 2022. I am counsel of record for the City in this matter. Any documents or correspondence referred to in this declaration are kept by the City in the regular course of business, and it is a regular practice to make and retain such records.

3. On June 13, 2025, Mr. Prince, counsel for Plaintiff Berkeley Homeless Union ("BHU"), provided me with a draft of his portion of a joint motion for clarification regarding the scope of the Court's June 10 order on BHU's motion for a preliminary injunction, ECF No. 104. In that draft he argues, as he does in the instant Ex Parte Motion, that the Court's order applies to 21 BHU members including those who are no longer residing in the Harrison Corridor. A true and correct copy of that correspondence is attached as Exhibit A.

4. The City's position is that the Court's order is clear that it applies only to BHU members currently residing in the Harrison Corridor. Because there was a dispute between the parties, the City agreed to jointly submit a motion for clarification on this issue. On June 16, 2025, I provided Mr. Prince with a draft of the joint motion that contained the City's position. A true and correct copy of that correspondence is attached as Exhibit B.

5. Despite this issue being fully briefed, Mr. Prince never filed the parties' joint motion nor has he reopened this dispute in the months that have passed. In fact, in a later conversation, Mr. Prince acknowledged the merit in the City's position and the City's interpretation has guided the parties' interactive process discussions over the past three months.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 11, 2025, in Berkeley, California.

*Laura Iris Mattes*
LAURA IRIS MATTES

# EXHIBIT A

| | |
|---|---|
| **From:** | Anthony Prince |
| **To:** | Mattes, Laura Iris |
| **Subject:** | Draft Joint Admin Motion |
| **Date:** | Friday, June 13, 2025 5:11:09 PM |
| **Attachments:** | DRAFT Joint Administrative Motion.docx |

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Although we may make changes to the attached Draft, we wanted to go ahead and give you an opportunity to review and make changes, etc.

thank you

**Anthony D. Prince** (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

# UNITED STATES COURT

## DISTRICT OF NORTHERN CALIFORNIA

BERKELEY HOMELESS UNION

        Plaintiff,

vs.

CITY OF BERKELEY, et al

        Defendant

Case No.: 4:25-cv-01414-EMC

**JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

    The Parties jointly submit this administrative motion to seek clarification regarding the scope of the Court's June 10, 2025 Preliminary Injunction Order (ECF 104), specifically as it applies to individuals who were members of the Berkeley Homeless Union (BHU) and had pending ADA accommodation requests on June 4, 2025.

    The Parties are in agreement that clarification from the Court would assist in the orderly and fair implementation of the injunction and the ADA interactive process ordered by the Court.

**Background**

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1

As of June 4, 2025, Berkeley Homeless Union had filed 21 ADA requests for reasonable disability accommodations on behalf of 21 Union members encamped in the Harrison Corridor, the majority of which were outstanding as of June 4 2025.

On June 4, 2025, at approximately 6:00 AM, the City of Berkeley began an abatement of the encampment located at Eighth and Harrison (the "Harrison Corridor"). Later that day, at approximately 2:00 PM, this Court conducted a hearing on the City's ongoing abatement action and issued an order directing the City to immediately cease the abatement. By that time, many encampment residents had been displaced and their structures removed, including a number of BHU members who had ADA accommodation requests pending.

**Points for Clarification**

Plaintiffs seek confirmation that the injunction protects individuals who were BHU members with pending ADA accommodation requests as of the morning of June 4, 2025, regardless of whether they physically returned to the encampment after the abatement. Plaintiffs contend that the effect of the abatement, as well as new "no-lodging" signage, has had the effect of forcefully displacing and discouraging the return of BHU members to Eighth and Harrison after the June 4th abatement. Plaintiffs assert that but-for the June 4, 2025 abatement, all 21 members who had filed official accommodations requests, would have been included in the Court's Order of June 10, 2025 giving the parties 60 days to complete the interactive process and that it is inappropriate and unfair for those who had pending applications but were evicted from the camp before the Court order halted the abatement to now be excluded.

