UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al., <br> Plaintiffs, <br> v. <br> CITY OF BERKELEY, et al., <br> Defendants. | Case No. 25-cv-01414-EMC <br><br> **ORDER DENYING PLAINTIFF BERKELEY HOMELESS UNION'S EX-PARTE APPLICATION TO ENFORCE PRELIMINARY INJUNCTION AND HALT SEPTEMBER 15 ABATEMENT** <br><br> Docket No. 135 |

The Court held a hearing on Plaintiff Berkeley Homeless Union's ("BHU") emergency motion to enforce the preliminary injunction and halt Defendant City of Berkeley's ("Berkeley") September 15, 2025 abatement. Having considered the parties' submissions and arguments, the Court rules as follows.

## I.     SEPTEMBER 15, 2025 ABATEMENT

At the hearing, Berkeley represented that the only abatement activity it intends to undertake in connection with its September 8, 2025 notice is limited to the **east side of Eighth Street between Harrison Street and Codornices Creek** as stated therein. Berkeley's public notice was provided only to residents within the east side of that one block geographic zone.

Accordingly, Berkeley may proceed with clearing that limited portion of the indicated block. However, the Court orders that any persons listed in Exhibit B to the Declaration of Yesica Prado (submitted in support of Plaintiffs' Ex Parte Application) (see Ex. B, Dkt. 135-1), if they are found to reside in the affected block shall not be moved pending further order of the Court. If there is a dispute as to whether Berkeley's actions pursuant to the notice it gave affect any of the individuals listed in Exhibit B, the parties shall promptly notice an emergency hearing to this

Court for resolution.

With respect to the Harrison Street corridor areas outside the limited portion of the east side of Eighth Street between Harrison and Codornices Creek, Berkeley remains bound by the Court's June 10, 2025 Order, (Dkt. 104), including the requirement of providing at least one week's notice before undertaking any abatement action.

## II.     BRIEFING ON ADA INTERACTIVE PROCESS

The parties are directed to brief the following issue: whether an individual claiming ADA accommodations is entitled to an in-person interactive process, as opposed to a process conducted telephonically, by videoconference, or through other means.

BHU shall file its brief by September 17, 2025. Berkeley shall file its responsive brief by September 19, 2025.

## III.    MOTION TO EXPAND LIST OF PROTECTED INDIVIDUALS

BHU may file a motion by September 22, 2025 to include additional individuals beyond the eight that Berkeley concedes are protected by the preliminary injunction with respect to the interactive process under the ADA. Any such motion must be supported by **admissible evidence** demonstrating that the individuals submitted requests for reasonable accommodations and resided (or should be treated as resided) in the affected area as of June 10, 2025 the date of this Court's injunction.

Berkeley may file its response by October 6, 2025. The Court will thereafter determine whether to resolve the matter on the papers or to hold an evidentiary hearing.

## IV.    STATUS OF ADA INTERACTIVE PROCESS

With respect to the eight individuals whom Berkeley acknowledges are entitled to preliminary-injunction protection and participation in the interactive process, the parties shall complete the interactive process no later than October 31, 2025.

By that date, the parties shall file a joint statement identifying the status of the interactive process and each party's last and best position regarding accommodations for each of the eight individuals.

///

**IT IS SO ORDERED**.

Dated: September 12, 2025

_____
EDWARD M. CHEN
United States District Judge