Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Marc Shapp, Deputy City Attorney (State Bar No. 266805)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
Nubyaan Scott, Deputy City Attorney (State Bar No. 331584)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: LMattes@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE, RASHI KESARWANI, DOES 1-10,<br><br>Defendant. | Case No. 3:25-CV-01414-EMC<br><br>**DECLARATION OF LAURA IRIS MATTES IN SUPPORT OF CITY OF BERKELEY'S OPPOSITION TO PLAINTIFF'S BRIEF ON INTERACTIVE PROCESS MEETINGS**<br><br>**Judge:** Hon. Edward M. Chen |

I, Laura Iris Mattes, declare as follows:

1. I am an attorney duly admitted to practice law before the courts of the State of California and an attorney of record for Defendants City of Berkeley, Thomas Gregory, Paul Buddenhagen, Peter Radu, Okeya Vance-Dozier, and Rashi Kesarwani in the above-captioned action entitled Berkeley Homeless Union, et al. v. City of Berkeley, Thomas Gregory, Paul Buddenhagen, Peter Radu, Okeya Vance, Rashi Kesarwani, and DOES 1 through 10, Case No. 3:25-CV-01414-EMC, now pending before the United States District Court, Northern District of California. I have personal firsthand knowledge of the facts set forth herein and if called as a witness I could and would testify competently to the truth of the facts set forth in this declaration.

2. Throughout the course of this litigation, I have exchanged numerous emails with BHU's counsel of record Anthony Prince.

3. On June 10, 2025 Mr. Prince contact me and my co-counsel, Marc Shapp, to beginning the meet and confer discussions. A true and correct copy of that correspondence is attached as **Exhibit A**.

4. On June 12, 2025, Gloria Knudson, Judge Ilman's CRD, confirmed that Judge Illman would not participate in the parties' interactive process discussions absent mutual agreement. A true and correct copy of that correspondence is attached as **Exhibit B**.

5. On June 16, the City provided Mr. Prince a copy of its portion of a joint discovery dispute as to the scope of the Court's limited injunctive relief. A true and correct copy of that correspondence is attached as **Exhibit C**. Mr. Prince never proceeded with filing the dispute despite it being fully briefed.

6. On June 23, the City exchanged correspondence to agree upon a framework for the interactive process discussions. On this same chain, Mr. Prince also attempted to schedule the first interactive process meetings, only to cancel them the day before they were set to begin. A true and correct copy of that correspondence is attached as **Exhibit D**.

7. On July 18, 2025 during an in-person meeting with Lewanda Parnell, Ms. Parnell threatened to drown me while making it seem like a suicide. Specifically, she said, "Say we, why don't I take you out there with me and put you in the water, and you commit suicide with me?" When I attempted to address the seriousness of the statement with those present, BHU representatives immediately dismissed my concerns and denied that the comment even occurred.

8. I was deeply disturbed and impacted by the threat Ms. Parnell made against me. It makes me fear for my personal safety while performing my job duties and in other situations where I may come into contact with Ms. Parnell. As a result, I filed a police report with the Berkeley Police Department. A true and correct copy of that report is attached as **Exhibit E**.

9. On July 21, I sent Mr. Prince an email recounting the in-person meeting with Lewanda Parnell that lead to a threat against my life. I asked Mr. Prince to instruct all BHU members that they should not threaten me or other City staff. Mr. Prince has not agreed to do so and has instead consistently stated that the threat was fabricated or inflated. Which is surprising given he was not present during the meeting. A true and correct copy of that report is attached as **Exhibit F**.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 19, 2025, in Berkeley, California.

*Laura Iris Mattes*
LAURA IRIS MATTES

# EXHIBIT A

**From:** Mattes, Laura Iris
**To:** Anthony Prince
**Cc:** Brown, Farimah F.; Scott, Nubyaan; Stephens, Sara; Shapp, Marc; De Genova, Haley; Madagu, Ashley M.
**Subject:** Re: Meet and confer on Disability Accommodations
**Date:** Friday, June 13, 2025 5:45:54 PM

Mr. Prince,

This email responds to some of the topics discussed in this afternoon's meeting:

1. The City does not agree to forestall implementation of Judge Chen's order allowing the City to abate the Harrison Corridor as to individuals not covered by the limited preliminary injunction. As an initial matter, we think the order plainly states that it covers only those individuals that were "currently residing in the Harrison Corridor" at the time he issued the order from the bench. Furthermore, our records reflect that there are individuals currently in the Harrison Corridor who have not submitted any written ADA requests related to the abatement action. Therefore, there is no doubt that the order does not cover these individuals and the City is free to notice their intended removal. As such, the City does not agree to a wholesale or blanket delay of its abatement action pending your intended motion for reconsideration..
2. You stated that Homeless Response Team ("HRT") staff should not be allowed to talk with any BHU members because that would constitute a potential violation of the Court's order. You requested that we provide you with the entire list of services that our HRT provides or topics of conversation they may have with Harrison Corridor members. As we've stated in our briefs, the HRT is a multi-departmental team that involves staff from Neighborhood Services, Public Works, Fire, Police, Legal, etc. It is not feasible or practicable provide you with an exhaustive list of all potential matters or conversation topics covered by this team. As we stated, we intend to comply fully with Judge Chen's order. Staff will not have any ADA accommodation related conversation regarding the abatement of the Harrison Corridor with individuals who were residing at the encampment at the time the order issued without Mr. Prince or a BHU representative's participation. If a disability related issue is flagged during City staff interactions, it will be redirected through the necessary channels.
3. You represented that a dumpster has been removed from the Harrison Corridor and ordered us to tell City staff to return it. You stated that its removal was a violation of the Court's order. You did not provide the specific location of the dumpster or the time/date it was removed. We have discussed with staff and have determined that a dumpster that was within the Harrison Corridor area was removed during the June 4 abatement action prior to the judge's order halting that action. As such, we do not believe the dumpster, or its removal, is subject to the court's order.
4. You stated you would provide us a list of all Harrison Corridor residents who submitted written ADA accommodations. You indicated that you would mark whether these individuals resided at the encampment at the time of the Court's order or not. Please let us know when we can receive that information. Again we ask that this list be sworn under oath or supported by documentation.

Separately, you stated you would let us know by the end of the day whether you believe individuals who are subject to the one-week notice provision should be given an opportunity

to conduct their own ADA process. As we stated, we believe the judge's order squarely negates that position by allowing for a one week notice provision without further qualifications.

Iris

---

**From:** Mattes, Laura Iris
**Sent:** Thursday, June 12, 2025 12:35:17 PM
**To:** Anthony Prince <princelawoffices@yahoo.com>
**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>
**Subject:** RE: Meet and confer on Disability Accommodations

Mr. Prince,

Great, please be prepared to sign in and show ID at the front desk. For the sake of clarity, we reiterate that the primary purpose of the meeting tomorrow is to discuss the framework set out in my 2:53pm email yesterday and will not involve a discussion of anyone's individual ADA requests until we have come to a mutual understanding of who that population is.

To inform our discussion, I will attempt to respond to the other points raised in your 9:45am email this morning.

First, the City strongly denies that it has engaged in the interactive process with BHU members without a union officer or legal counsel present. As I stated in my email below, City staff conduct non-ADA related outreach and provide numerous non-ADA related services that require interaction with unhoused residents. Conducting these services is outside the scope of Judge Chen's order and we understand your position is to allow these services to continue. As such, they will proceed as normal.

