UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.<br><br>Defendants. | Case Nos. 23-cv-04537-EMC<br>25-cv-01414-EMC<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Docket No. 137 |

The Court has reviewed Plaintiffs' motion to consolidate *Prado v. City of Berkeley*, No. 23-cv-04537-EMC (Dkt. 125), and *Berkeley Homeless Union v. City of Berkeley*, No. 25-cv-01414-EMC , as well as the City's opposition and Plaintiffs' reply.

Federal Rule of Civil Procedure 42 permits consolidation of actions "involv[ing] common question[s] of law or fact." "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

While the two matters involve some overlap of parties and factual issues concerning the city of Berkeley's treatment of unhoused residents, the cases differ in scope, procedural posture, and relief sought. Consolidation "for all purposes" therefore risks confusion, delay, and prejudice and would not promote efficiency at this stage. *See, e.g.*, *Plan Adm'r of Chevron Corp. Ret. Restoration Plan v. Minvielle*, 2024 WL 1974544, at *4–7 (N.D. Cal. May 3, 2024) (denying consolidation despite common questions of law and fact, where consolidation could cause prejudice, confusion, and inefficiency); *Pac. Recovery Sols. v. Cigna Behavioral Health, Inc.*, 2021 WL 577394, at *4–5 (N.D. Cal. Feb. 16, 2021).

Accordingly, the motion to consolidate is **DENIED without prejudice**. Because the two actions present related factual and legal issues, the Court has already related them and will

continue to coordinate proceedings as appropriate to ensure efficiency and consistency. Specifically:

1. The Court will continue to coordinate scheduling and hearing of overlapping motions or discovery matters as warranted; counsel shall meet and confer before filing motions to consider the need or opportunity for coordinated or consolidated filings;
2. A single magistrate judge will be assigned to both cases for discovery purposes to facilitate coordinated management of discovery; and
3. Counsel are directed to meet and confer regarding opportunities for coordination of discovery to avoid duplication of effort.

The cases shall otherwise proceed on separate dockets.

**IT IS SO ORDERED**.

Dated: October 27, 2025

_____
EDWARD M. CHEN
United States District Judge