

City Attorney's Office

Marc Shapp
Berkeley City Attorney's Office
2180 Milvia Street, 4th Floor
Berkeley, CA 94704
mshapp@berkeleyca.gov

November 26, 2025

> **Berkeley Homeless Union v. City of Berkeley, et al.**, USDC Case No. 3:25-cv-01414-EMC
> Referred for discovery matters to Hon. Magistrate Judge Laurel Beeler, Dkt. No. 166

Re:   Discovery Dispute Letter

Dear Judge Beeler:

This letter brief is being submitted solely by Defendant City of Berkeley in the above-referenced action because counsel for Plaintiff Berkeley Homeless Union has failed to engage in the meet and confer process set forth in Your Honor's standing order. *See* Dkt. No. 166-1. The City of Berkeley served Berkeley Homeless Union with interrogatories on September 12, 2025 and requests for the production of documents on September 26, 2025. Berkeley Homeless Union's respective responses were therefore due no later than October 14, 2025 and October 27, 2025.

To date, Berkeley Homeless Union has failed to respond in any way, and Berkeley Homeless Union's counsel has failed to engage in the meet and confer process. On November 19, 2025, the undersigned sent an email to counsel for Berkeley Homeless Union, attaching a draft joint discovery dispute letter containing the "Defendant's Position" reproduced below and the corresponding exhibits referenced therein and filed herewith. Due to Berkeley Homeless Union's history of non-responsiveness, the email explicitly stated that a response was requested within a week or the City of Berkeley would be forced to file unilaterally. No response was received although in this same timeframe Berkeley Homeless Union's counsel did contact the City of Berkeley related to another issue in this same litigation.

Based on Berkeley Homeless Union's failure to timely respond to the City of Berkeley's discovery demands and Berkeley Homeless Union's counsel's refusal to participate in the required meet and confer process, the City of Berkeley hereby respectfully requests the Court order Berkeley Homeless Union to respond to the City of Berkeley's first set of interrogatories and first set of requests for production, completely and without objections, no later than one week after an order from this Court.

A. **Defendant's Position**

This dispute arises over BHU's failure to timely respond to discovery propounded by the City and BHU's subsequent refusal even to provide a date when responses will be forthcoming. There is no question that BHU has not answered the City's interrogatories or produced documents in response to the City's requests for production. There is also no question that BHU did not seek an extension of time to respond to the interrogatories until after the deadline passed, or that BHU has *never* requested an extension of time to produce documents. BHU should be required to respond to the City's discovery, and to do so without objection or further delay.[1]

The City served BHU with interrogatories on September 12, 2025. BHU's responses were therefore due no later than October 14, 2025. On October 15, 2025, counsel for the City wrote to counsel for BHU, asserting that BHU's failure to timely answer the interrogatories meant it had waived its right to object. The City requested full responses by October 27, 2025. Exhibit A. BHU did not respond to the October 15 email in writing. Rather, after a hearing held on October 16, 2025, counsel for BHU approached counsel for the City to belatedly request an extension of time to respond and an agreement from the City that BHU's objections were not waived. The City's counsel informed BHU's counsel that a response would be forthcoming. On October 17, 2025, BHU's counsel contacted the City via email and asserted that he would "prioritize getting responses to you within 7 – 10 days," and repeated his request that the City would not consider objections waived. Exhibit B. The parties met and conferred telephonically, but BHU refused to provide a date when it would produce its interrogatory responses. *Id.*

On October 22, 2025, the City emailed BHU to request the parties meet and confer in person in accordance with Judge Chen's standing order regarding discovery disputes. *Id.* BHU never responded to this email. On October 28, 2025, the City attempted to call BHU's counsel to discuss the outstanding discovery; however, counsel stated he could not talk and ended the call. Exhibit C. The next day, BHU's counsel sent an email to the City stating, "Please stop sending messages and calling me," thus making himself unavailable for further discussion of the discovery dispute. *Id.* Nonetheless, after this case was referred to Magistrate Judge Laurel Beeler for discovery on October 29, 2025, the City once again emailed BHU to demand to meet and confer to discuss BHU's failure to produce interrogatory responses. *Id.* BHU never responded.

