UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 25-cv-01414-EMC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF Nos. 185, 189, 193 |

The Berkeley Homeless Union (BHU) is suing the City of Berkeley primarily for injunctive relief restraining the City from removing people from public property in the absence of adequate housing. The City propounded interrogatories on BHU on September 12, 2025, and requests for production on September 26, 2025, but BHU did not produce the discovery or file an objection. BHU did not participate in the initial letter brief filed by the City when the deadlines for responding passed without production by BHU.[1] During the meet-and-confer process for the second letter brief, BHU counsel explained that he was unable to respond to the discovery requests because of a severe injury to his shoulder, causing him to be unable to use his left arm, and he

---

[1] Disc. Letter Br. – ECF No. 185 at 1–2; Update – ECF No. 193. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-01414-EMC (LB)

requested a hearing as an accommodation to resolve the discovery disputes.[2] The court set a hearing for January 8, 2026, and ordered the parties to update the court seven days earlier, asking BHU counsel "to provide his proposed deadlines in the update about when he can produce the discovery" and to include any objections to discovery in the update.[3] The City responded, but BHU did not.[4] Fact discovery closes on February 5, 2026.[5]

At the January 8 hearing, the parties agreed that BHU would produce the interrogatory responses without objection. BHU objected on relevance grounds to producing the documents requested by the City.

The court orders the discovery.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

BHU agreed that it would respond to interrogatories without objection. The remaining issue is whether BHU's untimely objection to document production is excused for good cause. It is not.

---

[2] BHU Letter – ECF No. 187.
[3] Order – ECF No. 191.
[4] Update – ECF No. 193.
[5] Order – ECF No. 183.

Courts have granted relief from an untimely objection on a showing of good cause. *Batts v. County of Santa Clara*, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) ("Batts had no reasonable basis to believe that she had a two-week extension of time in which to serve her responses. At the same time, however, this court finds that a waiver of all objections would be a draconian result that is not warranted under the circumstances presented here. Accordingly, [the] plaintiff's objections will not be deemed waived."); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008); *Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524, at *1–2 (N.D. Cal. Aug. 24, 2010). In exercising its discretion, a court should evaluate relevant factors, including (1) the length of the delay, (2) the reason for the delay, (3) the existence of bad faith, (4) the prejudice to the party seeking the disclosure, (5) the nature of the request, and (6) the harshness of imposing the waiver. *In re Cathode Ray Tube Antitrust Litig.*, No. C-07-5944 JST, 2018 WL 4378727, at *2 (N.D. Cal. Apr. 25, 2018).

These factors weigh in favor of the City. The prejudice to the City in presumably receiving discovery responses days before the end of fact discovery weighs in favor of not finding good cause. While the reason for BHU's delay and its counsel's injuries are serious, BHU knew about the discovery requests since September yet failed to request an extension, participate in the letter brief process, or respond to the court's order for an update despite BHU counsel's showing that he could respond in some instances, albeit more slowly in his condition.[6] The harshness of waiver is minimal because BHU's objection to relevance without any assertion of burden likely would not have prevented production (as the court discussed at the hearing). The remaining factors are neutral. Overall, the prejudice to the City and BHU's counsel's ability to respond to modest discovery requests, potentially with the aid of his client, support waiving any objections.

---

[6] BHU Letter – ECF No. 187; Emails, Ex. A to Reply – ECF No. 189.

## CONCLUSION

The court orders the discovery to be produced by January 29, 2026, and any objections by BHU are waived. This resolves ECF Nos. 185, 189, 193.

**IT IS SO ORDERED.**

Dated: January 8, 2025

LAUREL BEELER
United States Magistrate Judge