1
2
3
4                       UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    BERKELEY HOMELESS UNION, et al.,        Case No.  25-cv-01414-EMC
8                      Plaintiffs,
9              v.                            **ORDER SETTING SUMMARY**
                                             **JUDGMENT BRIEFING SCHEDULE**
10   CITY OF BERKELEY, et al.,
11                     Defendants.
12
13        The Court has reviewed the parties' Joint Status Report (Dkts. 194, 200) regarding
14   completion of the interactive process proceedings.  The parties continue to dispute the
15   reasonableness and feasibility of certain accommodations requested by Plaintiffs and the adequacy
16   of the City's explanations for denying them.  The Court directs the parties to file cross-motions for
17   summary judgment.  The motions shall address, *inter alia*, the following matters:
18      1.  The City is directed to explain why providing limited moving assistance, portable
19          facilities, or trash disposal services during an interim period of relocation would
20          fundamentally alter the City's encampment response program or impose an undue
21          administrative burden.  Discuss any alternative accommodations that were considered in
22          order to provide reasonable assistance, and on what grounds they were rejected.
23          With respect to urgent public health concerns raised by the City in connection with
24          providing relocation assistance, the City shall explain why those risks cannot be mitigated
25          through personal protective equipment or other measures.  Plaintiffs shall explain the
26          disability-related basis for their requested accommodation, and any reasonable alternatives
27          that may be available to them.
28      2.  At the January 13, 2026 status conference, Plaintiffs indicated that they shared a list with

United States District Court
Northern District of California

United States District Court
Northern District of California

the City of alternative areas where affected individuals could lawfully relocate. The City is directed to identify at least three areas closest to Plaintiffs who seek to relocate to which they may relocate or demonstrate why such identification is not a reasonable request for accommodation.

3. The City is directed to explain why providing non-congregate, ADA-compliant relocation options before encampment abatement would fundamentally alter the City's programs or constitute an undue administrative burden. Discuss any alternative accommodations that were considered, and why they were rejected as impracticable, a fundamental alteration, or inadequate to meet the individual's disability needs. Plaintiffs are directed to address why the City's Homeless Response Team is not an adequate point of contact regarding accessible shelter and housing options, in light of their disabilities.

4. The City is directed to explain why permitting tents of 10x12 feet or 20x30 feet would fundamentally alter the City's sidewalk management program. The City shall provide factual information about sidewalk width and pedestrian egress, and identify any alternatives considered, such as modified placement or reasonable dimensions that are feasible, and the reasons they were rejected. Plaintiffs are directed to explain the specific nexus between any alleged disabilities and the requested accommodations for increased tent dimensions or sidewalk space. Plaintiffs shall also identify any reasonable alternatives.

5. The City is directed to describe current on the ground conditions with respect to RV parking and roadway functioning, and explain why an accommodation exempting certain vehicles from time-limited parking enforcement fundamentally alters the City's parking or roadway programs or imposes an undue administrative burden. The City shall describe alternative measures that were considered, such as temporary permits or designated parking zones, and why they were deemed infeasible or inadequate. Plaintiffs are directed to explain the nexus between any disabilities and the alleged inability to comply with applicable rules, including vehicle registration requirements and 72-hour parking limits. Plaintiffs shall clearly explain why their disabilities prevent them from complying with

2

such rules and whether alternatives such as obtaining a disabled person parking placard is not feasible.

6. The City is directed to explain, in detail, why the leptospirosis outbreak cannot be sufficiently contained or mitigated if there are as few as two to three plaintiffs remaining in the Harrison Corridor. The City shall also respond to Plaintiffs' statement at the January 13, 2026 status conference that all dogs in the area can or have been vaccinated.

The City's brief for summary judgment shall be filed no later than Thursday, January 29, 2026. Plaintiffs' opposition and cross-motion for summary judgment shall be filed by Thursday, February 12, 2026. Defendants' reply shall be filed by Thursday, February 26, 2026. Plaintiffs' reply is due by March 5, 2026. The hearing on the parties' motions will be held in person on March 20, 2026 at 10:00 am.

**IT IS SO ORDERED**.

Dated: January 13, 2026

EDWARD M. CHEN
United States District Judge