Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

# UNITED STATES COURT

## DISTRICT OF NORTHERN CALIFORNIA

Case No: 3:25-cv-01414 EMC

BERKELEY HOMELESS UNION

    Plaintiff,

vs.

CITY OF BERKELEY ET AL

    Defendant

**PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO DEFENDANT CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION**

## INTRODUCTION AND SUMMARY OF ARGUMENT

The City's unsupported insistence that the District Court erred in extending the limited preliminary injunction of June 10, 2025 is yet another in a series of attempts, beginning on June 4, 2025, to rob the District Court of its jurisdiction, its

ability to grant injunctive relief and its obligation to safeguard the rights of homeless persons with disabilities under Title II of the Americans With Disabilities Act.

On that day, less than a week before the scheduled June 10, 2025 hearing set on shortened time to consider Plaintiff's motion for preliminary injunction, this Court ordered the City of Berkeley to immediately halt a surprise, police department-led abatement of the homeless encampment at issue in this case. ECF Nos. 87, 88, 89 and 9

In the Explanatory Order on Order Ceasing Abatement, issued the following day, this Court quoted *Baldwin v. Hale*, 68 U.S. 223, 233 (1863): "Common justice requires that no man shall be condemned in his person or property without notice and opportunity to make his defence" and went on to find that the June 4, 2025 surprise abatement action not only "violated due process" but "could moot the hearing" on Plaintiff BHU's motion for preliminary injunction that was set for June 10, 2025. ECF No. 90.

Now, with its motion to dissolve the June 10, 2025 limited preliminary injunction and the extensions thereto, the City of Berkeley again seeks to deprive the District Court of its authority to provide the relief sought by BHU members under Title II of the Americans With Disabilities Act.

PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION

The original order and the extension now challenged by the City of Berkeley neither expressly nor impliedly provides for expiration by its own terms. Instead, the original order reserves to the District Court the determination of whether or not the interactive process for reasonable accommodations has been "completed *fairly*" and not just merely "completed" as Defendant asserts. The City of Berkeley is wrong when it asserts that absent the extensions, the interactive process and the injunction would have been terminated by operation of law.

# ARGUMENT

## I. In considering whether appellate jurisdiction exists in this case, the Court should be guided by the Ninth Circuit's decision in *Public Service Company of Colorado v. Batt.*

The facts and circumstances in this case closely track those in *Public Service Company of Colorado v. Batt,* 67 F.3d 234 (9th Cir. 1995). In that case, the Court found that the District Court's extension of an injunction prohibiting the shipment of spent nuclear fuel for storage did not constitute a modification or continuation of the original order within the meaning of 28 U.S.C. § 1292(a)(1) and accordingly, dismissed the appeal for lack of appellate jurisdiction.

The original order in *Public Service Co.* provided the District Court with

jurisdiction to hear and resolve disputes over the adequacy of the final environmental impact statement (EIS). "Thereafter, *upon good cause showing*, the injunction shall be dissolved." *Id.* (Emphasis added.) With the words italicized in the above quote, the Court made it clear that the mere act of publishing the Environmental Impact Statement was not enough to effect a dissolution of the injunction "by its own terms", that a condition precedent to the dissolution was a showing of good cause, i.e., that the imminent harm threatened no longer existed or that some other circumstance justified the lifting of the injunction.

Here, as the transcript of the June 10, 2025 hearing on plaintiff's motion shows, this Court made it clear that mere completion of the interactive process was not enough, that the process needed to be completed *fairly,* that it accomplished its objective, that it was not just about the journey, but about arrival at the destination.

> **THE COURT**: I find that the plaintiffs have made a sufficient showing of a claim on the ADA claim, at least a likelihood of success with respect to the right to complete the interactive process for those who have filed and asked for reasonable accommodation. [It] [s]eems to me that it is not clear that the interactive process has been completed, and there's an entitlement to an interactive process.
>
> (Reporter's Transcript: ECF No. 109, Page 54, Lines 13 -20)

The Court made it clear that termination of the injunction was not self-executing or would sunset by operation of law. The Court expressly reserved to itself the determination of whether or not the process had accomplished the objective of identifying the reasonable accommodations that BHU members protected by the injunction were entitled to under the ADA.

**THE COURT:** […] But what I'm going to order is that the parties report

back to me what's the conclusion of the interactive process, *and **I will then decide** whether to lift the injunction of that process, if **I decide** that the interactive process has been executed.*

(Reporter's Transcript: ECF No. 109, Page 56, Lines 15-19.
(Italics and emphasis added.)

**THE COURT:** […] I'm going to set a 60-day completion date, and I expect the parties to meet and confer and work in terms of a timeline and exchange of documents. Now, if it gets to the point where one party says "I'm not going to do X, and I'm going to stand on this," or the other side, "I'm not going to do Y. I'm going to stand on that," I will take that into account *in determining whether or not there's been a completion -- **a good faith** completion* of the interactive process.

(Reporter's Transcript: ECF No. 109, Page 57 Lines 8 – 16.)
(Italics and emphasis added.)

Thus, as in *Public Service Company v. Batts*, the case at bar also has a condition precedent to the termination of the preliminary injunction. In *Public Service Company*, it was "until the comprehensive environmental impact statement is completed, reviewed and any challenges to the statement are resolved." Here, whether or not the injunction would be lifted depended and depends on whether the interactive process, described by Judge Chen as "an entitlement", that was not merely completed, but completed in "good faith."

