Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Christopher D. Jensen, Assistant City Attorney (State Bar No. 235108)
Stephen A. Hylas, Deputy City Attorney (State Bar No. 319833)
Ashley Carter, Deputy City Attorney (State Bar No. 340403)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: SHylas@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, ADRIEN BOUCHARD, NICHOLAS JOHNSON AND FRANK MOORE<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE-DOZIER, RASHI KESERWANI, DOES 1-10<br><br>Defendants. | Case No. 3:25-CV-1414-EMC-LB<br><br>**OPPOSITION TO EX PARTE APPLICATION FOR EMERGENCY HEARING**<br><br>Before the Hon. Edward M. Chen<br><br>*Referred to Hon. Laurel Beeler for Discovery Purposes* |

Defendant City of Berkeley ("City") opposes the Ex Parte Application for Emergency Hearing filed by Plaintiff Berkeley Homeless Union ("Plaintiff"). Plaintiff's application is procedurally improper and substantively without merit.

## I.  BACKGROUND

This Court has previously confirmed that the preliminary injunction in place is limited to the eight (now seven) individuals present identified in its June 10, 2025 order. Dkt # 210. Consistent with the limits of the Court's injunction, the City is planning an abatement action to limit (although eliminate) the public health risks posed by the encampment, while allowing protected individuals to remain in place, in compliance with the Court's order. That abatement was noticed on February 17, 2026 and re-noticed on February 18, 2026. *See* Exhs. A-B. The abatement is scheduled to take place on February 24 and February 26, 2026.

## II.  ARGUMENT

### A.  Plaintiffs' Ex Parte Application Does Not Comply with the Local Rules.

Plaintiff's ex parte application is procedurally improper. Local Rule 7-10 provides:

> Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.

L.R. 7-10. Plaintiff cites no statute, rule, or order that permits an ex parte application for an emergency hearing. The proper procedure for seeking emergency relief is a noticed motion accompanied by an order shortening time. The Court should decline Plaintiff's request to schedule a "hearing" without a defined request for relief.

### B.  Harrison Street Encampment Residents Have Been Notified of Their Rights under the ADA.

Plaintiff does not request a modification of the Court's injunction or any other relief. The ex parte application is merely a complaint about the notices of abatement that the City posted on February 18 and February 19. These notices seek to partially abate the public health and safety hazards caused by the encampment to the extent it is permissible to do so under the preliminary injunction issued by the Court in June 2025.

2

Plaintiff's application implies that encampment residents lack notice of their rights under the Americans with Disability Act ("ADA"). That is not correct. City of Berkeley ADA Coordinator Thomas Gregory personally visited the encampment on January 23, February 3, and February 19 to inquire regarding the disability status of the current residents and evaluate requests for reasonable accommodations. Mr. Gregory's declaration accompanies the City's opposition.

Mr. Gregory stopped at every tent and RV and spoke with anyone he saw on the street or sidewalk during these visits, skipping individuals protected by the injunction, and asked whether they had a disability that would prevent them from complying with the order to vacate. Declaration of Thomas Gregory ("Gregory Decl.") ¶¶ 5-8. He provided his card with his contact information. He took note of any requests and has been preparing responses to those requests. *Id.* ¶ 10. He offered to have an in-person meeting with BHU representative Yesica Prado to discuss two requests she submitted on behalf of BHU "members" by email, but she declined. *Id.* ¶ 9. These verbal communications provided meaningful, effective notice of the encampment resident's right to request a reasonable accommodation under the ADA and directly responded to BHU's prior complaints regarding the effectiveness of written notices provided by the City.

And of course, BHU and the "members" that it claims to represent in this litigation have been aware of and actively pursued accommodation under the ADA since the original abatement notice for the encampment was posted in January 2025. *See* Gregory Decl. ¶ 11. The City has detailed its response to requests in prior submissions to the Court. *See, e.g.*, Dkt #194 (Jan. 6, 2026 Joint Status Report).

Plaintiff BHU's insinuation that the lack of reasonable accommodation language in the City's February 18 and February 19 notice somehow violates the ADA is without merit. Plaintiff cites no authority for the proposition that written notice of rights under the ADA is required, particularly when the City has actively solicited requests for reasonable accommodation from encampment residents. Local agencies have discretion as to the methods they use to convey information about rights under the ADA. 28 C.F.R. § 35.106; *O'Byrne v. Reed*, No. CV0908406DMGDTBX, 2010 WL 11596665, at *8 (C.D. Cal. Feb. 5, 2010) (dismissing ADA Title II claim where plaintiff failed to allege "ineffective communication" of reasonable

accommodation rights). Information on submitting accommodation requests has been provided in prior notices, verbally through Mr. Gregory's in-person visits, and on the City's website (https://berkeleyca.gov/your-government/our-work/disability-compliance-program). Given the long history of ADA litigation related to this encampment, it beggars belief that encampment residents lack notice of their rights under the ADA and/or that lack of notice would somehow be cured by a boilerplate statement in the abatement notice.

Rather than repeating information already provided about how to submit accommodation requests, the City conducted extensive in person outreach to help identify and potentially accommodate the needs of disabled residents in the Harrison Street encampment. In addition, the City distributed an abatement notice and accompanying information that focused on providing encampment residents substantive public health information. The notice rightly focused on advising residents that the Harrison Street encampment is unsafe and they should leave. Plaintiff shows no such concern for encampment residents' safety when it conflicts with its political agenda. Regardless, the Court should not entertain Plaintiff's ill-defined and legally baseless request for a "hearing."

## III.  CONCLUSION

The Court should deny Plaintiff's improper ex parte application.

Dated:  February 20, 2026        Respectfully submitted,

BERKELEY CITY ATTORNEY'S OFFICE


By:  /s/Stephen A. Hylas
   Stephen A. Hylas
   Deputy City Attorney
   Christopher D. Jensen
   Assistant City Attorney

   Attorneys for Defendant City of Berkeley