Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Marc Shapp, Deputy City Attorney (State Bar No. 266805)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
Nubyaan Scott, Deputy City Attorney (State Bar No. 331584)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: MShapp@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE, RASHI KESERWANI, DOES 1-10,<br><br>  Defendant. | Case No. 3:25-CV-01414-EMC<br><br>**DECLARATION OF THOMAS GREGORY IN SUPPORT OF CITY OF BERKLEY'S OPPOSITION TO EX PARTE APPLICATION FOR EMERGENCY HEARING** |

I, Thomas Gregory, declare as follows:

    1.    I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

    2.    I have a Juris Doctor degree from the University of California, Davis—School of Law. I am also a Certified ADA Coordinator through the ADA Coordinator Training Certification Program (ACTCP) at the Great Plains ADA Center. This certification verifies that I have completed training in ADA regulations and guidelines.

    3.    I am the City of Berkeley ("City") ADA Program Coordinator. My duties include receiving and responding to requests made by members of the public who require reasonable

accommodations to access City programs, activities, and services. Any documents or correspondence referred to in this declaration are kept by the City in the regular course of business, and it is a regular practice to make and retain such records.

4. In my capacity as ADA Program Coordinator, I participate in meetings and certain activities of the City's Homeless Response Team ("HRT"), a multi-departmental group of City staff working together to address the needs of the unhoused population in Berkeley. Through my participation in the HRT, I understand that the City intends to close the encampment located in the Harrison Corridor during the week of February 23.

5. In order to inform people of their rights under the ADA and to evaluate accommodation requests, I visited the Harrison Corridor encampment three times so far in 2026: January 23, February 3, and February 19. Each time, I walked up and down each of the four segments of the Harrison Corridor encampment, on each side of the street that contained tents and vehicles used as shelter. At every tent or vehicle I would say loudly "Knock knock, City of Berkeley, anyone home?" I spoke with everyone who was willing to speak with me, whether in a tent, vehicle, or walking down the street or sidewalk, and I also gave them my business card with my phone and email address so they could contact me at a later time if desired.

6. On January 23 and February 19, I told each person about the upcoming abatement and asked if they had any disabilities that would prevent them from vacating the campsite. My February 3 visit was for the purpose of evaluating disabilities and accommodations needed in order to participate in the City's voluntary cleanup of the encampment to reduce rodent harborage. On January 23 and February 19, I was careful to avoid talking to people protected by the injunction since the abatement order at issue did not apply to them.[1] I was always accompanied by Okeya Vance-Dozier or Epsilon Galloway so they could help me with the names of people I did not recognize and who would not give their names. I took notes on what everyone said.

7. The following are the names (when I knew them) of the individuals who were willing to speak to me on January 23. I have notes on their responses, which we are discussing

---

[1] I did accidentally talk with Lewanda Parnell about this because she was wearing a mask and I did not recognize her, but I corrected myself and told her this would not apply to her. The same happened with Eric Kaiser because I did not recognize him, but I made sure he knew he would not be required to leave.

2
GREGORY DECLARATION ISO OPPOSITION TO EX PARTE APPLICATION
Case No. 3:25-CV-01414-EMC

internally as to any accommodations we can offer, but I am not including those details to protect their privacy. Most people did not request accommodations.

- Jason "Shrek"
- Larissa Salinova
- Mark Burke
- Anonymous (tall Black man who appeared to be in his late 30s, walking with Yesica and appeared to know her)
- Anonymous (middle-aged Latino who seemed to be living in a car)
- Anonymous (short Caucasian woman, likely in her 30s or early 40s)
- Anonymous (thin Caucasian man with face tattoos and no visible disability)
- Shay Scott
- Anonymous (middle-aged Caucasian man living in a tent)
- Anonymous (middle-aged Black woman)
- Jonny Ruell Holder): Jonny has a pending ADA request that he submitted via email for which we are presently developing a response. At this visit, Yesica was standing with us as we talked. She informed me that BHU would be submitting ADA paperwork soon on his behalf.
- Clarence Nathaniel Bailey
- Eric Keiser: I didn't realize Eric was a protected plaintiff when I spoke with him.
- Alexander Wilson
- Alice Barbee
- Robert Pearce
- Vicky Dunbar

8. The following are the names (when I knew them) of the individuals who were willing to speak to me on February 19 and their responses to my questions about whether they have a disability that would prevent them from leaving the encampment. I have notes on their responses, which we are discussing internally as to any accommodations we can offer, but I am not including those details to protect their privacy. Most people did not request accommodations.

- Thomas Burnett
- Popcorn
- Jacob Clakely
- Greg Grove
- James Ross Patten
- Danielle
- Lewanda Parnell: She told me Yesica would give me information. Lewanda was wearing a mask and I didn't recognize her at first. Once I did, I clearly informed her that the City was not requiring her to leave and that she could disregard my message.
- Alice Barbee
- Robert Parisee
- Vicki Dunbar
- Alex Coon: "I don't want to talk to you. You can talk to Yesica about me." I had received an accommodation request by email from Yesica on behalf of Alex Coon the day before, on February 18.

9. I have received two accommodation requests from Yesica Prado on behalf of two BHU members and Harrison Corridor residents: Jonny Ruell Holder (received around 1am on February 19), and Alex Coon (received February 18). In both emails, Yesica requested an in-person meeting to discuss their requests. While I was visiting the encampment on February 19, Yesica was present and I offered to discuss their requests at that time, but she declined. I am presently working on an email response to their requests.

10. In addition to discussing accommodation requests in person multiple times and disseminating my business card, we also include information about how to request an accommodation to a City service on the City website: https://berkeleyca.gov/your-government/our-work/disability-compliance-program .

11. The original notice for the proposed abatement in the Harrison Corridor, posted on January 7 and January 31, 2025, contained the following language:

4

GREGORY DECLARATION ISO OPPOSITION TO EX PARTE APPLICATION
Case No. 3:25-CV-01414-EMC

DISABILITIES AND REASONABLE ACCOMMODATIONS

You have the right under the Americans with Disabilities Act to request a reasonable accommodation (i.e., a modification of standard City policy, procedure, and/or practice) if your disability prevents you from complying with this notice. To request a reasonable accommodation, please contact the City's ADA Coordinator (email: ada@berkeleyca.gov, phone: 510-981-6418, TTY/TDD: 510-981-6347, and street address: 1947 Center St., 4th Floor, Berkeley 94704). The City may request verification from a licensed medical professional that your disability impedes compliance with the terms of this notice. The City will work with you to identify a mutually agreeable accommodation based on your needs and the goals of this notice but may determine that the requested accommodation cannot be provided. Please make any requests for accommodation as soon as you are able to do so. Failure to request a reasonable accommodation by February 3, 2025 may prevent the City from reaching a resolution to your request prior to the City's abatement of the nuisances.

12. After posting those notices I received accommodation requests from several BHU members. I have corresponded by email extensively with Yesica Prado and/or Gordon Gilmore throughout the past year about every BHU member who has submitted an accommodation request, and I have conducted multiple in-person interactive process meetings with BHU representatives on behalf of their members.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 20, 2026, in Berkeley, California.



THOMAS GREGORY