United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERKELEY HOMELESS UNION,

Plaintiff,

v.

CITY OF BERKELEY, et al.,

Defendants.

Case No. 25-cv-01414-EMC

**ORDER RE JULY 29, 2026 REQUEST FOR TEMPORARY RESTRAINING ORDER**

Docket No. 312

Plaintiff Berkeley Homeless Union ("BHU") filed an ex parte request for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue. Dkt. 312. BHU seeks to enjoin Defendant City of Berkeley (the "City") from closing the Harrison Encampment, presently scheduled for August 3, 2026, under a "Notice of Encampment Closure" and a "Notice of Fire Hazard and Order to Vacate, Correct, and Demolish," both of which were posted July 27, 2026. *Id.*

Under Federal Rule of Civil Procedure 65, the Court may issue a TRO to enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P 65(b). The Court may issue a TRO where the plaintiff has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Under the Ninth Circuit's sliding scale approach, a plaintiff may alternatively establish that there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the plaintiff," and the other *Winter* factors are satisfied. *See All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

As to irreparable harm, balance of equities, and the public interest, the Court incorporates

United States District Court
Northern District of California

by reference the findings in its June 2025 preliminary injunction order and its April 3, 2026 preliminary injunction order.[1] Dkts. 104, 289.

As to likelihood of success on the merits, the Court does not at this stage credit BHU's broader contention that the City's public-health justification for abatement has been abandoned, and does not revisit its holding that the City may proceed with abatement without first securing relocation for every affected member. *See* Dkt. 288. The Court, however, finds that BHU has raised serious questions as to the merits of three narrower, independent points: (1) whether a $100 gift card, offered in lieu of in-kind replacement of sleeping bags and clothing, satisfies the Order's requirement that the City replace essential survival property destroyed during abatement, particularly in light of open questions concerning whether affected claimants can realistically use such a card during an active abatement; (2) whether requiring residents to pre-designate a specific relocation site before the individualized tent-footprint assessment that the Order requires is consistent with that requirement, and whether displacement from a site identified due to lack of City pre-clearance satisfies the requisites of this Court's prior orders; and (3) whether the City's stated policy of declining to store property unrelated to contamination or moisture, including for example, "loose or scattered papers" and "bike carcasses and parts" exceeds the storage-related discretion the Court's Summary Judgment Order afforded the City as to items that are "observably wet, muddy, or plausibly contaminated with leptospirosis." *Id.* at 73.

Accordingly, it is hereby **ORDERED**:

1. Pending further order of the Court, the City, its officers, agents, and all persons acting in concert are **ENJOINED** from closing, clearing, or abating the Harrison Encampment under either the July 27, 2026 Notice of Encampment Closure or the July 27, 2026 Notice of Fire Hazard and Order to Vacate, Correct, and Demolish.

2. This Order is effective immediately and remains in effect through August 13, 2026, unless extended for good cause or by the parties' agreement.

3. The Court construes BHU's motion for TRO as a motion for preliminary injunction.

[1] The legal standard for a TRO mirrors that of a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The City's opposition to BHU's motion for preliminary injunction shall be filed no later than 12:00 p.m. on Wednesday, August 5, 2026. BHU's reply, if any, shall be filed no later than 12:00 p.m. on Friday, August 7, 2026.

4. The Court will hold a hearing on BHU's motion for a preliminary injunction on August 13, 2026 at 1:30 p.m.

**IT IS SO ORDERED**.

Dated: July 30, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California