UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, Plaintiff, v. CITY OF BERKELEY, et al., Defendants. | Case No. 25-cv-01414-EMC<br>**ORDER CLARIFYING INJUNCTIVE RELIEF**<br>Docket No. 312 |

Plaintiff Berkeley Homeless Union ("BHU") moved for a temporary restraining order and preliminary injunction to halt the City of Berkeley's planned closure of the Harrison Encampment, contending that the City's abatement plan violates the Court's April 3, 2026 Summary Judgment Order ("SJ Order") and Preliminary Injunction Order ("PI Order") (together, the "April 3 Orders"). Dkts. 288, 289. The Court **DENIES** BHU's motion, as the Court has already adjudicated the merits of each claim at issue and issued injunctions herein which are still in effect. The Court, however, expressly retained authority to clarify and enforce its rulings, and does so here. Nothing in this Order shall be construed as enlarging or substantively modifying either party's obligations to one another, as set out in the April 3 Orders and all other Orders still in effect.

The City represents that "23 individuals have been granted accommodation from the 3x3-foot rule, consistent with this Court's order." City Opposition (Dkt. 316) at 17. As discussed at the August 13, 2026 hearing on Plaintiff's motion, and pursuant to Dkt. 289 at 9, the Court specified a proactive dispute resolution process. BHU shall endeavor to furnish the City with a list identifying these individuals, the tent sizes necessary to accommodate their respective disabilities, and proposed areas within Berkeley to which they would relocate. *See* SJ Order at 58–59. BHU

United States District Court
Northern District of California

United States District Court
Northern District of California

is directed to provide this information to the City by Thursday, August 20, 2026 at 12:00 p.m. The parties are directed to meet and confer in good faith, and in person on the Berkeley streets, before Thursday, August 27, 2026, to determine which locations would be suitable. The parties shall appear for a status conference on August 28, 2026 to present on the completion of this process and any forthcoming steps related to the Encampment abatement.

The Court reiterates that it expects the Harrison Encampment will, in short order, be abated. Nothing in the April 3 Orders enjoins, on a wholesale basis, abatement. But the City must comply with the Court's April 3 Orders, including requirements to engage in individualized assessments to assess disabled claimants' accommodation needs and conditions on public rights-of-way, and requirements to store and assist in physically moving property that is not plausibly contaminated or that is sealed in City-provided containers. *E.g.*, SJ Order at 58–59, 65. As part of its obligation to comply with these rulings, the City must also provide adequate notice and accurate information about, *e.g.*, storage practices and any criteria about storing items that are sealed in City-provided bins, as represented by the City at the hearing. The City should also make clear to residents the offer to provide tents, sleeping bags, and clothing, or vouches therefor, prior to any closure.

**IT IS SO ORDERED**.

Dated: August 13, 2026

EDWARD M. CHEN
United States District Judge