Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BERKELEY HOMELESS UNION,

Plaintiffs,

vs.

CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE-DOZIER, RASHI KESERWANI, DOES 1-10

Defendant.

Case No.: 3:25-cv-01414-EMC
(Closed Case)

**PLAINTIFF'S MOTION TO ENLARGE TIME FOR FILING MOTION FOR ATTORNEY'S FEES AND COSTS; DECLARATION OF ANTHONY D. PRINCE; [Proposed] ORDER**

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Federal Rules of Civic Procedure 54- (b)(1) and Civil Local Rule 6-3, Plaintiff Berkeley Homeless Union respectfully moves for an order extending the time to file its bill of costs under Civil Local Rule 54-1(a) from September 11, 2026 by ninety (90) days, i.e., to December 11, 2026. Good cause supports this request, as set forth below and in the accompanying Declaration of Anthony Prince.

## II. BACKGROUND

On August 20, 2026, this Court entered its Order Re Motion for Final Judgment, granting permanent injunctive relief in Berkeley Homeless Union's favor on the claims resolved therein. On August 27, 2026 the Court clerk formally entered the Final Judgment and closed the case. As the prevailing party in this civil rights lawsuit, Plaintiff is thereby permitted to submit a bill of cost

under FRP 54(d)(1), which dictates that costs are billable by the prevailing parties providing that a statute, rule, or order does not declare otherwise.

28 U.S.C. § 1920 stipulates that billable costs are extensive, including but not limited to: fees of the clerk and marshal, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case, docket fees under section 1923 of this title, compensation of court appointed experts, compensation of interpreters, salaries, fees, expenses, and costs of special interpretation services, clerk/marshal fees, printing, copying, docket fees, court-appointed experts, and interpreters.

Plaintiffs must complete a precise, labor-intensive accounting within a relatively brief amount of time in order to meet the legal standards of local and federal rules. Civil L.R. 54-1(a) requires that a prevailing party claiming taxable costs must serve and file a bill of costs no later than 14 days after entry of judgment. In this case, that deadline falls on September 3, 2026. It is additionally required that the bill of costs must state each claimed item separately and specifically.

Lastly, all documents must be supported by affidavits under 28 U.S.C. § 1924 attesting that the costs are correctly stated, necessarily incurred, and allowable by law.

Defendant City of Berkeley has not responded to Plaintiff's request for a stipulated extension pursuant to Civil L.R. 6-2. (See, Prince Declaration), Plaintiff accordingly brings this motion requesting an extension of the 14 day deadline under Civil L.R. 6-3.

**III. LEGAL STANDARD**

This motion is filed before the September 11, 2026 deadline has expired, and Plaintiff will show that they meet the applicable "good cause" standard under Fed. R. Civ. P. 6(b)(1)(a). Civil L.R. 6-3(a) requires that the motion be accompanied by a declaration setting forth, with particularity, the reasons for the requested enlargement, the efforts made to obtain a stipulation, the substantial harm or prejudice that would result absent the change, all prior time modifications in the case, and the

effect of the requested change on the case schedule. The declaration of Anthony Prince meets these requirements. The requirement for a proposed order has also been met.

**IV. Argument**

The court has previously found that Fed.R.Civ.P. 6(b)(1) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983) (quoting Staren v. American Nat'l Bank & Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976)). See also Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Here, good cause is supported by the extensive, case-specific administrative burden that adequate billing requires, and the ongoing obligations set forth by both the August 20, 2026 Order of Judgment and the continuation of this case in the 9th Circuit of Appeals.

**A. Good Cause**

i. Administrative Burden

The bill of costs requires a substantial accounting effort, which in this case, is disproportionate to the standard 14-day period. Civil L.R. 54-1(a) requires Plaintiffs state each item of taxable costs separately and specifically, supported by documentation and sworn affidavits under 28 U.S.C. § 1924. Given the scope of this litigation, which is reflected in a docket exceeding 326 entries as of the entry of judgment, compiling and documenting taxable costs under Civil L.R. 54-3 in a manner that will satisfy Civil L.R. 54-2 presents an unreasonable administrative burden that requires substantially more time than the standard period allows. (See Prince Decl.).

Courts have previously recognized administrative burden as an example of good cause. In *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, the court found that Ahanchian provided "good cause" for an extension due in part to voluminous material, specifically a "large number of supporting exhibits attached to defendants' motion" (624 F.3d 1253).

**B. Ongoing Obligations**

Counsel's ongoing, case-related obligations under this Court's August 20, 2026 Order further limit the time available within the standard period. In addition, counsel Anthony Prince is the lead organizer and sole attorney representing all homeless unions across the state of California, and is accordingly previously committed to other, ongoing civil rights litigation for oppressed people who have no alternative option for legal representation (See Prince Decl.) Lastly, this specific case is subject to additional deadlines from the 9th Circuit Court of Appeals; the most forthcoming deadline is September 25, 2026, which is less than 2 weeks after the default deadline for accounting.

**C. Effort to Seek Stipulation**

Before filing this motion, Attorney Anthony Prince emailed Defendant City of Berkeley seeking a stipulation on (date) as required by Civil L.R. 6-3(a)(2). (See Prince Decl.)

**D. Scheduling Conflicts**

The requested enlargement will not prejudice the City or affect the case schedule. No other deadline, hearing, or event in this action depends on the bill-of-costs deadline. By contrast, absent an extension, Plaintiff will be forced to file an estimated bill of costs rather than a true accounting, which is not favored by Civil L.R. 54-2.

**E. Substantial Harm or Prejudice Would Occur if the Court Does Not Change the Time**

Civil L.R. 6-3(a)(2) requires that Plaintiffs demonstrate substantial harm or prejudice that would occur if the Court did not change the time. If Plaintiffs are forced to submit even an estimate of accounting within the current 14 day deadline, it will draw considerable resources away from other obligations, including other litigation for oppressed people who have no alternative option for legal representation in defense of their civil rights matters.

//

//

## V. CONCLUSION

Berkeley Homeless Union respectfully requests that the Court enter the accompanying proposed order extending the deadline to file its bill of costs from September 11, 2026 to December 11, 2026.

Dated: August 27, 2026

Respectfully submitted,
/s/ Anthony D. Prince
Attorney for Berkeley Homeless Union