UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERKELEY HOMELESS UNION, et al.,
Plaintiffs,
v.
CITY OF BERKELEY, et al.,
Defendants.

Case No. 25-cv-01414-EMC

**ORDER RE INDIVIDUAL ACCOMMODATIONS ADJUDICATION AND ABATEMENT**

Docket No. 338

## I. INTRODUCTION

The Court held a Status Conference on September 8, 2026 and issued the following rulings on the parties' disputes regarding the planned September 8, 2026 abatement.

The abatement of the Harrison Encampment may proceed as planned. The Court **GRANTS** temporary injunctive relief from the planned Harrison Encampment abatement as to seven individuals: Bradford Raymer, Jackeline Mendoza, Shawman, Jermaine Lee White, Gregory Grove, Lisa Saechao-y-chain, and Quinton Cocklereese. The Court **DENIES** injunctive relief as to the following 21 individuals, against whom abatement may proceed pursuant to its April 3, 2026 Order Granting In Part and Denying In Part Cross-Motions for Summary Judgment ("SJ Order") and August 13, 2026 Order Clarifying Injunctive Relief ("Clarifying Order"): Alice Barbee, Hector Navarro, Robbie Peddycoart, Robert Pearce, Alexander Wilson, Erik Alexander Coon, Kevin Martinez, Patrick Ford, Erik Keiser, Charles Dye, Andrew Venderzyl, Ramondo Mackey, Thomas Barnett, Erin Spencer, Monique Williams, Jason Charette, Kittivutt Patanapanich, Merced Dominguez, Yesica Prado, Jonny Ruel Holder, and Ray Johnson. Dkts. 288, 322. Abatement may proceed against these campers provided they are given 72-hour notice.

The Court notes that any claim for relief from the abatement is moot as to Lewanda Parnell

United States District Court
Northern District of California

for whom the reasonable accommodation of relocation to Ninth and Camelia Street was approved by the City.

The Court retains jurisdiction over the seven individuals for whom it grants temporary injunctive relief. Pending procedural requirements pursuant to the Federal Rules of Civil Procedure Rule 53, the Court intends to appoint Magistrate Judge Ajay Krishnan as Special Master to adjudicate any claims for reasonable accommodations asserted by the remaining twenty-one individuals which are not resolved via an interactive process between the parties.

## II. LEGAL STANDARD

The Court may grant injunctive relief where the plaintiff has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Under the Ninth Circuit's sliding scale approach, a plaintiff may alternatively establish that there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the plaintiff," and the other Winter factors are satisfied. *See All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Here the temporary injunctive relief against the abatement is pursuant to and is an enforcement of the Court's prior orders which sets forth certain rights.

## III. ANALYSIS

### A. Relocation to Fourth and Camelia Street

Bradford Raymer and Jackeline Mendoza requested to relocate 11' x 20' tents to Fourth and Camelia Street. Joint Status Report at 3-4. The Court **GRANTS** temporary injunctive relief from the September 8, 2026 Harrison Encampment abatement as to Mr. Raymer and Ms. Mendoza.

The Court incorporates by reference its prior holdings as to the likelihood of irreparable harm and the balance of hardships and public interest implicated by the public health crisis impacting the Harrison Encampment. Dkts. 104, 289. The Court finds that these members have

demonstrated a likelihood of success on the merits as to the reasonableness of their accommodations requests. The City has confirmed that the Fourth and Camelia location at a dead-end street adjacent to a fenced railroad track is "potentially viable" for relocation, subject to tent size restrictions. Joint Status Report at 14. The Court finds that given the viable location, and the potential for Mr. Raymer and Ms. Mendoza to agree to reduce their tent footprint during the still-ongoing interactive process, there is a likelihood of success that there is a reasonable accommodation that can be extended to these individuals. They are entitled to pursue the interactive process which should result in such accommodation. Abatement is thus enjoined as to these two individuals to allow further interactive process engagement as to tent size. The injunction shall remain in place until this Court has determined that the City has offered a reasonable accommodation.

To facilitate the abatement and minimize confusion, the Court orders BHU to use its best efforts to place identification on any property belonging Mr. Raymer and Ms. Mendoza located in the Harrison Encampment abatement area.

