United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERKELEY HOMELESS UNION, et al.,
Plaintiffs,
v.
CITY OF BERKELEY, et al.,
Defendants.

Case No. 25-cv-01414-EMC

**ORDER APPOINTING SPECIAL MASTER**

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 53, Magistrate Judge Ajay Krishnan is appointed as Special Master. The parties were given notice at the hearing held on September 8, 2026 of the Court's intent to appoint the Special Master for the purposes specified herein. The parties also were provided notice and the opportunity to be heard regarding the appointment of Magistrate Judge Krishnan, and the scope of the Special Master's duties.

The Special Master filed a declaration under 28 U.S.C. § 455 stating that there are no grounds for disqualification. Dkt. 344. During the course of the proceedings, the Special Master and the parties shall notify the Court immediately if they become aware of any new potential grounds for disqualification.

The Court has considered the fairness to the parties of appointing a Special Master, with respect to the likely expenses and time involved. Given the rights at stake and the interests in expeditiously resolving the potential remaining ADA accommodations issues as discussed at the hearing and previously, the Court finds appointment of the Special Master is in the best interests of the parties and to the Court and will expedite resolution of the issues assigned to the Special Master.

1. Scope of Special Master's Duties

The Special Master shall have all the authority provided in Rule 53(c) to determine, consistent with this Court's prior orders, the reasonableness of any requests for accommodations of certain identified individual BHU members and the city's responses thereto. *See* Dkts. 288, 289, 322, 331, 342. In so doing, the Special Master may opine as to what constitutes a reasonable accommodation. The adjudication of accommodations requests within the purview of the Special Master's duty under this order are limited to those that may be submitted by the following individuals: Alice Barbee, Hector Navarro, Robbie Peddycoart, Robert Pearce, Alexander Wilson, Erik Alexander Coon, Kevin Martinez, Patrick Ford, Erik Keiser, Charles Dye, Andrew Venderzyl, Ramondo Mackey, Thomas Barnett, Erin Spencer, Monique Williams, Jason Charette, Kittivutt Patanapanich, Merced Dominguez, Yesica Prado, Jonny Ruel Holder, and Ray Johnson. Dkt. 342.

The Special Master shall have the full authority to investigate (*see* Rule 53(b)(2)(A)) and adjudicate the parties' disputes over requests for accommodations, including reviewing relevant documents, conducting site inspections, interviewing persons, and, in his discretion, holding hearings. In doing so, the Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, and to take and obtain evidence, including that obtained through inspections and interviews. The Special Master shall have the fullest authority permissible under Rule 53 to carry out the assigned duties.

The Special Master shall adjudicate the parties' accommodations disputes and file reports with this Court as matters arise pursuant to Rule 53(e). Absent stipulation to the Special Master's recommendations or for a narrower scope of review, the Court will review the reports de novo under Rule 53(f)(3). Any objections to the Special Master's recommendation must be filed with this Court within ten (10) days of the Special Master's recommendation. The Special Master may *sua sponte* refer matters to this Court if it believes the reasonableness of an accommodation

involves a question outside the scope of the Court's prior orders. Otherwise, the Master has the authority to interpret this Court's prior orders in executing the duties described herein.

2. *Ex Parte* Communications

Pursuant to Rule 53(b)(2)(b), the Special Master may communicate *ex parte* with the Court at any time. The Special Master shall only communicate *ex parte* with any party or witness if the subject of the *ex parte* communication is provided twenty-four hour notice. The Special Master shall provide a summary of any such *ex parte* communication of the communication to all parties in this suit within a reasonable time thereafter. If any party wishes any proceeding or filing by the Special Master sealed from the public, it shall make an appropriate motion to the Special Master. Any sealing must be justified by good cause.

3. Preservation of Records

The Special Master shall maintain files consisting of all documents submitted by the parties and any written orders, findings, interview notes or transcripts, and/or reports and recommendations. The Special Master shall file any written orders, findings, and/or reports and recommendations with the Court via the Court's Electronic Case Filing system, and preserve all filings, documents upon which the Master relied. If an evidentiary hearing is held by the Special Master, a transcript shall be prepared by a court certified reporter.

4. Action on Special Master's Orders, Reports, or Recommendations

Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within ten (10) days. In acting on an order, report, or recommendation of the Special Master, all parties will be afforded an opportunity to be heard and the Court may, in its discretion, receive additional evidence and adopt, affirm, modify, wholly or partly reject or reverse, or make any further orders it deems appropriate.

5. Compensation of Special Master

No compensation shall be awarded to the Special Master.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: September 10, 2026

EDWARD M. CHEN
United States District Judge