**Anthony D. Prince (SBN # 202892)**
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BERKELEY HOMELESS UNION,

Plaintiffs,

vs.

CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE-DOZIER, RASHI KESERWANI, DOES 1-10

Defendant.

Case No.: 4:25-cv-01414-EMC

**PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

## I. INTRODUCTION

Plaintiff Berkeley Homeless Union ("BHU") respectfully applies ex parte for a temporary restraining order ("TRO") enjoining Defendant City of Berkeley (the "City") from abating the Harrison Encampment on September 15, 2026, or taking any enforcement action against the 19 BHU members with pending disability accommodation requests identified in the accompanying Declaration of Yesica Prado.

The City plans to abate the encampment at 6:00 a.m. on September 15, 2026—less than 24 hours from the time of this application. BHU submitted the 19 pending accommodation requests to the City on September 14, 2026 at 11:46 a.m. The City has not responded to those requests, has not engaged in the interactive process, has not conducted individualized assessments, and has not confirmed that it will refrain from abating the encampments of these individuals while their requests are pending.

The Court's August 28, 2026 Order provides that "[i]ndividuals who timely file accommodation requests related to the 3x3 Rule shall be exempt from encampment abatement until their claims are adjudicated by the Court." Dkt. 331 at 2. The 19 individuals identified in the Prado Declaration timely filed accommodation requests. They are therefore exempt from abatement. The City's plan to abate their encampments violates the Court's order and the ADA.

## II. FACTUAL BACKGROUND

On April 3, 2026, the Court granted partial summary judgment for BHU, holding that the City violated Title II of the ADA by failing to provide reasonable accommodations. Dkt. 288. On August 20, 2026, the Court entered final judgment and permanent injunctive relief. Dkt. 326.

On August 28, 2026, the Court ordered that "[i]ndividuals who timely file accommodation requests related to the 3x3 Rule shall be exempt from encampment abatement until their claims are adjudicated by the Court." Dkt. 331 at 2.

On September 10, 2026, the Court appointed Magistrate Judge Ajay Krishnan as Special Master to adjudicate the accommodation requests of the remaining BHU members. Dkt. 345. On September 11, 2026, the City posted a Notice of Encampment Closure requiring all individuals

within the Harrison Corridor to remove their tents, structures, and personal property by September 15, 2026. Prado Decl., Ex. A.

The Notice states that accommodation requests are "encouraged" to be submitted no later than September 14, 2026. Id.

On September 14, 2026, at 11:46 a.m., BHU submitted a list of 19 BHU members with pending ADA accommodation requests to the City. Prado Decl. ¶ 10; Ex. B.

The City did not respond to BHU's September 14 email before the close of business. The City has also not confirmed that it will refrain from abating the encampments of the 19 individuals with pending accommodation requests.

The City has not engaged in the interactive process with any of these individuals. The City has not conducted any kind of individualized assessments for these individuals. The City intends to proceed with the abatement on September 15, 2026, at 6:00 a.m. Prado Decl. ¶ 22.

## III. LEGAL ARGUMENT

### A. Legal Standard

A TRO may issue where the plaintiff establishes: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Under the Ninth Circuit's sliding scale approach, a plaintiff may alternatively establish that there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the plaintiff," and the other *Winter* factors are satisfied. All. for the *Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

### B. BHU Is Likely to Succeed on the Merits

BHU is likely to succeed on the merits because the City's plan to abate the encampments of the 19 individuals with pending accommodation requests violates the Court's August 28, 2026 Order.

That Order provides: "Individuals who timely file accommodation requests related to the 3x3 Rule shall be exempt from encampment abatement until their claims are adjudicated by the Court." Dkt. 331 at 2. The 19 individuals identified in the Prado Declaration timely filed their

accommodation requests on September 14, 2026—before the City's "encouraged" September 14 deadline. Therefore, they should be exempt from having their shelter and property destroyed during the abatement.

The City's own Notice confirms that accommodation requests were to be submitted by September 14. Prado Decl., Ex. A. BHU complied. The City cannot now abate the encampments of individuals who complied with its own deadline.

The Court has also repeatedly held that the City "may not summarily conclude that a requested accommodation is unreasonable without undergoing this investigative process." Dkt. 288 at 21. The City has not begun the investigative process for any of the 19 individuals. It has simply stated that it "has fully complied" without even responding to the requests and that it may proceed with abatement.

C. BHU Will Suffer Irreparable Harm

BHU members with pending accommodation requests will suffer irreparable harm if the City proceeds with the abatement on September 15, 2026.

They will lose their shelter and be forced to sleep on the street without protection from the elements. They will lose their medical supplies, mobility aids, and other essential belongings for survival. They will be displaced without any approved relocation site. Several BHU members have severe disabilities that make them especially vulnerable to harm from displacement.

The harm is not compensable by monetary damages. Once their shelter and personal property are destroyed, they cannot be replaced. The City has a documented pattern of abating encampments without providing accommodations—including the August 26, 2026 abatement of Ms. Sunny Jean Yow's encampment, where Ms. Yow was arrested, her dogs were taken to the shelter, and all of her property was destroyed. Prado Decl. ¶ 28.

D. The Balance of Equities and Public Interest Favor Relief

The balance of equities tips sharply in BHU's favor. The City will suffer no harm from a brief delay while the Special Master adjudicates the pending accommodation requests. BHU members, by contrast, will suffer irreparable harm if their shelter and property are destroyed.

The public interest also favors relief. The public has a strong interest in ensuring that the City complies with the Court's orders and provides reasonable accommodations to disabled individuals before abating their encampments. *Tennessee v. Lane*, 541 U.S. 509, 532 (2004).

## IV. REQUESTED RELIEF

BHU respectfully requests that the Court:

1. Issue a temporary restraining order enjoining the City from abating the encampments of the 19 BHU members with pending accommodation requests identified in the Prado Declaration;
2. Enjoin the City from taking any enforcement action against these individuals until the interactive process is complete and, if necessary, the Special Master or the Court has adjudicated their requests;
3. Enjoin the City from destroying, seizing, or discarding any property belonging to these individuals without complying with the Court's permanent injunction;
4. Set an expedited hearing on a preliminary injunction; and
5. Grant such other and further relief as the Court deems just and proper.

## V. NOTICE AND CONFERENCE

Undersigned counsel has conferred with counsel for the City regarding this application. The City opposes the relief requested.

## VI. CONCLUSION

For the foregoing reasons, BHU respectfully requests that the Court grant this emergency ex parte application for a temporary restraining order.

Dated: September 14, 2026

Respectfully submitted,

/s/ Anthony D. Prince

Attorney for Berkeley Homeless Union