United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION, et al.,<br>Plaintiffs,<br>v.<br>CITY OF BERKELEY, et al.,<br>Defendants. | Case No. 25-cv-01414-EMC (EMC)<br><br>**DENYING TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 356 |

On September 14, 2026, Plaintiffs filed an "Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue." Dkt. 356 ("TRO"). Plaintiffs request that this Court issue a temporary restraining order (TRO) enjoining the September 15, 2026 abatement of encampments for 19 BHU members it claims submitted accommodations requests to the City on September 14, 2026. *Id.* at 2.

Plaintiffs represent that on September 11, 2026, the City "posted a Notice of Encampment Closure requiring all individuals within the Harrison Corridor to remove their tents, structures, and personal property by September 15, 2026." TRO at 2-3; Dkt. 351-1 (Prado Decl.) at 2. They also represent that the notice "encouraged" accommodation requests be submitted to the City no later than September 14, 2026. TRO at 3. Plaintiffs claim that on September 14, 2026, they submitted "a list of 19 BHU members with pending ADA accommodation requests" to the City, but that the City did not respond by close of business. *Id.*

The Court notes that while Plaintiffs reference an "Exhibit B" purportedly listing the nineteen members with pending requests, the document referenced is not filed in the docket. *See* Prado Decl. at 3. From Plaintiffs' filed papers, it appears Plaintiffs refer to 19 of the 21 individuals who were denied injunctive relief in the Court's September 10, 2026 Order Re

Individual Accommodations Adjudication and Abatement. Dkt. 342 ("Order re Adjudication"), as described below.

The Court **DENIES** Plaintiffs' motion for a temporary restraining order.

In its September 10, 2026 Order re Adjudication, this Court granted temporary injunctive relief from the planned Harrison Encampment abatement as to seven individuals, and denied injunctive relief as to "21 individuals, against whom abatement may proceed[.]" Order re Adjudication at 1.

Plaintiffs' citation to the Court's August 28, 2026 regarding the Harrison Encampment abatement for the proposition that "[i]ndividuals who timely file accommodation requests related to the 3x3 Rule shall be exempt from encampment abatement until their claims are adjudicated by the Court" misconstrues this Court's orders. *See* TRO at 2-3 (quoting Dkt. 331 at 2, "Order re Planned Abatement"). The timely filing of accommodations requests in the Court's August 28, 2026 Order re Planned Abatement referred to a September 1, 2026 deadline for Harrison Encampment residents to submit request with the City. Order re Planned Abatement at 1-2. In the same order, the Court stated it intended to resolve the reasonableness of the requests presented to the Court in a September 3, 2026 joint brief at the hearing on September 8, 2026. *Id.* at 2.

All requests filed with the City by September 1, 2026 and presented in the September 3, 2026 joint brief were adjudicated at the September 8, 2026 hearing before this Court for purposes of determining injunctive relief from abatement. The Court expressly adjudicated the 29 requests for accommodations presented to the Court, and after doing so, denied injunctive relief as to 21 individuals "against whom abatement may proceed." Order re Planned Abatement at 1-2, 5-6 (denying injunctive relief for five individuals who requested relocation to vacant City-owned lots), 6 (denying injunctive relief for seven individuals who did not specify a location for relocation in their requests), 6-7 (denying injunctive relief for seven individuals requesting to store property outside of their vehicle residences).

To the extent the Court appointed a Special Master to adjudicate accommodations requested by the 21 individuals for whom injunctive relief was denied, the Court held that the denial of injunctive relief was without prejudice so as not to preclude any future reasonable



United States District Court
Northern District of California

accommodations requests by these individuals. Order re Planned Abatement at 5-7. Again, that holding did not otherwise enjoin abatement as to those individuals denied injunctive relief from abatement. There's no basis to reconsider that order.

The Court thus **DENIES** Plaintiffs' temporary restraining order application.

**IT IS SO ORDERED**.

Dated: September 14, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California