**Anthony D. Prince (SBN # 202892)**
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE-DOZIER, RASHI KESERWANI, DOES 1-10<br><br>Defendant. | Case No.: 3:25-cv-01414-EMC<br>Closed case<br><br>**NOTICE – RE: CORRECTION ON EXHIBITS** |

## I. INTRODUCTION

Plaintiff Berkeley Homeless Union ("BHU") respectfully submits this Notice of Corrected Filing and Request for Reconsideration of the Court's September 14, 2026 Order Denying Temporary Restraining Order (Dkt. 356). The Court's denial was based on a procedural defect—the declaration and exhibits referenced in BHU's application were not filed in the docket. BHU now files the corrected declaration and exhibits. With the complete record before it, the Court should reconsider its denial because the facts establish that the City's September 15, 2026 abatement will violate the Court's orders.

## II. THE COURT'S DENIAL WAS BASED ON A PROCEDURAL DEFECT

In its September 14, 2026 Order, the Court stated: "The Court notes that while Plaintiffs reference an 'Exhibit B' purportedly listing the nineteen members with pending requests, the document referenced is not filed in the docket." Dkt. 356 at 1.

Because the declaration and exhibits were not filed, the Court did not have before it:

a. Exhibit A: The City's NEW Notice of Encampment Closure dates September 11, 2026;

b. Exhibit B: The list of 19 BHU members with pending accommodation requests submitted on September 14, 2026; and

c. Exhibit C: The email exchange showing BHU submitted the list at 11:46 a.m. and the City did not respond before close of business.

BHU now files the corrected declaration and exhibits. A true and correct copy of the Declaration of Yesica Prado with Exhibits A through D is attached hereto.

## III. THE COURT'S SUBSTANTIVE CONCLUSION WAS BASED ON INCOMPLETE INFORMATION

In its September 14, 2026 Order, the Court concluded that the 19 individuals referenced in BHU's application were the same individuals whose requests were adjudicated on September 8, 2026. Dkt. 356 at 1-2.

BHU respectfully notes that they are not the same individuals. The 19 BHU members identified in Exhibit B include new individuals who were not before the Court on September 8,

2026. New facts—specifically, new proposed relocation sites—are also before the City for the first time and have not been assessed.

The Court's August 28, 2026 Order addressed accommodation requests submitted by September 1, 2026, and adjudicated at the September 8, 2026 hearing. Dkt. 331.

The City's September 11, 2026 Notice created a new deadline of September 14, 2026 for accommodation requests in connection with the September 15 abatement. The Notice states that accommodation requests are "encouraged" to be submitted "no later than SEPTEMBER 14, 2026." Prado Decl., Ex. A.

The 19 individuals identified in Exhibit B submitted their requests in response to the September 11 Notice—not the September 1 deadline. Their requests have not been adjudicated by this Court in their current format.

**IV. THE SEPTEMBER 11 NOTICE IS A NEW NOTICE WITH NEW DEADLINES**

The September 11, 2026 Notice is a new notice that sets new deadlines for compliance. It is not the same notice that was before the Court on August 28 or September 8.

The Notice requires all individuals within the Harrison Corridor to remove their tents, structures, and personal property by September 15, 2026. Prado Decl., Ex. A.

A new notice provides a new opportunity for individuals to request accommodations. The Court's August 28 order addressed the September 1 deadline. The September 11 Notice addressed a different deadline. BHU complied with the new deadline, and timely filed requests for accommodations for its members.

**V. THE COURT'S PRIOR ORDERS PRESERVE THE RIGHT TO REQUEST ACCOMMODATIONS**

The Court has repeatedly held that individuals not covered by the September 10 order still have the right to request accommodations. The Court's September 10 order denying injunctive relief as to 21 individuals was "without prejudice so as not to preclude any future reasonable accommodations requests by these individuals." Dkt. 342 at 5-7.

The Court's September 10 order also referred these individuals to the Special Master for adjudication of their accommodation requests. Dkt. 345.

The 19 individuals identified in Exhibit B are exercising their right to request accommodations. Their ADA rights have not been erased. BHU members followed the ADA provision of this new abatement notice dated September 11, 2026, and submitted accommodation requests that the City has ignored.

The City has not engaged in the interactive process with any of these individuals. The City has not conducted individualized assessments. The City has not provided any information about relocation. The City has simply stated that it "has fully complied" and that it may proceed with abatement.

## VI. REQUEST FOR RECONSIDERATION

BHU respectfully requests that the Court reconsider its September 14, 2026 Order Denying Temporary Restraining Order in light of the corrected declaration and exhibits.

With the complete record before it, the Court can see that:

a. The 19 individuals are not the same individuals whose requests were adjudicated on September 8;

b. The September 11 Notice created a new deadline of September 14, 2026;

c. BHU complied with the new deadline;

d. The City did not respond before close of business; and

e. The City has not engaged in the interactive process.

**BHU respectfully requests that the Court:**

a. Reconsider its September 14, 2026 denial;

b. Issue a temporary restraining order enjoining the City from abating the encampments of the 19 BHU members with pending accommodation requests identified in Exhibit B;

c. Enjoin the City from taking any enforcement action against these individuals until the interactive process is complete and, if necessary, the Special Master or the Court has adjudicated their requests;

d. Enjoin the City from destroying, seizing, or discarding any property belonging to these individuals without complying with the Court's permanent injunction; and

e. Set an expedited hearing on a preliminary injunction.

**VIII. CONCLUSION**

For the foregoing reasons, BHU respectfully requests that the Court reconsider its September 14, 2026 Order Denying Temporary Restraining Order and grant the relief requested.

Dated: September 14, 2026

Respectfully submitted,

/s/ Anthony D. Prince

ANTHONY D. PRINCE

Attorney for Plaintiffs