Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorney for Plaintiff Berkeley Homeless Union

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 3:25-cv-01414-EMC<br><br>**PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER TO ENFORCE FINAL JUDGMENT (DKT. 326) AND SUMMARY JUDGMENT ORDER (DKT. 288)**<br><br>Judge: Hon. Edward M. Chen |

## I. RELIEF REQUESTED

The City of Berkeley is currently destroying valuable, non-hazardous property of BHU members with backhoes and other heavy equipment, and preventing disabled individuals from getting packing assistance. Plaintiff Berkeley Homeless Union ("BHU") applies under Fed. R. Civ. P. 65(b), Civil L.R. 65-1, and this Court's retained jurisdiction to enforce its judgment, for an order immediately restraining the City of Berkeley from destroying the tents, shelters, and non-contaminated property of BHU members at the Eighth and Harrison Encampment except in compliance with the Court's Order Granting in Part Cross-Motions for Summary Judgment (Dkt. 288) and Final Judgment (Dkt. 326).

## II. FACTS

On the morning of September 15, 2026, beginning about 6:00 a.m., the City cordoned off the northern section of Eighth and Harrison with police tape and began abatement. (Decl. of Yesica Prado ¶ 2; Decl. of Robbie Powelson ¶¶ 2–6.) Police threatened BHU advocates with arrest if they entered to help disabled members pack and move, and physically pushed them away from the dwelling of disabled BHU member Héctor Navarro, who has a pending ADA accommodation request. (Prado ¶¶ 2–4, 6.) Officers barred advocates from translating for Mr. Navarro, a Spanish speaker, who was told to leave “right now,” did not understand what was happening, and could carry away only a fraction of his belongings. (Id. ¶¶ 3, 5–7.)

The City provided no packing or moving assistance and no replacement tents. (Powelson ¶¶ 2–3; Prado ¶ 12.) A skid steer pushed Mr. Navarro’s remaining property into a pile, and a backhoe crushed clean, operable bicycles, a trailer, and other dry, plainly valuable items and loaded them into a truck (Powelson ¶¶ 4–6.) By mid-morning roughly 8 to 10 shelters had been destroyed, including the shelter of BHU member Jeremaine Lee White who was protected by this court; nothing was stored, and no replacement gear or retrieval vouchers were issued. (Prado ¶¶ 10, 12.) City officials, including Defendant Peter Radu, refused to speak with BHU about the Court’s orders. (Id. ¶¶ 8–9, 11.)

## III. THE CITY IS VIOLATING THE COURT’S ORDERS

**Physical assistance and storage.** For disabled members, the City “must provide physical packing and moving assistance,” “sort and store non-contaminated property for a minimum of 90 days,” and “replace any essential survival property (e.g., tent, sleeping equipment, and basic clothing)” that is destroyed. (Dkt. 288 at 73; see id. at 65; Dkt. 326 at 4.) Dry, intact items “shall

be moved with assistance and/or stored." (Dkt. 288 at 63.) None of this happened for Mr. Navarro. (Prado ¶¶ 5–6; Powelson ¶¶ 2–6.)

**Destruction of tents and shelter.** For all BHU members at Harrison, where abatement results in the loss of a tent, the City commits a state-created danger "unless the City allows for the retention of existing tents or shelter, considers reasonable accommodations allowing for continued shelter, or provides a replacement tent or shelter." (Dkt. 288 at 73; see id. at 66.) The City is destroying shelters and providing no replacements. (Prado ¶¶ 10, 12; Powelson ¶ 2.)

**Non-contaminated property.** The Court's leptospirosis exception reaches only items "observably wet, waterlogged, muddy, or porous." (Dkt. 288 at 63, 65.) Clean, operable bicycles and a trailer are none of those; they are the kind of property the City's own regulation requires it to hold for 90 days. (Id. at 63 (A.R. 10.1); Powelson ¶¶ 3–6.)

**Communication and interactive process.** The City must honor its commitment to "patient, low-stimulation communication." (Dkt. 288 at 74; Dkt. 326 at 5.) Ordering a disabled, non-English-speaking member out "right now" while blocking translation does not comply. (Prado ¶¶ 3, 5, 7.)

## IV. A TRO IS WARRANTED

Plaintiff has already prevailed on the merits; the question is compliance. Irreparable harm is ongoing: shelters and survival property are being destroyed as this application is filed and cannot be recovered, leaving members exposed without shelter — the precise harm the Court found constitutes a state-created danger. The balance of hardships and public interest favor requiring the City to follow procedures it already uses and this Court already ordered. *Winter v. NRDC*, 555 U.S. 7, 20 (2008). No bond or a nominal bond is appropriate.

## V. REQUESTED ORDER

BHU respectfully asks the Court to enter the attached proposed order and to set an order to show cause why the City should not be held in contempt.

## VI. RULE 65(b)(1)(B) CERTIFICATION

On September 15, 2026, at [TIME], counsel gave notice of this application to counsel for the City, [NAME], by [email/telephone]. [Describe response.] Notice should not otherwise be required because the destruction is occurring now.

Dated: September 15, 2026 Respectfully submitted,

/s/ Anthony D. Prince
Anthony D. Prince
Attorney for Plaintiff