United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERKELEY HOMELESS UNION, et al.,
Plaintiffs,

v.

CITY OF BERKELEY, et al.,
Defendants.

Case No. 25-cv-01414-EMC

**ORDER DENYING PLAINTIFFS' SEPTEMBER 15, 2026 TRO APPLICATION**

Docket No. 360

The Court **DENIES** Plaintiffs' TRO application filed September 15, 2026. *See* Dkt. 360. The City's ongoing abatement of the Harrison Encampment may proceed in accordance with this Court's prior orders, subject to the following conditions and reminders:

1. The Court reiterates that the City must comply with this Court's prior orders, including, *inter alia*, its Order re Motion for Final Judgment, Sections II.A.2 and A.3, including those pertaining to the provision of survival gear, relocation assistance, and storage of property. *See* Dkt. 326 at 3-4;
2. If the terms of the Court's prior orders are knowingly violated, those responsible for the violation of the Orders may be subject to contempt proceedings;
3. Representatives of Berkeley Homeless Union (BHU) shall be permitted to assist their members during the abatement and observe the abatement. BHU representatives (as enumerated below) shall be allowed to be in proximity to their members within the abatement area and to City officials or police. The bases justifying the representatives' presence within the safety perimeter is to (1) help ensure compliance with this Court's orders and minimize factual disputes about what is occurring, (2) provide assistance to BHU members, and (3) vindicate the First Amendment interest

United States District Court
Northern District of California

of the public in observing law enforcement activity.

a. Representatives Mr. Andrew Prince, Ms. Yesica Prado, and Mr. Robbie Powelson are permitted to enter the City's perimeter and be physically present in any areas where other individuals – City staff, police, the public, and others – are present. The exception would be, for example, where firefighters are actively fighting a fire, or some other acute safety concern that would clearly require specialized staffing engagement, such as any other non-specialized staff or observers could not be present. Again, the Court intends this provision to be as broad and flexible as possible to facilitate BHU representatives' engagement where their members are located, particularly where members are engaging with other individuals to determine disposition of their campsite and belongings;

b. The list of representatives of BHU who may participate is supplemented by the following individuals provided via email to the City and this Court:

- Nicholas Porsborg
- Sammy Shresttcha
- Minh Connors
- Darren Webster
- Malia Goulart
- Gordon Gilmore

c. The City may challenge any of the individuals supplemented by email as proper representatives of BHU, but until this Court rules otherwise, the City shall treat all the enumerated representatives in subsections (a) and (b) as representatives entitled to the same access set forth herein.

**IT IS SO ORDERED**.

Dated: September 15, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California