Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BERKELEY HOMELESS UNION,

Plaintiffs,

vs.

CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE-DOZIER, RASHI KESERWANI, DOES 1-10

Defendant.

Case No.: 3:25-cv-01414-EMC
(Closed Case)

**PLAINTIFF'S RESPONSE TO ORDER FOR INFORMATION REGARDING AUTHORIZED REPRESENTATIVES OF BHU AT 8TH AND HARRISON ABATEMENT**

## I. INTRODUCTION

Before providing the information the Union has been ordered to produce, BHU wishes to lodge a strong objection to the City's request for this information and the Court's order requiring the Union to provide it. Time does not permit more as the deadline for submission of this requested information is only minutes away, we did not get this order until a little after 4:00 pm, I have only now been able to reach both Ms. Prado and Mr. Powelson and most important, we are reluctant to disregard the privacy of third parties.

Just as important, well-settled law protects members of associations and the association, itself from having to disclose the names of its members and other information that falls under the First Amend ment right to freedom of association. See, ***Americans for Prosperity Foundation v. Bonta***, 141 S.Ct. 2373 (2021consolidated with ***Thomas More Law Center v. Bonta*** and, most signifcantlhy,

the landmark decision of the US Supreme Court in *NAACP v. Alabama*.. Alabama sought to prevent the NAACP from conducting further business in the state. After the circuit court issued a restraining order, the state issued a subpoena for various records, including the NAACP's membership lists. The Supreme Court ruled unanimously that Alabama's demand for the lists and other information regarding its members and associates violated the right of due process guaranteed by the Fourteenth Amendment to the United States Constitution.

When time permits, counsel for BHU will draft and file a brief setting forth more fully the unconstitutionality of demanding the type of information we have been ordered to provide. This will be accompanied by a declaration from counsel for BHU setting the record straight on Judge Beeler's earlier discovery orders and the fact, never mentioned by City attorney Mattes, that the City actually withdrew its discovery demand to be provided with the membership list of the Berkeley Homeless Union.

While it was reasonable for the City to be made aware of the identities of the persons designated by BHU to represent the Union at the abatement of 8th and Harrison, the information requested beyond that is protected pursuant to well-settled Supreme Court jurisprudence. Moreover, the City has not offered a single compelling government purpose behind the fishing expedition it wishes to conduct and in seeking such protected information, the burden rests with the City to do so. In addition, after todays abatement actions, not a single complaint has been made by the City about the conduct of any of the persons authorized to represent the Union.

Without waiving the Union's objection, the Union provides the following information:

1. The names of all persons asked by BHU to serve as representatives of the Union are the correct legal names as far as we have been able to ascertain.

2. All persons are either Union officers, members or members of organizations or individuals who have been supporters of the Union and who have extensive experience, including lived experience, in the representing and advocating for the unhoused.
3. All persons on the list were informed as to the requirements imposed by the Court's various orders as they pertain to the abatement.

Dated: September 15, 2026

submitted,
/s/ Anthony D. Prince
Attorney for Berkeley Homeless Union