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 2

Defendants interpret the Court's order to apply only to those BHU members who were physically present at the Harrison Corridor and residing there as of June 10, 2025.

**Joint Request**

To avoid any misunderstanding and resolve the dispute as to the scope of the current injunction and to facilitate an effective interactive process, the parties respectfully request that the Court clarify:

1. Whether the order to resume and complete the interactive process extends to BHU members with pending ADA accommodation requests who were displaced by the June 4, 2025 abatement.
2. Any additional guidance the Court deems appropriate to ensure that the interactive process and protections of the injunction are applied fairly and consistently with the Court's intent.

Respectfully submitted,

**[ADD SIGNATURE BLOCKS FOR THE UNION AND THE CITY]**

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 3

# EXHIBIT B

| | |
|---|---|
| **From:** | Mattes, Laura Iris |
| **To:** | Anthony Prince |
| **Cc:** | Brown, Farimah F.; Shapp, Marc; Stephens, Sara; Scott, Nubyaan; Madagu, Ashley M.; De Genova, Haley |
| **Subject:** | RE: Joint Admin Motion |
| **Date:** | Monday, June 16, 2025 5:30:00 PM |
| **Attachments:** | DRAFT Joint Administrative Motion for Clarification of PI + Defs Position.docx |

Mr. Prince,

See attached for the joint motion with our tracked changes. You have our authority to file this motion as is. If you make any further changes please track those changes and send it back to us for our further review. You do NOT have our permission to file the document if you make further changes without our consent.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Monday, June 16, 2025 2:04 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>
**Subject:** Re: Joint Admin Motion

Ms. Mattes: You don't need to tell me about the local rules. It is now 2:00 pm. If you have something to send me, please send it. I don't understand why the City would need a separate "portion": If the draft I sent does not state clearly what both sides wish the court to clarify, please make whatever changes you propose and send it along.

On Monday, June 16, 2025 at 01:48:17 PM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Mr. Prince,

Our intention to provide our portion of the joint motion was stated clearly in my last email. We intend to provide that by the end of the day. Any attempt to file a joint statement without our consent is prohibited by the local rules and will be noted to the Court in our responsive filing if it occurs.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Monday, June 16, 2025 12:54 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>

**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>
**Subject:** Re: Joint Admin Motion

The Joint motion would be a straightforward request for clarification. I am not going to agree to anything else and I'm not asking you to agree to anything else. You've already stated your position and filed an opposition to having a settlement conference and a motion to dismiss. If you send me a written version of what you consider to the be the protocol, including what we discussed and seemed to agree on, and hopefully we'll have the protocol.

I will give you til 2:00 pm to send my draft back with whatever changes, etc. you need to make, if any, or tell me that you don't want to file a Joint motion and we'll proceed accordingly.

Anthony

On Monday, June 16, 2025 at 10:54:09 AM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Mr. Prince,

Because prior correspondence gets lost when you start a new thread instead of replying to our prior one, I have attached our prior thread to this email and pasted my response below:

*Since you sent this to me after business hours on Friday, I have not had a chance to review it in detail. But can you confirm that this is the only clarification you intend to seek and otherwise agree with the protocol we discussed on Friday? We provided our position as to the outstanding items as promised by EOD on Friday (email sent at 5:46pm). You also stated you would provide your position as to outstanding items by EOD on Friday. Because we have not received anything other than this draft motion, we understand this to be the only issue in dispute.*

\*\*\*

As you can see, I asked you to confirm whether this the only issue you intend to seek clarification on? **We intend to provide our portion of the joint motion and do not consent to have you file the motion without our input.** However, in order to ensure we address all the potential disagreements in one motion we have asked you to confirm if we are in agreement as to the other topics we discussed on Friday. You said you would give us that by EOD of Friday but have not. **Please provide that confirmation by 11:00am TODAY or we will conclude this is the only area we are in disagreement about and proceed accordingly.**

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Monday, June 16, 2025 10:10 AM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** Joint Admin Motion

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

What is the status of the Joint Admin Motion? I asked you make whatever changes and send it back to me. Based on the messages you've sent since we met on Friday, it appears the City is not interested in filing it. If I don't get it back, or don't hear from you by noon today, I will assume that to be the case and we will proceed accordingly.