Second, with regard to the ADA interactive process, we reject your unsupported representation that "every person who submitted a formal application for accommodations is a member of the BHU." This is a baseless assertion that goes far beyond the bounds of Judge Chen's order. First, you do not have firsthand knowledge of all accommodation requests received by the City. Second, even setting aside any disagreements we may have about the details of Judge Chen's order, there is no basis to conclude that his order empowers BHU to represent the interests of anyone beyond the members residing in the Harrison Corridor. Furthermore, the order is limited to those that were "currently residing" there at the time Judge Chen's announced his decision from the bench. **Accordingly, we again request that prior to our meeting you provide us a list of BHU members who were present at the Harrison encampment on June 10 at 12:00pm. That list should be supported by documentation or sworn under oath.**

Regards,
Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Thursday, June 12, 2025 11:44 AM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** RE: Meet and confer on Disability Accommodations

We'll discuss this all tomorrow. 12 pm to 1 pm.

Yahoo Mail: Search, Organize, Conquer

On Thu, Jun 12, 2025 at 10:40 AM, Mattes, Laura Iris <LMattes@berkeleyca.gov> wrote:

> Dear Mr. Prince,
>
> With Ms. Knudson included on this chain, I will respond to the limited issue regarding Judge Illman's involvement.
>
> The portion of the order you quoted below is inapplicable to this circumstance. The parties' meeting tomorrow is to discuss the framework of the ADA process and not as to anyone's individual claims for accommodation. Furthermore, the order does not *require* the participation of Judge Illman in any aspect of the parties' discussions, it simply notes his availability. That being said, the City is not objecting to requesting the assistance of Judge Illman in the future if the parties mutually agree.
>
> The City believes Judge Chen clearly stated that he would not order the parties to engage with Judge Illman absent a joint stipulation or mutual consent. Your insistence otherwise is concerning. To the extent you believe that Judge Chen ordered differently, you are welcome to provide us your portion of a joint motion to the court on this issue and we can include ours.
>
> As to the remaining aspects of your email, I will respond to them separately without the need to involve Ms. Knudson. Thank you Ms. Knudson for your time and apologies for this disturbance.
>
> Regards,
>
> Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Thursday, June 12, 2025 9:47 AM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>; Gloria Knudson <gloria_knudson@cand.uscourts.gov>; Andrea Henson <ahenson@wdwg.org>; Yesica Prado <yesica.prado13@gmail.com>; Robbie .Powelson <robbiepowelson@gmail.com>
**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>
**Subject:** Re: Meet and confer on Disability Accommodations

I have not violated any the Court's order which reads, "On an emerging basis, Judge Robert Illman is available to mediate individual claims for accommodations." The Union is going to avail itself of his assistance and if the City is going to be uncooperative, we will respond as necessary. There is nothing in the Order that requires both parties to agree on whether he will be involved.

In any case, I reached out to Judge Illman this morning to determine his availability as I informed you yesterday I would. If the City is now opposed to his involvement, the City should have made that clear at the hearing or should now file a motion for clarification or modification of Judge Chen's order.

Judge Chen's Order found fault with the City's approach to the interactive process and continues to do so. Specifically, the City, since the Order, has sent employees into the encampment and talked to individual Union members without a Union official or legal counsel present to represent and assist these members in the interactive process. The Court found that the Union satisfies the elements to show associational standing and we are not going to permit the City to disregard that finding. The Union and its legal counsel are going to protect our members' legal rights in every aspect and stage of this process.

As for your other demands, we will discuss them tomorrow. If and when I hear back from Judge Illman as to his availability I will let you know what time we will meet tomorrow. Whether or not he participates, we will go forward with that meeting.

Of course, police and fire personnel are permitted to interact with camp residents if there is legitimate safety issue and other City personnel can continue to pick up the garbage and maintain facilities. What is not acceptable, at least until we meet and work out clear guidelines, is City personnel having direct discussions with individuals regarding disability accommodations.

Finally, every person who submitted a formal application for accommodations is a member of the BHU. We will discuss this and other issues tomorrow.

Anthony Prince,

Attorney for BHU

On Thursday, June 12, 2025 at 08:34:03 AM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Mr. Prince,

Judge Chen made very clear at our hearing this week that he will not require the use of Judge Illman unless both parties agree. You have now gone ahead and contacted Mr. Illman without our consent. This is inappropriate and further violations of Judge Chen's order will be reported to the Court. We do not agree to his participation at this point.

In order to consider your request to cease all communications with BHU members at the Harrison Corridor, we need a list of those members ASAP. The City is not able to consider or effectuate your request without that information.

Separately, we also need to understand your position as to the framework we provided yesterday.

Regards,

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Wednesday, June 11, 2025 9:16 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** RE: Meet and confer on Disability Accommodations

I will see if Judge Illman is available for either of those times and let you know. He will likely join us via Zoom since he's up in Humboldt County. I'll otherwise respond to the questions in your email tomorrow morning. Thank you.

Yahoo Mail: Search, Organize, Conquer

On Wed, Jun 11, 2025 at 8:13 PM, Mattes, Laura Iris <LMattes@berkeleyca.gov> wrote:

> Dear Mr. Prince,
>
> We are happy to make ourselves available from 12:00-1:00pm or 2:00-3:00pm on Friday.
>
> To confirm, are you stating that no City staff can speak with any BHU member at the Harrison Corridor until we meet? As you know, City staff provide a number of services to Harrison Corridor residents, including trash collection and port-a-potty maintenance, and conduct activities to ensure that the City understands the location and needs of individual unhoused residents. The inability to communicate with any BHU member may present a hurdle in allowing these services to proceed. **If this is your position, which we do not agree with, please immediately provide a list of all individuals you claim to be BHU members that reside the Harrison Corridor encampment (as these are the only individuals conceivably covered by the judge's order).** In addition, please note that the City will not honor your request insofar as it impairs the ability of the Police and Fire Departments or any emergency responders to operate as they deem necessary.
>
> Iris
>
> ---
>
> **From:** Anthony Prince <princelawoffices@yahoo.com>
> **Sent:** Wednesday, June 11, 2025 5:04 PM
> **To:** Shapp, Marc <MShapp@berkeleyca.gov>; Mattes, Laura Iris <LMattes@berkeleyca.gov>
> **Cc:** Robbie .Powelson <robbiepowelson@gmail.com>; Yesica Prado <yesica.prado13@gmail.com>; Brown, Farimah F. <FBrown@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M.

<ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>
**Subject:** Re: Meet and confer on Disability Accommodations

I would like to schedule a face to face meeting at City Hall to discuss your proposal. I am unavailable tomorrow, but during the day Friday, June 13, I am available. There must be no interaction by City personnel with individual members until we meet and agree on how the process will work, going forward. In addition, as I pointed out in the hearing, persons involved in the interactive process have a right to be represented at every stage. Judge Chen ruled that the Union has associational standing and we are going to proceed accordingly. Also, I will be reaching out Judge Illman, who has been designated for this purpose.

Anthony

On Wednesday, June 11, 2025 at 02:53:10 PM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Dear Mr. Prince,

In accordance with Judge Chen's minute order, the City proposes the following framework to guide our discussions:

1. The City will continue to engage in interactive process discussions with BHU members who have pending ADA requests and who were residing in the Harrison Corridor at 12:00pm on June 10 (the approximate time of the Court's ruling during the hearing). To effectuate this, the City requests a list of BHU members residing in the Harrison Corridor at that time. The list needs to be supported by documentation or sworn under oath to ensure accuracy.
2. The City will engage with Mr. Prince regarding the pending ADA requests by individuals covered by #1.
3. The TRO has dissolved as to all other Harrison Corridor residents who are not covered by #1, subject to the notice requirements.
4. Prior to conducting the abatement action and effectuating the no lodging prohibition, the City will provide one week notice. In accordance with the Court's ruling, the notice will not inform individuals of the right to submit ADA request as the City is not expected to restart the ADA process with individuals who had not previously submitted requests.