The City propounded its first set of document requests on September 26, 2025. Accordingly, BHU's responses were due on October 27, 2025. However, BHU failed to serve a written response and has not produced any documents. Not only that, but BHU never even requested an extension, belatedly or otherwise. The October 17, 2025 email from BHU's counsel states that he would prioritize getting discovery responses to the City within 7–10 days. If he had honored this commitment, BHU would have responded to the City's document requests on the due date.

---

[1] The substance of the City's discovery requests is not at issue in this dispute because the issue is BHU's complete failure to respond. The City can lodge the propounded discovery requests with the Court if reviewing them will aid the Court's determination of the issues presented in this discovery dispute letter.

2180 Milvia Street, Berkeley, CA  94704   Tel: 510.981.6998   Fax: 510.981.6960
E-mail: mshapp@berkeleyca.gov

Federal Rules of Civil Procedure 33 and 34 require a party to serve responses and any objections to interrogatories or document requests within 30 days after being served with the discovery. Fed. R. Civ. P. 33(b)(2) and 34(b)(2). Failure to timely respond to discovery requests generally constitutes a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 ("failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Lam v. City & Cnty. of San Francisco*, No. 410CV04641PJHLB, 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015) (a party who fails to timely respond to requests for production of documents waives his right to object to them).

Here, there can be no dispute that BHU has failed to timely serve discovery responses, which were due on October 15 and 27, 2025. Moreover, BHU cannot demonstrate good cause to excuse the failure. In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. *Lam*, 2015 WL 4498747, at *3.

All six of these factors weigh in favor of compelling complete responses without objection.

First, BHU's responses are a month late with no indication when they might be completed.

Second, the purported reason for the delay does not justify BHU's complete failure to respond. BHU's counsel blames a shoulder injury he suffered on October 7, 2025 as the reason he could not complete BHU's discovery responses on time. *See* Exhibit B. However, even assuming BHU's counsel was limited in his capacity after that, he only requested a 7–10-day extension. However, even that additional time passed without written discovery responses from BHU. Moreover, the extent to which counsel's injury affected his ability to complete discovery responses is unclear. In the two-week period following his injury, BHU's counsel was able to communicate with the City via phone and email, he appeared personally and argued in court on behalf of BHU (despite having no motion on the court's calendar that day), and he drafted and filed three separate documents with the court. In other words, BHU's counsel was able to perform work in this case that suited his priorities, meaning his injury cannot serve as an excuse for failing to complete discovery responses that should have been almost complete at the time he sustained his injury. BHU's strategic choices cannot excuse the delay in responding to discovery. At a minimum, BHU cannot explain why it failed to request an extension of time to respond before the deadlines passed.

Third, this same behavior also demonstrates BHU's bad faith because BHU clearly chose to pursue its own litigation goals rather than meeting its discovery obligations. BHU also has demonstrated bad faith by continuing to refuse to produce interrogatory response—even after its own requested 10-day extension has come and gone—unless the City agrees to give up its right to compel responses without objection.

Fourth, the City has been and continues to be prejudiced by BHU's failure to respond. BHU is a membership organization that has brought suit on behalf of its individual members, not on its own

behalf. *See* Complaint, ¶ 16, Dkt. No. 1 at 5. The City's discovery requests seek information about BHU's members and the allegations in the Complaint that go to the heart of the case, including the individuals allegedly impacted by the City's actions on whose behalf BHU is suing, the nature of those alleged impacts, and documents identified in BHU's initial disclosures. The City requires this preliminary information to plan additional discovery and prepare its defenses.

Fifth, the nature of the City's request is for BHU to perform its basic discovery obligations.

Sixth, a waiver of objections in this case is not harsh. The City's discovery seeks information to which BHU should have easy access and which cannot reasonably be considered privileged. The requests are narrow and simply stated.

BHU has no reasonable basis to withhold responses, and the time to object passed over a month ago in any event. The City therefore respectfully requests that BHU be compelled to respond to the City's first set of interrogatories and first set of requests for production, completely and without objections, no later than one week after an order from this Court.