The similarities to *Public Service Co.* also include the retention of jurisdiction by the District Court. In that case, the Order expressly provided the District Court "would retain jurisdiction over the case for the purpose of hearing

PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION

and resolving disputes between [the parties] regarding the adequacy of the final environmental impact statement." *Id.*

Here, although not expressly set forth in the Order, Judge Chen's ruling from the bench clearly anticipated disputes between the City of Berkeley and the Homeless Union over whether or not the interactive process had been fairly and in good faith completed and his retention of jurisdiction to "determin[e] whether or not there's been a completion – a good faith completion of the interactive process." ECF No. 109 at P. 57.

Finally, in *Public Service Co.*, this Court rejected the view that the injunction against shipments of the spent fuel would end with no more than "the publication of any EIS, however flawed and the issuance of a record of decision based upon it."

Similarly, here Defendant City of Berkeley argues that the injunction against removing encampment residents protected by the District Court's order to complete fairly the interactive process would otherwise have been expired of its own force but for the extensions no matter how flawed and lacking in good faith and fairness the interactive process may have been.

1. **Unlike in *Cunningham v. David Special Commitment Ctr.*, cited by the City in its brief on appealability in the Ninth Circuit, the District**

PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION

**Court's extensions of its June 10, 2025 Order did not alter - let alone *substantially* alter - the legal relations between the parties.**

At page 15 of its Motion to Dissolve, the City, referencing the Court's order of January 13, 2026, tries to create an illogical and artificial distinction between the interactive process and the goal of that process arguing that the January, 2026 Order fundamentally altered the original order of June 10, 2025. The City considers the Court's statement in its January, 2026 order that it would "construe [the injunction]to say that that when I say completion of the ADA process – of the interactive process, I mean a complete process to a complete resolution." The City asserts that with this statement, the Court, "for the first time" added something qualitatively new to its original order of June 10, 2025. "The City has filed a notice of appeal [in the Ninth Circuit] challenging the Court's decision but does not contest or ask the Court to revisit it here." But that is exactly what Defendant, lining up two bites at the apple, is doing with its motion for dissolution.

In its brief on appealability ordered by the Ninth Circuit, the City cited to *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037 (9th Cir. 1998) for the proposition that the Order of October 22, 2025 extending the June 10, 2025 Order for Limited Preliminary Injunction "modified" the existing injunction because it "substantially alter[ed] the legal relations of the parties." Significantly,

in its motion to dissolve the injunction now before the Court, there is no citation or mention of *Cunningham*.

In that case, the Ninth Circuit found that a substantial alteration of the parties' legal relations had taken place and, therefore, that appellate jurisdiction existed based on facts and circumstances completely absent from the case at bar.

In *Cunningham*, a resident of the Washington [State] Special Commitment Center (SCC), sued for failure to provide mental health services. The suit was then joined by other male residents of the SCC and the Court granted a mandatory injunction requiring the provision of the required treatment.

However, shortly thereafter the Court granted a motion to intervene filed by Laura McCollum, who then became the first female resident of the SCC. Having been granted leave to intervene, McCollum then moved "for enforcement of the injunction with regard to her" and asked that she be placed in a treatment facility where she would not be the sole female resident and would not be housed with males and that her treatment plan not require her to participate in therapy with male sex offenders.

By order of June 10, 1997, the court granted her motion, ordering defendants to place McCollum in a secure treatment facility where she is not housed with males and to implement a treatment plan for her that does not include participation

PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION

in therapy with male sex offenders. McCollum argued that the June 1997 order merely implemented the purpose of the original injunction to provide constitutionally adequate treatment for persons committed to SCC. But, the Court ruled, "the order is on behalf of McCollum, whose rights were not adjudicated in the trial, who was not a party to the original injunction, and whose concerns were not the subject of the court-supervised compliance program that had been in force for over two years before McCollum appeared on the scene."

The Court held McCollum's intervention could not be regarded as implementing the original injunction, because "[it created] a new legal relationship between McCollum and defendants that did not theretofore exist and adding an entirely new set of obligations" thus fundamentally altering the legal relations of the parties. and, therefore, constituted a modification that the Ninth Circuit had jurisdiction to adjudicate.

The circumstances giving rise to the Court's orders challenged in the City's motion and in the Ninth Circuit are in sharp contrast with those in *Cunningham*. Here, neither this Court's Order of October 22, 2025 nor its order of January 13, 2026 "change[d] the command of the earlier injunction", "relax its prohibitions" or "release any respondent from its grip", the language from *Sierra Club v. Marsh*

that the City mistakenly uses in its Ninth Circuit brief to characterize the District Court's most recent extension.

The District Court's original command to complete the interactive process "fairly" and in "good faith" remains in place and the legal relations of the parties remain unchanged. The City asserts but cannot show that the quantitative addition of time to execute the requirements of the June 10 order has *qualitatively*, substantially, altered anything.

## CONCLUSION

In *Public Service Co*. the Ninth Circuit rejected "a reading that would leave the injunction toothless." Now, with the instant motion to dissolve, the Defendant asks this Court to become the dentist performing the extraction while the City seeks two bites at the apple.

The extensions properly ordered by the District Court did not "continue" or "modify" the original injunction, which is the City's principal argument here and in the Ninth Circuit. For that reason, the Court should deny the City's motion to dissolve the preliminary injunction.

Dated: February 5, 2026                                     Respectfully submitted,

/s/ Anthony D. Prince,

Law Offices of Anthony D. Prince

PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION

Attorney for Berkeley Homeless Union

PLAINTIFF BERKELEY HOMELESS UNION'S OPPOSITION TO CITY OF BERKELEY'S MOTION TO DISSOLVE LIMITED PRELIMINARY INJUNCTION