It is ordered that by close of business on September 9, 2026, Plaintiff shall provide to the City in writing the final tent sizes requested by Bradford Raymer and Jackeline Mendoza for relocation to Fourth and Camelia Street.

It is further ordered that by close of business on September 11, 2026, the parties shall file a joint report as regarding the interactive process as to Bradford Raymer and Jackeline Mendoza's requests for relocation to Fourth and Camelia Street. This joint report shall include Plaintiff's final reasonable accommodation request, and the City's best offer of an accommodation.

**B. Relocation to "No Lodging/TNC Prohibited" Areas**

Shawman, Jermaine Lee White, and Gregory Grove requested relocation to 1499-1451 Second St. Joint Status Report at 2-3. Lisa Saechao-y-chain and Quinton Cocklereese requested

accommodations at Second and Page St. *Id.* at 3-4. The City states these two locations are not reasonable accommodations because they are "No Lodging/TNC Prohibited" areas as designated by the City. *Id.* at 12-13. The Court **GRANTS** temporary injunctive relief from the September 8, 2026 Harrison Encampment abatement as to these five individuals.

The Court finds that these members have demonstrated a likelihood of success on the merits as to the reasonableness of their accommodations requests. The City has not shown that relocation of BHU members to these "No Lodging/TNC Prohibited" locations pursuant to AR 10.2 is unreasonable, or that the accommodations to those locations would constitute a "fundamental alteration" to a City program. *See* Alexander v. Choate, 469 U.S. 287, 300–01 (1985). As stated during the hearing, the City has not engaged in the multi-step "fundamental alteration" analyses based on this aspect of AR 10.2, and the record is thin – indeed non-existent – as to the City's rationale for these "No Lodging" designations. At the hearing, counsel could not explain why these areas were so designated. Because these members are likely to succeed on the merits that their accommodation request was reasonable and thus wrongfully denied, temporary injunctive relief from the abatement without the provision of a reasonable accommodation is granted. The injunction shall remain in place until this Court has determined that a reasonable accommodation has been offered by the City.

To facilitate the abatement and minimize confusion, the Court orders BHU to use its best efforts to place identification on any property belonging to Shawman, Jermaine Lee White, Gregory Grove, Lisa Saechao-y-chain, and Quinton Cocklereese located in the Harrison Encampment abatement area. The Court emphasizes that the injunctive relief granted is temporary. The parties must continue to engage in the interactive process to locate a reasonable accommodation. By close of business on September 18, 2026, the parties shall file a joint report describing the conclusion of the interactive process as to the five individuals seeking relocation to areas the City has deemed "No Lodging/TNC Prohibited" areas, as set forth above. This joint

report shall include Plaintiffs' final reasonable accommodation request, and the City's best offer of a reasonable accommodation.

**C. Relocation to Vacant City-Owned Lots**

Alice Barbee, Hector Navarro, Robbie Peddycoart, Robert Pearce, and Alexander Wilson requested relocation to vacant City-owned lots. Joint Status Report at 19-20. The Court **DENIES** injunctive relief from the September 8, 2026 Harrison Encampment abatement as to these five individuals.

These individuals are unlikely to succeed on the merits given the present record. The underlying assumption of the Court's summary judgment order involved accommodations in public rights-of-way. SJ Order at 54-60. The order defined the "program" for purposes of the ADA as the sidewalks and public ways of the City, not public lots. During the August 28, 2026 hearing, the Court informed Plaintiff's counsel that counsel would have the heavy burden of demonstrating that the City's imposition of restrictions on rights-of-way would be so onerous as to foreclose *any* relocation to sidewalk locations in Berkeley for its members before the Court would consider reconsideration of its underlying assumption. Moreover, there would have to be substantive briefing before this Court could reconsider the definition of the applicable program.

Furthermore, on August 28, 2026, the Court's order regarding planned abatement encouraged requestors to list "at least 1-3 preferred relocation areas." Dkt. 331 at 1. Plaintiffs have not demonstrated that there are no other available sidewalks such that a vacant City-owned lot would be the only viable option for relocation. Indeed, other individuals have located viable sidewalk locations. Thus, Plaintiffs' have not demonstrated a likelihood of success on the merits of their claim that encampment on public lots is a reasonable accommodation, at least on this record.