As far as the list, we are going through to finalize it and will have it to you today in any case.

I will respond later to the various issues you've raised and will send our proposal, some of which we covered Friday, as to how this process should go forward.

Anthony

Mr. Prince,

Since you sent this to me after business hours on Friday, I have not had a chance to review it in detail. But can you confirm that this is the only clarification you intend to seek and otherwise agree with the protocol we discussed on Friday? We provided our position as to the outstanding items as promised by EOD on Friday (email sent at 5:46pm). You also stated you would provide your position as to outstanding items by EOD on Friday. Because we have not received anything other than this draft motion, we understand this to be the only issue in dispute.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Friday, June 13, 2025 5:11 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** Draft Joint Admin Motion

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Although we may make changes to the attached Draft, we wanted to go ahead and give you an opportunity to review and make changes, etc.

thank you

1  **Anthony D. Prince** (SBN # 202892)
2  General Counsel, California Homeless Union/Statewide Organizing Council
   Law Offices of Anthony D. Prince
3  2425 Prince Street, Ste. 100
   Berkeley, CA 94705
4  Tel: 510-301-1472

5
6
7                          **UNITED STATES COURT**
8                     **DISTRICT OF NORTHERN CALIFORNIA**
9
                                              Case No.: 4:25-cv-01414-EMC
10
   BERKELEY HOMELESS UNION
11
              Plaintiff,                      **JOINT ADMINSTRATIVE MOTION
12                                            REQUESTING CLARFICATION OR
                                              MODIFICATION REGARDING ORDER
13  vs.                                       GRANTING IN PART AND DENYING IN
                                              PART PLAINTIFF'S MOTION FOR
14  CITY OF BERKELEY, et al                   PRELIMINARY INJUNCTION**
15
              Defendant
16

17      The Parties jointly submit this administrative motion to seek clarification regarding the

18  scope of the Court's June 10, 2025 Preliminary Injunction Order (ECF 104).

19

20  **PLAINTIFF'S POSITION:**

21

22      , sSpecifically as it applies to individuals who were members of the Berkeley Homeless

23  Union (BHU) and had pending ADA accommodation requests on June 4, 2025, BHU seeks.

24
25
26
27
28  JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY
    INJUNCTION - 1

~~The Parties are in agreement that~~ clarification from the Court ~~would~~ to assist in the orderly and fair implementation of the injunction and the ADA interactive process ordered by the Court.

**Background**

As of June 4, 2025, Berkeley Homeless Union had filed 21 ADA requests for reasonable disability accommodations on behalf of 21 Union members encamped in the Harrison Corridor, the majority of which were outstanding as of June 4 2025.

On June 4, 2025, at approximately 6:00 AM, the City of Berkeley began an abatement of the encampment located at Eighth and Harrison (the "Harrison Corridor"). Later that day, at approximately 2:00 PM, this Court conducted a hearing on the City's ongoing abatement action and issued an order directing the City to immediately cease the abatement. By that time, many encampment residents had been displaced and their structures removed, including a number of BHU members who had ADA accommodation requests pending.

**Points for Clarification**

Plaintiffs seek confirmation that the injunction protects individuals who were BHU members with pending ADA accommodation requests as of the morning of June 4, 2025, regardless of whether they physically returned to the encampment after the abatement. Plaintiffs contend that the effect of the abatement, as well as new "no-lodging" signage, has had the effect of forcefully displacing and discouraging the return of BHU members to Eighth and Harrison after the June 4th abatement. Plaintiffs assert that but-for the June 4, 2025 abatement, all 21

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 2

members who had filed official accommodations requests, would have been included in the Court's Order of June 10, 2025 giving the parties 60 days to complete the interactive process and that it is inappropriate and unfair for those who had pending applications but were evicted from the camp before the Court order halted the abatement to now be excluded.