5. If the City requests documentation to support the ADA requests by individuals referenced in #1, Mr. Prince will provide that documentation in 30 days or less to allow the parties sufficient time to engage in further interactive process discussions within the 60 day period provided by the Court.
6. Mr. Prince must inform BHU members that City staff are permitted to engage with Harrison Corridor residents as necessary to carry out their duties and provide City services as normal.

Please let us know if you want to get on a call or have any concerns. If not, we await receipt of the information requested in #1. We request that the information be provided by the end of the week as to not delay our discussions.

Regards,

Iris

---

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Tuesday, June 10, 2025 4:19 PM
**To:** Shapp, Marc <MShapp@berkeleyca.gov>; Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Cc:** Robbie .Powelson <robbiepowelson@gmail.com>; Yesica Prado <yesica.prado13@gmail.com>
**Subject:** Meet and confer on Disability Accommodations

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

I want to set a time tomorrow for us to meet and confer, as Judge Chen indicated, about the disability accommodations process. I am available any time after 10 am.

Please let me know what works best for you.

Thank you,

Anthony

# EXHIBIT B

**From:** Gloria Knudson
**To:** Mattes, Laura Iris; Anthony Prince
**Cc:** Shapp, Marc; Andrea Henson; Yesica Prado; Robbie .Powelson; Brown, Farimah F.; Stephens, Sara; Scott, Nubyaan; Madagu, Ashley M.; De Genova, Haley
**Subject:** RE: Berkeley Homeless Union v. City of Berkeley Case No. 3:25-cv-01414-EMC
**Date:** Thursday, June 12, 2025 9:12:48 AM

---

Good morning:

Given this communication, Judge Illman will not participate at this time.

Thank you.

Gloria Knudson
CRD to Honorable Robert M. Illman
United States District Court, Northern CA
Eureka Division

---

**From:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Sent:** Thursday, June 12, 2025 8:39 AM
**To:** Anthony Prince <princelawoffices@yahoo.com>; Gloria Knudson <Gloria_Knudson@cand.uscourts.gov>
**Cc:** Shapp, Marc <MShapp@berkeleyca.gov>; Andrea Henson <ahenson@wdwg.org>; Yesica Prado <yesica.prado13@gmail.com>; Robbie .Powelson <robbiepowelson@gmail.com>; Brown, Farimah F. <FBrown@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>
**Subject:** RE: Berkeley Homeless Union v. City of Berkeley Case No. 3:25-cv-01414-EMC
**Importance:** High

**CAUTION - EXTERNAL:**

Dear Ms. Knudson,

Mr. Prince did not receive our consent to reach out to Judge Illman on our behalf. The presiding judge in this matter, Judge Chen, has made clear that the involvement of Judge Illman must come at the mutual consent of parties. We respectfully request that this communication not be forwarded to Judge Illman and that any further action at the behest of Mr. Prince be done with the express consent of all parties.

Regards,
Iris Mattes
Attorney for the City of Berkeley

---

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Thursday, June 12, 2025 8:28 AM

**To:** Gloria Knudson <gloria_knudson@cand.uscourts.gov>
**Cc:** Shapp, Marc <MShapp@berkeleyca.gov>; Mattes, Laura Iris <LMattes@berkeleyca.gov>; Andrea Henson <ahenson@wdwg.org>; Yesica Prado <yesica.prado13@gmail.com>; Robbie .Powelson <robbiepowelson@gmail.com>
**Subject:** Berkeley Homeless Union v. City of Berkeley Case No. 3:25-cv-01414-EMC

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Ms. Knudson: I would appreciate if you could forward the following message to Judge Illman:

Judge Illman: I have met and conferred with counsel for the City of Berkeley and we have agreed to meet tomorrow, Friday, June 13, 2025 in person at Berkeley City Hall for the purpose of making an agreement regarding the interactive process to determine reasonable disability accommodations for those protected by Judge Chen's Order.

The City has offered either 12:00 pm - 1:00 pm or 2:00 pm - 3:00 pm for tomorrow's meeting. I realize this is very short notice, but if there is anyway that you could attend via Zoom or telephone at either of those times for this initial meeting it would be very helpful. If not, we would like to know your availability next week via Zoom or, preferably, if you are able to travel to the Bay Area for an-person meeting. For the Union's part, we believe, as with previous cases, that your physical presence in an in-person meeting with counsel and the parties would be best.

If you are not available tomorrow, we will go ahead with the meeting and report the results to you, particularly if there is disagreement over how to proceed.

Please let us know as soon as possible what will work best for you both in terms of tomorrow and next next week.

Thank you,
Anthony Prince,
Attorney for Plaintiffs

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT C

**From:** Mattes, Laura Iris
**To:** Anthony Prince
**Cc:** Brown, Farimah F.; Shapp, Marc; Stephens, Sara; Scott, Nubyaan; Madagu, Ashley M.; De Genova, Haley
**Subject:** RE: Joint Admin Motion
**Date:** Monday, June 16, 2025 5:30:00 PM
**Attachments:** DRAFT Joint Administrative Motion for Clarification of PI + Defs Position.docx

Mr. Prince,

See attached for the joint motion with our tracked changes. You have our authority to file this motion as is. If you make any further changes please track those changes and send it back to us for our further review. You do NOT have our permission to file the document if you make further changes without our consent.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Monday, June 16, 2025 2:04 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>
**Subject:** Re: Joint Admin Motion

Ms. Mattes: You don't need to tell me about the local rules. It is now 2:00 pm. If you have something to send me, please send it. I don't understand why the City would need a separate "portion": If the draft I sent does not state clearly what both sides wish the court to clarify, please make whatever changes you propose and send it along.

On Monday, June 16, 2025 at 01:48:17 PM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Mr. Prince,

Our intention to provide our portion of the joint motion was stated clearly in my last email. We intend to provide that by the end of the day. Any attempt to file a joint statement without our consent is prohibited by the local rules and will be noted to the Court in our responsive filing if it occurs.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Monday, June 16, 2025 12:54 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>

**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>
**Subject:** Re: Joint Admin Motion

The Joint motion would be a straightforward request for clarification. I am not going to agree to anything else and I'm not asking you to agree to anything else. You've already stated your position and filed an opposition to having a settlement conference and a motion to dismiss. If you send me a written version of what you consider to the be the protocol, including what we discussed and seemed to agree on, and hopefully we'll have the protocol.

I will give you til 2:00 pm to send my draft back with whatever changes, etc. you need to make, if any, or tell me that you don't want to file a Joint motion and we'll proceed accordingly.

Anthony

On Monday, June 16, 2025 at 10:54:09 AM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Mr. Prince,

Because prior correspondence gets lost when you start a new thread instead of replying to our prior one, I have attached our prior thread to this email and pasted my response below:

*Since you sent this to me after business hours on Friday, I have not had a chance to review it in detail. But can you confirm that this is the only clarification you intend to seek and otherwise agree with the protocol we discussed on Friday? We provided our position as to the outstanding items as promised by EOD on Friday (email sent at 5:46pm). You also stated you would provide your position as to outstanding items by EOD on Friday. Because we have not received anything other than this draft motion, we understand this to be the only issue in dispute.*

***

As you can see, I asked you to confirm whether this the only issue you intend to seek clarification on? **We intend to provide our portion of the joint motion and do not consent to have you file the motion without our input.** However, in order to ensure we address all the potential disagreements in one motion we have asked you to confirm if we are in agreement as to the other topics we discussed on Friday. You said you would give us that by EOD of Friday but have not. **Please provide that confirmation by 11:00am TODAY or we will conclude this is the only area we are in disagreement about and proceed accordingly.**

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Monday, June 16, 2025 10:10 AM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** Joint Admin Motion

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

What is the status of the Joint Admin Motion? I asked you make whatever changes and send it back to me. Based on the messages you've sent since we met on Friday, it appears the City is not interested in filing it. If I don't get it back, or don't hear from you by noon today, I will assume that to be the case and we will proceed accordingly.