Respectfully submitted,

Marc Shapp
Deputy City Attorney

cc:   Anthony Prince, Attorney for Plaintiff Berkeley Homeless Union

Enclosures

# EXHIBIT A

| | |
|---|---|
| **From:** | Madagu, Ashley M. |
| **To:** | Anthony Prince |
| **Cc:** | Mattes, Laura Iris; Shapp, Marc; Winheld, Herschel |
| **Subject:** | BHU v. City of Berkeley, 3:25-CV-01414 |
| **Date:** | Wednesday, October 15, 2025 6:28:03 PM |
| **Attachments:** | Outlook-vuyjt0zv.png |

Counsel,

On September 12, 2025, the City served your client with its first set of interrogatories. The deadline for response was this past Tuesday, October 14, 2025 (accounting for the federal holiday on Monday).

Because you have waived your right to object to the requests, the City looks forward to receiving your full responses by Monday October 27, 2025. If the City does not receive the responses by that date, we will move to compel pursuant to FRCP Rule 37.

Sincerely,
**Ashley Madagu**
Deputy City Attorney
City of Berkeley
acarter@berkeleyca.gov
Pronouns: she / her / hers



# EXHIBIT B

| | |
|---|---|
| **From:** | Shapp, Marc |
| **To:** | Anthony Prince |
| **Cc:** | Mattes, Laura Iris; Scott, Nubyaan; Brown, Farimah F.; Jensen, Christopher; Stephens, Sara; Madagu, Ashley M.; De Genova, Haley |
| **Subject:** | Re: Responses to discovery |
| **Date:** | Wednesday, October 22, 2025 5:29:58 PM |
| **Attachments:** | Outlook-cid_image0 Outlook-cid_image0 Outlook-cid_image0 |

Dear Mr. Prince,

Berkeley Homeless Union's responses to the City's first set of interrogatories were due October 14, 2025. You failed to timely provide your client's responses or a request for an extension of time to respond. You claim the injury you suffered on October 7, 2025 prevented you from timely serving the interrogatory responses, but your actions since then demonstrate otherwise. Since October 8, you have been able to communicate with our office via phone and email, appeared in court on October 16 (despite having no motion pending that day), and drafted and filed three separate documents with the Court on October 8 and 21. This behavior demonstrates that the failure to timely respond to discovery was a choice, not a necessity. At a minimum your injury cannot explain your failure to timely request an extension. Accordingly, objections to the City's first set of interrogatories are waived.

In light of your representation to the Court that on Friday, October 24, 2025 you will visit with your doctor and may be scheduled for a future surgery, we request that you serve Berkeley Homeless Union's responses no later than October 24 to avoid further uncertainty and delay. If responses are received on October 24, they will be ten days late, providing the maximum extension you belatedly requested below. Failing that and without waiving any right to compel further responses, we would like you to commit to a date to provide responses within a reasonable amount of time. If you will not commit to a date to serve the interrogatory responses, we request to meet and confer in person regarding the dispute in accordance with Judge Chen's standing order. If we cannot resolve the dispute, we will ask the Court to compel Berkeley Homeless Union's responses and confirm that you have waived your right to object.

In accordance with your request to meet and confer telephonically, we will follow up this email with a confirmatory phone call.

Sincerely,

**Marc A. Shapp**

*Deputy City Attorney*

City Attorney's Office
2180 Milvia Street, 4th floor



Berkeley, CA 94704

**Direct:** 510.981.6987

mshapp@berkeleyca.gov

Pronouns: he / him / his

---

**From:** Shapp, Marc
**Sent:** Monday, October 20, 2025 4:40 PM
**To:** Anthony Prince
**Cc:** Mattes, Laura Iris ; Scott, Nubyaan ; Gregory, Thomas ; Brown, Farimah F.
**Subject:** Re: Responses to discovery

Mr. Prince,

This will confirm our phone call following the email below and immediately preceding this email. You stated that it would be "highly unlikely" that you will produce the required interrogatory responses on Friday, October 24. You stated that you are undergoing a medical procedure this week. You stated that providing responses by Friday would be "unreasonable." You stated you would attempt to provide responses by Monday, but you refused to commit to doing so.