Thus, injunctive relief is denied, and abatement may proceed against these individuals.

United States District Court
Northern District of California

Because this holding is entered without prejudice, members are not barred from otherwise filing other requests for reasonable accommodations following abatement.

**D. "Undecided" Relocation Requests**

Erik Alexander Coon, Kevin Martinez, Patrick Ford, Erik Keiser, Charles Dye, Andrew Venderzyl, and Ramondo Mackey have filed accommodations requests for various tent sizes, but have not specified a location for relocation in their requests. *See* Joint Status Report at 20-21. The Court **DENIES** injunctive relief from the September 8, 2026 Harrison Encampment abatement as to these seven individuals.

The Court finds that these members have not demonstrated a likelihood of success on the merits as to the reasonableness of their accommodations requests. On this record, there is no information regarding proposed locations such that the City could have denied a reasonable accommodation. To repeat, the Court clearly set forth the requirement that members provide one to three desired locations for relocation. *See* Dkt. 331 at 1. The Court imposed this condition in order to ensure the initiation of the interactive process by individuals seeking accommodations. Because these members' failure to provide a desired location has prevented engagement in the interactive process, they have not, on this record, established likelihood of the success on the merits of a claim for reasonable accommodations.

Thus, injunctive relief is denied, and abatement may proceed against these individuals who did not specify a desired relocation area. Because this holding is entered without prejudice, members are not barred from otherwise filing other requests for reasonable accommodations following abatement.

**E. Vehicle residents' storage requests**

Thomas Barnett, Erin Spencer, Monique Williams, Jason Charette, Kittivutt Patanapanich,

Merced Dominguez,[1] Yesica Prado, Jonny Ruel Holder, and Ray Johnson requested space within the abatement area (Eighth and Harrison) to store property outside of their vehicle residences. *See* Joint Status Report at 20-22. The Court **DENIES** injunctive relief from the September 8, 2026 Harrison Encampment abatement as to these nine individuals.

The Plaintiff does not specify these vehicle residents' medical conditions or disability, why the types of equipment or belongings related to their disability or survival do not fit within the vehicle, and why the listed requested space for each individual (ranging from 3x5 to 11x20 feet) is required. *See id.* Because these members have failed to individually establish a nexus between their disability and the need for additional sidewalk space outside of their vehicle, the Court holds that these requests are properly denied as unreasonable. This holding is also without prejudice so as not to preclude any future reasonable accommodations requests by these individuals based on specific factual showing.

**F. Appointment of a Special Master**

The Court intends to appoint Magistrate Judge Ajay Krishnan as a Special Master Pursuant to Federal Rule of Civil Procedure 53 to adjudicate accommodations issue relating to the individuals for whom this order denies injunctive relief and will issue an order.

## IV. CONCLUSION

The Court retains jurisdiction over the seven individuals for whom it has granted temporary injunctive relief for the September 8, 2026 planned abatement.

The Court further orders the following filings as to the individuals it retains jurisdiction over:

[1] The Court notes that Ms. Dominguez's prior request for sidewalk space to keep garbage cans outside her RV was previously denied. *See* SJ Order at 55 n.1. Ms. Dominguez's present request to accommodate "survival gear and supplies for her emotional support animals" still fails because the record does not establish a nexus between her disability and the need for additional space outside of her RV.

United States District Court
Northern District of California

a. By close of business on September 9, 2026, Plaintiff shall provide to the City the final tent sizes requested by Bradford Raymer and Jackeline Mendoza for relocation to Fourth and Camelia Street.

b. By close of business on September 11, 2026, the parties shall file a joint report as to Bradford Raymer and Jackeline Mendoza's requests for relocation to Fourth and Camelia Street. This joint report shall include Plaintiff's final reasonable accommodation request, and the City's last best offer of accommodation.

c. By close of business on September 18, 2026, the parties shall file a joint report as to the five individuals seeking relocation to areas the City has deemed "No Lodging/TNC Prohibited" areas. This joint report shall include Plaintiff's final reasonable accommodation request, and the City's last best offer of accommodation.

**IT IS SO ORDERED**.

Dated: September 9, 2026



EDWARD M. CHEN
United States District Judge