Defendants interpret the Court's order to apply only to those BHU members who were physically present at the Harrison Corridor and residing there as of June 10, 2025.

~~Joint~~ **Plaintiff's** Request

To avoid any misunderstanding and resolve the dispute as to the scope of the current injunction and to facilitate an effective interactive process, the parties respectfully request that the Court clarify:

1. Whether the order to resume and complete the interactive process extends to BHU members with pending ADA accommodation requests who were displaced by the June 4, 2025 abatement.
2. Any additional guidance the Court deems appropriate to ensure that the interactive process and protections of the injunction are applied fairly and consistently with the Court's intent.

**DEFENDANT'S POSITION:**

    **A. The Scope of the Court's Limited Injunction Relief is Clear**

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 3

Defendant City of Berkeley (the "City") considers the Court's June 10, 2025 ruling from the bench and the subsequent Minute Order, ECF No. 104, to be clear, and therefore does not seek further ~~explanation~~clarification. Namely, ~~T~~the Court ~~found that BHU made a showing sufficient to~~ordered ~~issue~~ "Limited Injunctive Relief," which applies to "those BHU members currently residing in the Harrison Corridor for whom BHU has already submitted a written accommodation request." *Id.* at 3. This language is not ambiguous—it sets temporal and geographic limits for who is covered by the injunction based on their status at the time the injunction was issued. At its most expansive, the furthest back the injunction reaches is 12:01 p.m., when the Court adjourned the hearing on June 10, 2025. Any individuals who were not residing in the Harrison Corridor at that time, or who were residing there but did not have a pending ADA accommodation request, are not covered by the Court's limited injunctive relief.

BHU's attempt to relitigate and impermissibly broaden the scope of the Court's ruling should be rejected for multiple reasons. *First*, individuals that are no longer residing in the Harrison Corridor are not subject to an abatement action and therefore there is no need for an ADA accommodation. By definition, individuals are only entitled to an accommodation under the ADA if they are "excluded from participation in or be denied the benefits of the *services, programs, or activities of a public entity*, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Here, the planned abatement action applies only to the Harrison Corridor area defined as "Harrison Street between 6th Street and 10th Street and on 8th Street from Gilman to Codornices Creek." Radu 1 Dec., Ex. A [ECF No. 15-1]. Therefore, unhoused residents that are outside the Harrison Corridor are not presently subject to a City service, program or activity that would necessitate an accommodation.

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 4

*Second*, requiring the parties to engage in the interactive process with every BHU member who submitted an ADA accommodation request would lead to an absurd result. This is best illustrated by way of example. Rufus White, an alleged BHU member, filed a written ADA accommodation request with the City regarding the impending abatement action. Under BHU's interpretation of the Court's order he would potentially be included under the 21 outstanding requests. But he has recently been placed in permanent housing and, as far as the City is aware, is no longer in need of any accommodations. Similarly, Adrien Bouchard and Nicholas Johnson, prior individual plaintiffs, are also purportedly BHU members and also submitted written ADA accommodation requests. However, both Bouchard and Johnson have dismissed their claims against the City and have no pending ADA requests. These examples underscore the necessity of focusing only on the individuals who were residing at the Harrison Corridor as of 12:01pm on June 10, 2025.

In other words, tThe only clarification required is one of fact: BHU must identify the individualsBHU members it contends are subject to the limited injunction so BHU and the City can come to an agreement as to who they are. BHU represented at the hearing that "out of the 19 people that are back in the camp, 12 of them are persons that have actually submitted official applications for disability accommodations." June 10, 2025 Hr'g Tr. 10:20-23. The City has requested BHU to provide a list of individuals along with supporting documentation sworn under oath, but no such information has been received as of the filing of this joint statement.