As far as the list, we are going through to finalize it and will have it to you today in any case.

I will respond later to the various issues you've raised and will send our proposal, some of which we covered Friday, as to how this process should go forward.

Anthony

Mr. Prince,

Since you sent this to me after business hours on Friday, I have not had a chance to review it in detail. But can you confirm that this is the only clarification you intend to seek and otherwise agree with the protocol we discussed on Friday? We provided our position as to the outstanding items as promised by EOD on Friday (email sent at 5:46pm). You also stated you would provide your position as to outstanding items by EOD on Friday. Because we have not received anything other than this draft motion, we understand this to be the only issue in dispute.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Friday, June 13, 2025 5:11 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** Draft Joint Admin Motion

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Although we may make changes to the attached Draft, we wanted to go ahead and give you an opportunity to review and make changes, etc.

thank you

# EXHIBIT D

**From:** Mattes, Laura Iris
**To:** "Anthony Prince"
**Cc:** Shapp, Marc; Scott, Nubyaan; Brown, Farimah F.; Gregory, Thomas
**Subject:** RE: Change in Schedule of Interactive Process Meetings
**Date:** Friday, July 11, 2025 4:31:00 PM

Mr. Prince,

This afternoon we met with Mr. White along with a number of BHU members and your colleague Robbie Powelson. The meeting was originally scheduled for 1 hour but it lasted for approximately 2.5 hours and Mr. White left about three fourths of the way through. During this meeting we were informed that the remaining individuals we were planning to meet with this afternoon were unable to attend.

As next steps:

1. We provided our position as to the requested accommodations for Mr. White. Specifically, as we had laid out in our emails with Mr. White, we offered packing and lifting services in order to facilitate his use of the City's storage facilities. We also offered an one week extension for his relocation to July 18. We await a response.
2. There are five other individuals who we have outstanding ADA accommodation emails to – Merced Dominguez, Erin Spencer, Eric Keiser, Shareef Muwakkil, Lewanda Parnell. We reiterate our availability to continue the interactive process by email. However, if you would like to hold in person meetings, we need their availability for 1 hour meetings from Monday to Friday from 9:00am-5:00pm. We would like all meetings to occur before July 18 to allow the parties sufficient time to complete the ADA process by the 60-day timeline (as was evident in today's meeting, the parties require additional follow up after the meeting occurs). Please provide us with their availably ASAP or your agreement to proceed via email.

Iris

---

**From:** Mattes, Laura Iris
**Sent:** Friday, July 11, 2025 11:11 AM
**To:** 'Anthony Prince' <princelawoffices@yahoo.com>
**Cc:** Shapp, Marc <MShapp@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Brown, Farimah F. <FBrown@berkeleyca.gov>; Gregory, Thomas <TGregory@berkeleyca.gov>
**Subject:** RE: Change in Schedule of Interactive Process Meetings

Hi Anthony,

I am following up to understand which BHU member will attend each of the three time slots this afternoon? This information is necessary for us to be prepared for the meeting and bring the necessary information. Please remember to have everyone bring their IDs and check in with security when you arrive. If that will be an issue and we can try to meet you downstairs.

Also, can you confirm whether Erin Spencer and Eric Keiser will attend on Monday?

Iris

---

**From:** Mattes, Laura Iris
**Sent:** Thursday, July 10, 2025 2:48 PM
**To:** Anthony Prince <princelawoffices@yahoo.com>
**Cc:** Shapp, Marc <MShapp@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Brown, Farimah F. <FBrown@berkeleyca.gov>; Gregory, Thomas <TGregory@berkeleyca.gov>
**Subject:** RE: Change in Schedule of Interactive Process Meetings

Anthony,

So that we can be prepared for each meeting, can you let us know the timing for each person? As a reminder, we had proposed 1:00pm, 2:30pm and 4:00pm.

Also, when do you think you can confirm for Monday? We offered 9:00am and 10:30am.

Iris

---

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Thursday, July 10, 2025 2:37 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Cc:** Shapp, Marc <MShapp@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Brown, Farimah F. <FBrown@berkeleyca.gov>
**Subject:** Re: Change in Schedule of Interactive Process Meetings

Tomorrow's meetings will be with Austin White, Shareef Muwakkil and Lewanda Parnell.

Please remember that in addition to any individual recordings participants wish to make, the City agreed to record the proceedings and make said recording available to both parties.

Thank you,
Anthony

On Thursday, July 10, 2025 at 01:19:54 PM PDT, Mattes, Laura Iris <lmattes@berkeleyca.gov> wrote:

Mr. Prince,

We have not heard back from you as to your or BHU members' availability despite rescheduling our prior round of in-person meetings at your last minute request to accommodate the medical professional's availability. We request confirmation by 3:00pm today as to who is available for the slots we provided. We understand that coordinating the personal appearance of all of the people you contend are necessary may be difficult, that this is a condition you have unilaterally imposed on the interactive process If you are unable to move forward in person with at least five individual BHU members by next Friday, July 18, we will proceed with the

interactive process via email as scheduling in-person or Zoom meetings has proven infeasible.

Iris

Get Outlook for iOS

---

**From:** Mattes, Laura Iris
**Sent:** Thursday, July 3, 2025 8:57:10 AM
**To:** Anthony Prince <princelawoffices@yahoo.com>
**Cc:** Shapp, Marc <MShapp@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Brown, Farimah F. <FBrown@berkeleyca.gov>
**Subject:** RE: Change in Schedule of Interactive Process Meetings

Mr. Prince,

The City has made its position clear both on the substance and process of the ADA discussions in numerous emails. We understand you may disagree, but that does not change our position.

With that said, we have offered five slots for either in-person or Zoom meetings with the five BHU members I referenced in my prior email. We now await your confirmation as to who is available for those slots.

Iris

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Wednesday, July 2, 2025 7:31 PM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** RE: Change in Schedule of Interactive Process Meetings

We are not going to have an arms length "interactive" process by email. We have agreed on in-person meetings and neither side is going to foreclose in advance what will be discussed so long as it falls within what the Court has ordered and what the law requires.
Per the proposed change in the schedule we will provide the names of the individuals for each time slot in advance of the new start date of July 11.
Please confirm.
Thank you.

Yahoo Mail: Search, Organize, Conquer

On Wed, Jul 2, 2025 at 6:11 PM, Mattes, Laura Iris

<LMattes@berkeleyca.gov> wrote:

Mr. Prince,

I've attached my last correspondence with you on this topic in order to create consistency in our communications. There are a few inaccuracies in your email below.

First, as I have said repeatedly, obtaining shelter (including motel stays) is not a reasonable accommodation under the ADA. Shelter availability is managed by our Homeless Response Team ("HRT"). If BHU members are interested in exploring shelter offers, we encourage you or BHU members to reach out to the HRT.

Second, the settlement with Johnson and Bouchard is a public document (see attached). This agreement specifically states that it does not reflect the parties obligations under the ADA and it is not to be relied on in any future ADA process. In other words, the relief provided to Johnson and Bouchard is unique to the circumstances of the litigation and does not reflect what the City believes to be a reasonable accommodation required under the ADA.