Sincerely,



**Marc A. Shapp**

*Deputy City Attorney*

City Attorney's Office
2180 Milvia Street, 4th floor

Berkeley, CA 94704

**Direct:** 510.981.6987

mshapp@berkeleyca.gov

Pronouns: he / him / his

**From:** Shapp, Marc
**Sent:** Monday, October 20, 2025 4:23 PM
**To:** Anthony Prince
**Cc:** Mattes, Laura Iris ; Scott, Nubyaan ; Gregory, Thomas ; Brown, Farimah F.
**Subject:** Re: Responses to discovery

Mr. Prince,
Berkeley Homeless Union's responses to the City's first set of interrogatories were due October 14, 2025. The City expects Berkeley Homeless Union to provide substantive answers to all outstanding interrogatories as soon as possible, and no later than this Friday, October 24, 2025. The City will not agree ahead of time that objections to discovery have not been waived, and we reserve the right to seek an order compelling further responses on this basis or any other basis, as well as any other relief that may be appropriate, after we have received and reviewed Berkeley Homeless Union's initial interrogatory responses.
As requested in your email below, I will follow up this correspondence with a phone call to verbally inform you of the foregoing.

Sincerely,



**Marc A. Shapp**

*Deputy City Attorney*

City Attorney's Office
2180 Milvia Street, 4th floor

Berkeley, CA 94704

**Direct:** 510.981.6987

[mshapp@berkeleyca.gov](mshapp@berkeleyca.gov)

Pronouns: he / him / his

**From:** Anthony Prince
**Sent:** Friday, October 17, 2025 7:58 AM
**To:** Shapp, Marc
**Cc:** Mattes, Laura Iris ; Scott, Nubyaan ; Gregory, Thomas ; Brown, Farimah F.
**Subject:** Responses to discovery

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Marc: This is to follow up what I discussed with you after yesterday's hearings.

I informed you that as the result of the accident almost two weeks ago - which I reported to you the day after it occurred - I fractured my left shoulder among other injuries, and was therefore unable to timely complete responses to the various discovery requests that the City has served on the Union.

I was seen by Sutter Hospital orthopedic surgeons the day before yesterday - Wednesday, Oct. 15 - who have ordered more tests and will be scheduling surgery soon. I am unable to use my left arm and hand for anything including typing, handwriting and other routine tasks necessary to perform work including driving, legal research, retrieving documents, meeting with clients and witnesses, etc.

As you know, I employ no staff but, as I told you, I am making arrangements to resolve the issues, including getting assistance from others and obtaining updated technology that converts speech into words on a computer screen known as "Dragonspeak." This will help, but not fully resolve the issues.

It is also likely that the post-surgery recovery period will be at least 6-8 weeks during which the above-limitations will remain in place.

Regarding the discovery, I will prioritize getting responses to you within 7 - 10 days and would request that you agree that given the circumstances, any objections made to a particular discovery request will not be considered waived.

Finally, with regard to meet and conferring on any issues re the discovery or or on other matters related to the case, it would be helpful if we could rely on phone calls rather than emails, although I understand that in some cases written communication is best.

Thank you,

Anthony

# EXHIBIT C

| | |
|---|---|
| **From:** | Shapp, Marc |
| **To:** | Anthony Prince |
| **Cc:** | Mattes, Laura Iris; Scott, Nubyaan; Brown, Farimah F. |
| **Subject:** | Re: Responses to discovery |
| **Date:** | Wednesday, October 29, 2025 4:51:44 PM |
| **Attachments:** | Outlook-cid_image0 |
| | Outlook-cid_image0 |
| | Outlook-cid_image0 |

Mr. Prince,

Berkeley Homeless Union's responses to the City's interrogatories are now more than two weeks overdue, yet we have received no commitment from you as to when they will be produced. I called you yesterday, October 28, 2025. When you picked up the phone, you told me you could not talk to me and immediately ended the call, which lasted only 10 seconds. Earlier today, you sent an email stating, "Please stop sending messages and calling me." In short, not only have you have failed to timely serve discovery responses, but also you have now made yourself completely unavailable to engage in any discussion to resolve this discovery dispute.

This case has now been referred to Magistrate Judge Beeler for discovery disputes. Accordingly and pursuant to Judge Beeler's Standing Order, the City hereby demands to meet and confer within one week to discuss Berkeley Homeless Union's failure to produce interrogatory responses. Please indicate dates and times you are available to meet and confer on or before Wednesday, November 5. We are available to meet in person or remotely.