The City's need of a list, and for proof substantiating that list, is clear from the record in this case. Although BHU and its attorney, Mr. Prince, claim to represent all BHU members, the City has legitimateseveral reasons to doubt they can competentlyare empowered to do so. *To*

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 5

1  ~~begin~~*First*, at the time of the June 10, 2025 hearing, BHU stated that there were 19 pending
2  ADA accommodation requests ~~at the time of the June 10, 2025 hearing~~. However, in Plaintiff's
3  Position statement above, BHU now claims there are 21 such individuals. BHU makes no
4  attempt to explain or even acknowledge this ~~contradiction~~inconsistency. *Second*, BHU claims
5  that Frank Moore is a BHU member, but Frank Moore is also a *pro se* plaintiff in this action.
6  Since the initiation of this lawsuit, the City has not heard from Mr. Moore personally or through
7  his attorney regarding the status of his participation in this lawsuit. While Mr. Prince has made
8  references to representing Mr. Moore, he has not filed a notice of appearance on his behalf.
9  Because the prior two individual plaintiffs, Bouchard and Johnson, were represented by separate
10 counsel, the City cannot simply conclude that BHU or Mr. Prince represents anyone who BHU
11 may have filed an ADA accommodation request for.  ~~T~~This ~~e~~ is especially true because the only
12 communication the City has received on behalf of Mr. Moore are emails from BHU
13 Representative Yesica Prado, but Mr. Moore was neither included in those emails nor is there
14 evidence of his continued participation in the ADA accommodation process.[1] ~~who has not filed
15 anything with the Court since the initial complaint and motion for temporary restraining order.
16 BHU fails to explain on what basis its attorney can represent Mr. Moore's interests in this
17 litigation when he has not entered his appearance on Mr. Moore's behalf. The other two *pro se*
18 plaintiffs, Adrien Bouchard and Nicholas Johnson, are also purportedly BHU members. As the~~

---

[1] As stated in the June 10 hearing, the vast majority, if not the entirety, of the City's ADA interactive process with residents of the Harrison Corridor has been via email with BHU Representative Mr. Prado without meaningful participation by the individual members or reason why they are unable to participate.

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 6

Court is aware, they obtained separate counsel and resolved their claims with the City independently of BHU or Mr. Prince. A fourth supposed BHU member, Rufus White, has a pending ADA accommodation request, but since the filing of this action he has been placed in permanent housing. BHU has offered no clarity as to whether it considers Rufus White's accommodation request mooted, resolved, or still pending.

Somewhat relatedly, it is clear from the Court's order that it does not apply to accommodation requests made by anyone residing outside the Harrison Corridor, as that term is defined in the Public Notices the City posted ordering encampment closures. There is no government service or program in play outside that geographic area because the order to vacate that gave rise to this lawsuit was geographically limited. The limited injunction obviously does not apply to someone not subject to the City's action.

As the foregoing demonstrates, the scope of the injunction is clear. The only ambiguity arises from BHU's failure to provide ~~proof~~ a list of the individuals, supported by evidence, to whom it applies. The City respectfully requests the Court decline to rewrite the current injunction.

**B.  Serial Motions for Clarification Should Be Prohibited**

Following the Court's order on BHU's motion for preliminary injunction, the City, Mr. Prince and Ms. Prado participated in an in-person meeting to discuss the implementation of the Court's order. The parties discussed a potential framework for the 60-day period. Mr. Prince appeared to initially oppose a number of proposed protocols and stated he would provide his position by the end of the day on June 13, 2025. As of the date of this writing, he has only identified this single issue for which he seeks clarification. Because the City wishes to preserve

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7

both the parties and judicial resources, ~~Finally, the City also notes that BHU has identified a single issue for which it seeks clarification. As such,~~ the City respectfully ~~suggests~~requests that BHU should not be allowed to ~~launch further piecemeal attacks through subsequent requests~~file serial requests for clarification.

      Respectfully submitted,

**[ADD SIGNATURE BLOCKS FOR THE UNION AND THE CITY]**

JOINT ADMINSTRATIVE MOTION REQUESTING CLARFICATION OR MODIFICATION REGARDING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 8