Third, you had suggested we have in-person meetings and I did not oppose that request but I noted that the parties have a 60-day timeline in which to complete the interactive process. Therefore, I stated that if we are not able to have the in-person meeting within two weeks of the initial attempt to schedule them, including potential no-shows, that we would continue the interactive process through other means.

Lastly, I am not sure which "14 people" you are referencing below. We agreed to proceed with the eight "Verified" individuals I had noted in my prior correspondence. Of those, we have reached out to five of those people – Eric Keiser, Erin Spencer, Austin White, Shareef Muwakkil, Lewanda Parnell. We had proposed <u>one hour</u> in-person or Zoom meetings with those folks for tomorrow which you canceled this morning. We propose the following schedule as an alternative, with each meeting limited to one hour:

Friday, July 11 - 1:00-2:00pm / 2:30-3:30pm / 4:00-5:00pm

Monday July 14 – 9:00-10:00am/ 10:30-11:30am

If you cannot proceed in a reasonable timeframe that will allow us to be compliant with the Court's order, the City will proceed with the interactive process using the significant amount of information we already have, which would allow us to both balance the responsibilities of complying with the Court's ordered timeline and addressing the remaining reasonable accommodation requests in the emails you have been provided.

Iris

---

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Wednesday, July 2, 2025 10:46 AM
**To:** Gregory, Thomas <TGregory@berkeleyca.gov>
**Cc:** Mattes, Laura Iris <LMattes@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>
**Subject:** Change in Schedule of Interactive Process Meetings

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Mr. Gregory: It will be necessary to reschedule tomorrow's tentatively scheduled interviews. Olivia deBree, Nurse Practitioner and Associate Medical Director for Lifelong Medical Care, who, as you know, has already been involved in a number of the cases and knowledgeable about both the particular disabilities and the reasonable accommodations process, is not available to be present. However, she is available as follows:

Friday, 7/11, 1:00 pm on.

Monday, 7/14, 8:00 am until 12:00 noon.

Friday, 7/18, available all day

Monday, 7/21, 8:00 am until 12:00 noon

Friday, 8/1, available all day.

Assuming the interviews are scheduled two hours as we agreed, that would allow for at least 14 individuals.

In the interim, the Union will be reviewing the original applications, communications, emails, documentation, etc. between yourself and those covered by the Court order, meeting with the individual applicants and Associate Director deBree, other medical providers and researching potential reasonable disability accommodations.

For its part, in advance of the first interviews, we would like the City to provide more information on potential reasonable accommodations, including, for example, the city's policy regarding motel stays as you mentioned on our recent call and possible modifications and exceptions to vehicle, lodging, camping and other city codes such as the City made in settling the Johnson and Bouchard cases.

Please let me know as soon as possible if the proposed schedule works for the City.

Thank you,

Anthony

Mr. Prince,

As I have mentioned previously, starting a new chain instead of replying to the last pending email makes it difficult to have orderly conversations. In an effort to maintain continuity, I have attached our prior thread to this email. Per my proposal in my June 24 email, the City has sent out emails to four of the "verified" people to continue the interactive process discussion and propose an in-person meeting. Please respond to those emails with your availability.

Regards,

Iris

---

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Friday, June 27, 2025 10:41 AM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>
**Subject:** Interactive process meetings

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

We would like to begin the interactive process meetings next week, beginning with those persons both sides agree are covered by the Court's order. Please reply with dates that work for the City.

Thank you,

Anthony

Mr. Prince,

We look forward to your response. By way of update, we have confirmed that as of today, of the people on your list, only the people we have indicated below as "Verified" are living in Harrison Corridor (defined as "Harrison Street between 6th Street and 10th Street and on 8th Street from Gilman to Codornices Creek"). We have also included further relevant information in blue.

As we stated in our prior email, we will send an email to the verified people to continue the interactive process discussion and propose an in-person meeting within the next two weeks. To the extent BHU maintains the non-verified folks are subject to Judge Chen's order, we reiterate our request for a signed declaration under penalty of perjury from each person that states they were living in the Harrison Corridor, as defined above, on June 10 or other documentation that evidences that statement.

1. Brenda Bolares

2. Erin Spencer Verified

3. Felicia Avelina – No written ADA request received

4. Frank Moore

5. Janet Bright

6. Jermaine White

7. Justin Wilson

8. Lewanda Parnell. Verified

9. Merced Dominguez Verified

10. Ray Johnson Verified

11. Rufuse White – Lives in a leased apartment at least as of 5/2024 but needs to remove his remaining belongings in the Harrison Corridor

12. Vanessa Bichard - Sheltered at Berkeley Inn as of 12/2024

13. William Baird

14. Yesica Prado Verified

15. Austin White Verified

16.Shareef Muwakkil Verified

17. Eric Kaiser Verified

Iris

**From:** Anthony Prince
**Sent:** Tuesday, June 24, 2025 10:11 AM
**To:** Mattes, Laura Iris
**Subject:** RE: Tentative List of Camp Residents and Reasonable Accommodations Proposed Protocol

I've been out of town, returning this evening. Have read your additions, etc. Will reply tomorrow morning.
Thanks

Yahoo Mail: Search, Organize, Conquer

On Mon, Jun 23, 2025 at 12:41 PM, Mattes, Laura Iris

<LMattes@berkeleyca.gov> wrote:

Dear Mr. Prince,

See our response in line in red below.

Iris

---

**From:** Anthony Prince <princelawoffices@yahoo.com>
**Sent:** Friday, June 20, 2025 9:38 AM
**To:** Mattes, Laura Iris <LMattes@berkeleyca.gov>; Brown, Farimah F. <FBrown@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Madagu, Ashley M. <ACarter@berkeleyca.gov>; De Genova, Haley <HDeGenova@berkeleyca.gov>
**Cc:** Yesica Prado <yesica.prado13@gmail.com>; Gordon Gilmore <ggilmore462@gmail.com>; Andrea Henson <ahenson@wdwg.org>; Robbie .Powelson <robbiepowelson@gmail.com>
**Subject:** Tentative List of Camp Residents and Reasonable Accommodations Proposed Protocol

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

As of June 10,2025, there were 19 persons in the Harrison Corridor that had, as of April 25, 2025, submitted applications for reasonable accommodations. This includes those who were evicted or left under duress on June 4 but returned on or prior to June 10. (Adrien Bouchard and Nick Johnson were at the camp but, pursuant to the Settlement Agreement, are not part of the group protected by the Court order.) Thus, the total number for whom the interactive process must be conducted is 17. Your representation as to the individuals present at the Harrison Corridor on June 10 does not match the City's records. As a reminder, the Harrison Corridor is defined as "Harrison Street between 6th Street and 10th Street and on 8th Street from Gilman to Codornices Creek." This is the ONLY area subject to the City's abatement action at this time and therefore individuals residing outside this area are beyond the scope of Judge Chen's order.

We are willing to agree to proceed with the individuals the City has independently verified were living in the Harrison Corridor at that time (I have marked those people below). For everyone else, we request a signed declaration under penalty of perjury from each person that states they were living in the Harrison Corridor, as defined above, on June 10 or other documentation that evidences that statement. We request this documentation by June 27 to allow for the interactive process to be completed within the 60-day timeline.