Sincerely,



**Marc A. Shapp**

*Deputy City Attorney*

City Attorney's Office
2180 Milvia Street, 4th floor

Berkeley, CA 94704

**Direct:** 510.981.6987

mshapp@berkeleyca.gov

Pronouns: he / him / his

---

**From:** Shapp, Marc

**Sent:** Monday, October 20, 2025 4:40 PM
**To:** Anthony Prince
**Cc:** Mattes, Laura Iris ; Scott, Nubyaan ; Gregory, Thomas ; Brown, Farimah F.
**Subject:** Re: Responses to discovery

Mr. Prince,

This will confirm our phone call following the email below and immediately preceding this email. You stated that it would be "highly unlikely" that you will produce the required interrogatory responses on Friday, October 24. You stated that you are undergoing a medical procedure this week. You stated that providing responses by Friday would be "unreasonable." You stated you would attempt to provide responses by Monday, but you refused to commit to doing so.

Sincerely,



**Marc A. Shapp**

*Deputy City Attorney*

City Attorney's Office
2180 Milvia Street, 4th floor

Berkeley, CA 94704

**Direct:** 510.981.6987

mshapp@berkeleyca.gov

Pronouns: he / him / his

---

**From:** Shapp, Marc
**Sent:** Monday, October 20, 2025 4:23 PM
**To:** Anthony Prince
**Cc:** Mattes, Laura Iris ; Scott, Nubyaan ; Gregory, Thomas ; Brown, Farimah F.
**Subject:** Re: Responses to discovery

Mr. Prince,
Berkeley Homeless Union's responses to the City's first set of interrogatories were due

October 14, 2025. The City expects Berkeley Homeless Union to provide substantive answers to all outstanding interrogatories as soon as possible, and no later than this Friday, October 24, 2025. The City will not agree ahead of time that objections to discovery have not been waived, and we reserve the right to seek an order compelling further responses on this basis or any other basis, as well as any other relief that may be appropriate, after we have received and reviewed Berkeley Homeless Union's initial interrogatory responses.

As requested in your email below, I will follow up this correspondence with a phone call to verbally inform you of the foregoing.

Sincerely,



**Marc A. Shapp**

*Deputy City Attorney*

City Attorney's Office
2180 Milvia Street, 4th floor

Berkeley, CA 94704

**Direct:** 510.981.6987

mshapp@berkeleyca.gov

Pronouns: he / him / his

---

**From:** Anthony Prince
**Sent:** Friday, October 17, 2025 7:58 AM
**To:** Shapp, Marc
**Cc:** Mattes, Laura Iris ; Scott, Nubyaan ; Gregory, Thomas ; Brown, Farimah F.
**Subject:** Responses to discovery

**WARNING:** This is not a City of Berkeley email. Do not click links or attachments unless you trust the sender and know the content is safe.

Marc: This is to follow up what I discussed with you after yesterday's hearings.

I informed you that as the result of the accident almost two weeks ago - which I reported to you the day after it occurred - I fractured my left shoulder among other injuries, and was therefore unable to timely complete responses to the various discovery requests that the City has served on the Union.

I was seen by Sutter Hospital orthopedic surgeons the day before yesterday - Wednesday, Oct. 15 - who have ordered more tests and will be scheduling surgery soon. I am unable to use my left arm and hand for anything including typing, handwriting and other routine tasks necessary to perform work including driving, legal research, retrieving documents, meeting with clients and witnesses, etc.

As you know, I employ no staff but, as I told you, I am making arrangements to resolve the issues, including getting assistance from others and obtaining updated technology that converts speech into words on a computer screen known as "Dragonspeak." This will help, but not fully resolve the issues.

It is also likely that the post-surgery recovery period will be at least 6-8 weeks during which the above-limitations will remain in place.

Regarding the discovery, I will prioritize getting responses to you within 7 - 10 days and would request that you agree that given the circumstances, any objections made to a particular discovery request will not be considered waived.

Finally, with regard to meet and conferring on any issues re the discovery or or on other matters related to the case, it would be helpful if we could rely on phone calls rather than emails, although I understand that in some cases written communication is best.

Thank you,

Anthony