Here are the names:

1. Brenda Bolares

2. Erin Spencer Verified

3. Felicia Avelina

4. Frank Moore

5. Janet Bright

6. Jermaine White

7. Justin Wilson

8. Lewanda Parnell. Verified

9. Merced Dominguez Verified

10. Ray Johnson Verified

11. Rufuse White

12. Vanessa Bichard

13. William Baird

14. Yesica Prado Verified

15. Austin White Verified

16.Shareef Muwakkil Verified

17. Eric Kaiser Verified

The Union proposes the following process for conducting the interactive process:

1. Individual in-person meetings will be held which shall include: 1. The resident; 2. Representative of the City; 2. Representative of the Union; 3. Potential housing/shelter providers; 4. Medical, health and safety, case manager, care providers, support personnel, persons with expertise in disability accommodations and; 5. Any others determined to be able to assist the process. We do not oppose your request to have the resident and BHU union representative present. The City will determine who is best suited to attend on its behalf. However, we reiterate that

housing/shelter is not reasonable accommodation under the ADA and therefore no housing or shelter provider will be present. Residents who are interested in housing must reach out to the Homeless Response Team directly.

2. The meetings will be initially scheduled for 60-90 minutes and will take place at City Hall or at a different, mutually agreed upon location. We agree to an initial 60 minute in-person meeting that will occur during business hours Monday-Friday. The meetings will start promptly at the indicated hour and end after the allotted time. The City will reach out via email to Yesica Prado to request the resident's and BHU's availability for a meeting within the two weeks following the email asking for availability. Judge Chen has given the parties 60 days to complete an interactive process that has already gone on for several months. Therefore, if the parties cannot agree on mutual availability within 14 days of the initial outreach or the resident fails to attend the scheduled meeting, the interactive process will continue via other means to meet the 60-day deadline.

3. All meetings will be audio and video-recorded with the recordings provided to the City and the Union. The Union, the City and the Resident may also make their own recordings. No objection.

4. All persons in attendance will be entitled to whatever reasonable accommodations are required to ensure full participation and understanding of the discussions. The City will agree to abide by the ADA, as always, but makes no further agreement at this time.

5. To the extent possible, persons with information -- such as, for example, regarding the nexus between an individual resident's disability and the need for a particular accommodation -- shall appear either in person, Zoom or telephone at the meetings as needed. If unavailable, persons with information essential to the process will be asked to provide said information in writing to both the Union and the City. We understand this to mean that all requested nexus information will be provided prior to the meeting or the healthcare professional will attend the meeting remotely.

5. Agreed-upon reasonable accommodations shall be reduced to writing and signed by a representative of the City, the Union and the individual resident receiving the accommodation(s). No objection

6. Attorneys for the City and for the Union may be present at the meetings and/or at any stage of the determination and implementation of reasonable accommodations. No objection

7. After the Union and the City have tentatively agreed upon a protocol, but before the individual meetings begin, the City and the Union will hold a Zoom conference with Magistrate Judge Robert Illman to receive his input and resolve any remaining disagreements about the process. We do not agree to this provision or Judge Illman's participation at this time.

8. At all times, the process will conform to the requirements of the ADA and other state and federal law regarding the rights of persons with disabilities. No objection

With regard to the issue of the application of the Court order to those persons not in the camp on June 10, 2025 but who had pending applications for accommodations, the Union recognizes that both the City and the Union have valid points on the matter. The Union proposes that before seeking any clarification or modification of the Order we go forward with the interactive process for those about which there is no disagreement and continue to meet and confer on persons about whom there is disagreement .

# EXHIBIT E

**BERKELEY POLICE DEPARTMENT**
2100 Martin Luther King, Jr. Way, Berkeley, CA 94704
TEL: (510) 981-5900, TDD: (510) 981-5799, FAX: (510) 981-5744
EMAIL: police@cityofberkeley.info

**Case #** 2025-00033405

# INCIDENT REPORT

BPD-125 (rev 03-29-2013)

## DETAILS

| INCIDENT TYPE | REPORTED DATE / TIME / DAY | LOCATION OF OCCURRENCE |
|---|---|---|
| CITY INCIDENT REPORT | 07/21/2025 09:35 MON | 2180 MILVIA Street / BERKELEY |

## SUBJECTS

(ROLE: MH - CIT / MH, IP - INVOLVED PARTY, OP - OTHER PARTY, WI - WITNESS, RP - REPORTING PARTY, RO - REGISTERED OWNER)

| ROLE | LAST, FIRST, MIDDLE, SUFFIX (OR BUSINESS NAME) | RACE | SEX | DOB | AGE |
|---|---|---|---|---|---|
| IP | Mattes, Laura , Iris | W | F | 04/01/1986 | 39 |

| ADDRESS | PHONE | LICENSE | STATE | PFN |
|---|---|---|---|---|
| | | | | |

| BUSINESS / OTHER ADDRESS | BUSINESS / OTHER PHONE | EMAIL ADDRESS |
|---|---|---|
| 2180 MILVIA Street BERKELEY, CA 94704- | (510)883-0847 | |

| ROLE | LAST, FIRST, MIDDLE, SUFFIX (OR BUSINESS NAME) | RACE | SEX | DOB | AGE |
|---|---|---|---|---|---|
| IP | Parnell, Lawanda | B | F | 01/28/1954 | 71 |

| ADDRESS | PHONE | LICENSE | STATE | PFN |
|---|---|---|---|---|
| | | | | |

| BUSINESS / OTHER ADDRESS | BUSINESS / OTHER PHONE | EMAIL ADDRESS |
|---|---|---|
| | | |

## VEHICLES

(ROLE: AB - ABANDONED, BO - BOLO (BE ON THE LOOKOUT), IM - IMPOUND TOW, IN - INVOLVED VEHICLE, PA - PARKED, RE - REPOSSESSED)

| ROLE | PLATE | STATE | YEAR | MAKE | MODEL | STYLE | VEHICLE TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| COLOR TOP | COLOR BOTTOM | VIN | DESCRIPTION |
|---|---|---|---|
| | | | |

## RECOVERED VEHICLE

(ROLE: S - STOLEN, R - RECOVERED, D - DAMAGED, E - EVIDENCE, SU - SUSPECT, IN - INVOLVED, RO - REGISTERED OWNER, O - OTHER)

| ROLE | PLATE | STATE | YEAR | MAKE | MODEL | STYLE | VEHICLE TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| COLOR TOP | COLOR BOTTOM | VIN | DESCRIPTION |
|---|---|---|---|
| | | | |

## PROPERTY

(CODE: D - DAMAGED, DE - DESTRUCTION, F - FOUND, R - RECOVERED, K - SAFEKEEPING)

| CODE | QUANTITY | UNIT OF MEASURE | PROPERTY TYPE | SERIAL NUMBER | VALUE |
|---|---|---|---|---|---|
| | | | | | |

DESCRIPTION

| CODE | QUANTITY | UNIT OF MEASURE | PROPERTY TYPE | SERIAL NUMBER | VALUE |
|---|---|---|---|---|---|
| | | | | | |

DESCRIPTION

| CODE | QUANTITY | UNIT OF MEASURE | PROPERTY TYPE | SERIAL NUMBER | VALUE |
|---|---|---|---|---|---|
| | | | | | |

DESCRIPTION

| CODE | QUANTITY | UNIT OF MEASURE | PROPERTY TYPE | SERIAL NUMBER | VALUE |
|---|---|---|---|---|---|
| | | | | | |

DESCRIPTION

## NARRATIVE

SUMMARY:

On 07/22/25 at approximately 0800hrs I received the below email from City of Berkeley (COB) Deputy City Attorney Iris Mattes. The email is addressed to Anthony Prince, the lawyer representing the Berkeley Homeless Union (BHU). The City and the BHU are currently having discussions regarding the ADA Interactive Process with those BHU members who have pending ADA claims against the City.

---

Mr. Prince,

At the onset, we note that despite asking repeatedly to schedule meetings with the remaining BHU members with pending ADA claims (Eric Keiser, Ray Johnson/Vanessa Bichard, Merced Dominguez, Erin Spencer) you and BHU have failed to provide their availability for several weeks now. It would appear that those individuals are no longer interested in

| REPORTING OFFICER | DATE / TIME WRITTEN | REVIEWED BY SUPERVISOR | | PAGE |
|---|---|---|---|---|
| McGee, Matt #L4 | 07/29/2025 12:41 | Speelman, Samantha | 07/29/2025 12:51 | 1 of 3 |

**BERKELEY POLICE DEPARTMENT**
2100 Martin Luther King, Jr. Way, Berkeley, CA 94704
TEL: (510) 981-5900, TDD: (510) 981-5799, FAX: (510) 981-5744
EMAIL: police@cityofberkeley.info

Case # 2025-00033405

**REPORT NARRATIVE**

BPD-108 (rev. 03-29-2013)

**NARRATIVE**

pursuing their requested accommodations. Regardless, due to the threats of violence, insults, and attempts to interfere in the City's ability to have legal representation, the City will no longer be holding in person meetings with any of the eight BHU members who the City had identified as falling under the ambit of Judge Chen's preliminary injunction order.

I don't think I can accurately convey what happened in those meetings in an email, because BHU's behavior was beyond the bounds of decency and respect. The meetings were recorded so I provide the summary below just for context.

On June 18 the City held two individual interactive process meetings, one with Lewanda Parnell and one later with Shareef Muwakkil. BHU representative Yesica Prado and your colleague Robbie Powelson were in attendance, among others. About halfway through the meeting with Ms. Parnell, she began to make vague statements against my parents as well as ADA Coordinator Thomas Gregory. And then later, out of the blue while we were discussing a potential extension on her relocation deadline, she raised her voice to interrupt me to say **"Say we, why don't I take you out there with me and put you in the water, and you commit suicide with me?"** In other words, she *threatened to drown me in water and make it seem as though I had committed suicide*. That comment is a clear threat against my life and I intend to file a police report regarding this incident. I am also considering seeking a protective order against her. As a result of this comment, not a single person apologized. Indeed, Mr. Powelson and Ms. Prado denied that this comment was even made.

After experiencing this deeply troubling incident, the City was well in its right to cancel all further in person meetings. However, we decided to give folks another chance as along as we could establish the ground rule that there be no yelling and no threats against City staff or their families. At the outset of the meeting with Mr. Muwakkil, I asked those in attendance to agree to this ground rule. Shockingly, instead of being met with easy acceptance, I was immediately interrupted by Mr. Powelson who stated that my request was "extremely defamatory." Ms. Prado stated it was "insulting" and suggested silencing me by having Mr. Gregory lead the meeting. When both Mr. Gregory and I made clear that we work as a team and she was in no position to dictate my role in this meeting as legal counsel for the City, she continued by name calling and saying that I should "change my tone and just listen." Mr. Prado then later continued to interrupt me while I was speaking to say she "doesn't want to hear from me anymore." I asked at least five times to get verbal acknowledgement from everyone in the room that they would agree not to threaten me and they refused to provide it.

I should not have to explain how upsetting it is to have my life threatened only to have your colleagues and clients insult me, silence me, and then refuse to agree to not threaten me again. It also goes without saying that it is completely improper to attempt to interfere with the City's right to legal counsel in a litigation.

**I request that you clearly and directly communicate with all of your clients, presumably every BHU member at Harrison Corridor and those previously encamped at Ohlone campground, that no threats against City staff will be tolerated and that attempts to interfere with legal representation will be brought immediately to the attention of the Court. I request confirmation by Friday that this has occurred.**

I anticipate I will receive an email from you saying that the City's behavior was "hostile" or that I took an inappropriate tone (which is what your colleagues conveyed to me). I do not agree with these statements and I believe the video recordings speak for themselves. However, I think it needs to be made clear to your colleagues and clients that even if one doesn't like their opposing parties' "tone" they cannot insult them, threaten their lives, or interfere with their ability to provide legal representation.

Accordingly, all further interactive process discussions with the BHU members who are covered by Judge Chen's order (Eric Keiser, Shareef Muwakkil, Austin White, Yesica Prado, Ray Johnson, Merced Dominguez, Lewanda Parnell, Vanessa Bichard) will continue via email. Proceeding this way will also address concerns your colleagues have about my "tone."

| REPORTING OFFICER | DATE / TIME WRITTEN | REVIEWED BY SUPERVISOR | | PAGE |
|---|---|---|---|---|
| McGee, Matt #L4 | 07/29/2025 12:41 | Speelman, Samantha | 07/29/2025 12:51 | 2 of 3 |

**BERKELEY POLICE DEPARTMENT**
2100 Martin Luther King, Jr. Way, Berkeley, CA 94704
TEL: (510) 981-5900, TDD: (510) 981-5799, FAX: (510) 981-5744
EMAIL: police@cityofberkeley.info

Case # 2025-00033405

**REPORT NARRATIVE**

BPD-108 (rev. 03-29-2013)

**NARRATIVE**

Iris

_______

Iris forwarded me the above email that she wrote to Prince, asking that it be documented in a police report in case the behavior described above repeats itself or escalates.

On 07/22/25 at approximately 1230hrs I spoke with Iris about documenting this incident in an incident report with the police department, as no crime occurred. During this conversation Iris stated the City Attorneys Office has a video recording of the incident as the ADA Interactive Process Discussion was video recorded.

On 07/29/25 at approximately 1130hrs I spoke with Iris to gather more information regarding this incident. Iris stated the discussion occurred at the COB City Hall, on the 4th Floor in the Oak Room and that others present in the meeting, included COB employee Thomas Gregory as well as BHU representatives, Yesica Prado, Gordon Gilmore and Robbie Powelson.

Nothing further.

| REPORTING OFFICER | DATE / TIME WRITTEN | REVIEWED BY SUPERVISOR | | PAGE |
|---|---|---|---|---|
| McGee, Matt #L4 | 07/29/2025 12:41 | Speelman, Samantha | 07/29/2025 12:51 | 3 of 3 |

BPD 25-33405

## McGee, Matthew

**From:** Mattes, Laura Iris
**Sent:** Monday, July 21, 2025 9:35 PM
**To:** McGee, Matthew
**Cc:** Brown, Farimah F.
**Subject:** FW: Cessation of in-person ADA meetings due to threats of violence and interference with legal representation

Hi Matt, can you or someone else help me file a police report regarding the incident described below? I'd like it to be documented in case this behavior repeats or escalates. Thanks!

**From:** Mattes, Laura Iris
**Sent:** Monday, July 21, 2025 12:13 PM
**To:** Anthony Prince <princelawoffices@yahoo.com>
**Cc:** Brown, Farimah F. <FBrown@berkeleyca.gov>; Shapp, Marc <MShapp@berkeleyca.gov>; Stephens, Sara <sstephens@berkeleyca.gov>; Scott, Nubyaan <NScott@berkeleyca.gov>; Gregory, Thomas <TGregory@berkeleyca.gov>
**Subject:** Cessation of in-person ADA meetings due to threats of violence and interference with legal representation

Mr. Prince,

At the onset, we note that despite asking repeatedly to schedule meetings with the remaining BHU members with pending ADA claims (Eric Keiser, Ray Johnson/Vanessa Bichard, Merced Dominguez, Erin Spencer) you and BHU have failed to provide their availability for several weeks now. It would appear that those individuals are no longer interested in pursuing their requested accommodations. Regardless, due to the threats of violence, insults, and attempts to interfere in the City's ability to have legal representation, the City will no longer be holding in person meetings with any of the eight BHU members who the City had identified as falling under the ambit of Judge Chen's preliminary injunction order.

I don't think I can accurately convey what happened in those meetings in an email, because BHU's behavior was beyond the bounds of decency and respect. The meetings were recorded so I provide the summary below just for context.

On June 18 the City held two individual interactive process meetings, one with Lewanda Parnell and one later with Shareef Muwakkil. BHU representative Yesica Prado and your colleague Robbie Powelson were in attendance, among others. About halfway through the meeting with Ms. Parnell, she began to make vague statements against my parents as well as ADA Coordinator Thomas Gregory. And then later, out of the blue while we were discussing a potential extension on her relocation deadline, she raised her voice to interrupt me to say **"Say we, why don't I take you out there with me and put you in the water, and you commit suicide with me?"** In other words, she *threatened to drown me in water and make it seem as though I had committed suicide*. That comment is a clear threat against my life and I intend to file a police report regarding this incident. I am also considering seeking a protective order against her. As a result of this comment, not a single person apologized. Indeed, Mr. Powelson and Ms. Prado denied that this comment was even made.

After experiencing this deeply troubling incident, the City was well in its right to cancel all further in person meetings. However, we decided to give folks another chance as along as we could establish the ground rule that there be no yelling and no threats against City staff or their families. At the outset of the meeting with Mr. Muwakkil, I asked those in attendance to agree to this ground rule. Shockingly, instead of being met with easy acceptance, I was immediately interrupted by Mr. Powelson who stated that my request was "extremely defamatory." Ms. Prado stated it was "insulting" and suggested silencing me by having Mr. Gregory lead the meeting. When both Mr. Gregory and I made

BPD #25-33405

clear that we work as a team and she was in no position to dictate my role in this meeting as legal counsel for the City, she continued by name calling and saying that I should "change my tone and just listen." Mr. Prado then later continued to interrupt me while I was speaking to say she "doesn't want to hear from me anymore." I asked at least five times to get verbal acknowledgement from everyone in the room that they would agree not to threaten me and they refused to provide it.

I should not have to explain how upsetting it is to have my life threatened only to have your colleagues and clients insult me, silence me, and then refuse to agree to not threaten me again. It also goes without saying that it is completely improper to attempt to interfere with the City's right to legal counsel in a litigation.

**I request that you clearly and directly communicate with all of your clients, presumably every BHU member at Harrison Corridor and those previously encamped at Ohlone campground, that no threats against City staff will be tolerated and that attempts to interfere with legal representation will be brought immediately to the attention of the Court. I request confirmation by Friday that this has occurred.**

I anticipate I will receive an email from you saying that the City's behavior was "hostile" or that I took an inappropriate tone (which is what your colleagues conveyed to me). I do not agree with these statements and I believe the video recordings speak for themselves. However, I think it needs to be made clear to your colleagues and clients that even if one doesn't like their opposing parties' "tone" they cannot insult them, threaten their lives, or interfere with their ability to provide legal representation.

Accordingly, all further interactive process discussions with the BHU members who are covered by Judge Chen's order (Eric Keiser, Shareef Muwakkil, Austin White, Yesica Prado, Ray Johnson, Merced Dominguez, Lewanda Parnell, Vanessa Bichard) will continue via email. Proceeding this way will also address concerns your colleagues have about my "tone."

Iris

# EXHIBIT

# F

| | |
|---|---|
| **From:** | Mattes, Laura Iris |
| **To:** | Anthony Prince |
| **Cc:** | Brown, Farimah F.; Shapp, Marc; Stephens, Sara; Scott, Nubyaan; Gregory, Thomas |
| **Subject:** | Cessation of in-person ADA meetings due to threats of violence and interference with legal representation |
| **Date:** | Monday, July 21, 2025 12:12:00 PM |

Mr. Prince,

At the onset, we note that despite asking repeatedly to schedule meetings with the remaining BHU members with pending ADA claims (Eric Keiser, Ray Johnson/Vanessa Bichard, Merced Dominguez, Erin Spencer) you and BHU have failed to provide their availability for several weeks now. It would appear that those individuals are no longer interested in pursuing their requested accommodations. Regardless, due to the threats of violence, insults, and attempts to interfere in the City's ability to have legal representation, the City will no longer be holding in person meetings with any of the eight BHU members who the City had identified as falling under the ambit of Judge Chen's preliminary injunction order.

I don't think I can accurately convey what happened in those meetings in an email, because BHU's behavior was beyond the bounds of decency and respect. The meetings were recorded so I provide the summary below just for context.

On June 18 the City held two individual interactive process meetings, one with Lewanda Parnell and one later with Shareef Muwakkil. BHU representative Yesica Prado and your colleague Robbie Powelson were in attendance, among others. About halfway through the meeting with Ms. Parnell, she began to make vague statements against my parents as well as ADA Coordinator Thomas Gregory. And then later, out of the blue while we were discussing a potential extension on her relocation deadline, she raised her voice to interrupt me to say "**Say we, why don't I take you out there with me and put you in the water, and you commit suicide with me?"** In other words, she *threatened to drown me in water and make it seem as though I had committed suicide*. That comment is a clear threat against my life and I intend to file a police report regarding this incident. I am also considering seeking a protective order against her. As a result of this comment, not a single person apologized. Indeed, Mr. Powelson and Ms. Prado denied that this comment was even made.

After experiencing this deeply troubling incident, the City was well in its right to cancel all further in person meetings. However, we decided to give folks another chance as along as we could establish the ground rule that there be no yelling and no threats against City staff or their families. At the outset of the meeting with Mr. Muwakkil, I asked those in attendance to agree to this ground rule. Shockingly, instead of being met with easy acceptance, I was immediately interrupted by Mr. Powelson who stated that my request was "extremely defamatory." Ms. Prado stated it was "insulting" and suggested silencing me by having Mr. Gregory lead the meeting. When both Mr. Gregory and I made clear that we work as a team and she was in no position to dictate my role in this meeting as legal counsel for the City, she continued by name calling and saying that I should "change my tone and just listen." Mr. Prado then later continued to interrupt me while I was speaking to say she "doesn't want to hear from me anymore." I asked at least five times to get verbal acknowledgement from everyone in the room that they would agree not to threaten me and they refused to provide it.

I should not have to explain how upsetting it is to have my life threatened only to have your colleagues and clients insult me, silence me, and then refuse to agree to not threaten me again. It also goes without saying that it is completely improper to attempt to interfere with the City's right to legal counsel in a litigation.

**I request that you clearly and directly communicate with all of your clients, presumably every BHU member at Harrison Corridor and those previously encamped at Ohlone campground, that no threats against City staff will be tolerated and that attempts to interfere with legal representation will be brought immediately to the attention of the Court. I request confirmation by Friday that this has occurred.**

I anticipate I will receive an email from you saying that the City's behavior was "hostile" or that I took an inappropriate tone (which is what your colleagues conveyed to me). I do not agree with these statements and I believe the video recordings speak for themselves. However, I think it needs to be made clear to your colleagues and clients that even if one doesn't like their opposing parties' "tone" they cannot insult them, threaten their lives, or interfere with their ability to provide legal representation.

Accordingly, all further interactive process discussions with the BHU members who are covered by Judge Chen's order (Eric Keiser, Shareef Muwakkil, Austin White, Yesica Prado, Ray Johnson, Merced Dominguez, Lewanda Parnell, Vanessa Bichard) will continue via email. Proceeding this way will also address concerns your colleagues have about my "tone."

Iris