Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Katrina Eiland, Assistant City Attorney (State Bar No. 275701)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
Nubyaan Scott, Deputy City Attorney (State Bar No. 331584)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: LMattes@berkeleyca.gov
KEiland@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.<br><br>Defendants. | Case No. **3:25-CV-01414-EMC**<br><br>**DEFENDANT CITY OF BERKELEY'S RESPONSE REGARDING ORDER FOR ADDITIONAL INFORMATION REGARDING BHU REPRESENTATIVES** |

Berkeley Homeless Union's (BHU") failure to timely provide the information ordered by the Court in its Order for Additional Information Regarding BHU Representatives, ECF No. 367, warrants limiting the approved BHU representatives inside the safety perimeter to Ms. Prado, Mr. Powelson, and Mr. Prince. BHU's supplement filing entered around 9:30pm last night should be disregarded as the City had no meaningful opportunity to review that filing before submitting this statement.

As a threshold matter, the City objects to the necessity of allowing any non-City staff within the safety perimeter. First, there is no basis on the record to conclude that any First Amendment rights are being violated. As the City represented at the last hearing, the police line allows both media and the public full viewing and recording access of the events. Second, City staff remain willing and able to provide packing and relocation assistance as ordered by the Court. On information and belief, no BHU member scheduled this assistance in advance of the abatement although this abatement has been planned for weeks and everyone was given additional notice 72 hours in advance. Even so, the City is allowing people more time to pack when feasible and offering assistance as ordered. Third, the need to "minimized factual disputes" cannot overshadow the City's legitimate safety concerns as well as the need to conduct lawful police operations. A police perimeter is created, in part, to balance First Amendment rights with the need to protect human safety (City staff or the public), prevent unnecessary emergencies, and preserve evidence if needed. Yesterday's inclusion of numerous alleged BHU members within the safety perimeter made it very difficult for Berkeley Police to maintain the safety of everyone within the perimeter and created many "near misses" with the heavy machinery being operated in a small, confined space.

Turning to BHU's submission, it is deficient in several ways. First, although the Court ordered BHU to provide each individual's "full legal name," BHU's only timely filing contained no names at all. Instead, it simply made vague reference to the "names of all persons asked by BHU to serve as representatives of the Union." ECF No. 368. This was wholly insufficient to identify those individuals and did not allow the City any opportunity to challenge these

individuals' roles in BHU. Considering that in the span of several hours the list of potential BHU representatives was continuously supplemented via successive emails to the Court, it appears that who BHU "asks" to be a representative is a fluid concept that could change on a moment's notice. Indeed, the vast majority of the names in BHU's emails and second filing are unfamiliar to City staff despite their collective decade plus of experience conducting homeless outreach in Berkeley.

Second, in contravention of the Court's order, BHU fails to establish that the individuals it designates hold a representational capacity within BHU or have any direct connection with BHU at all. The Court's order is limited to allowing "Representatives of Berkeley Homeless Union" to assist members and observe the abatement. But it appears that even across both of BHU's filings, none of the offered names are of BHU Representatives -- only members, legal counsel and supporters. While the City intends to comply with the Court's order to allow individuals listed in the Court's order at Docket No. 363 within the safety perimeter, the City maintains its objections that only Ms. Prado, Mr. Prince and Mr. Powelson should be allowed in.

This is not a disagreement based on mere semantics. It appears that over half of the individuals on BHU's list have no direct affiliation with BHU at all. They are simply "supporters." These non-BHU affiliated individuals fall outside BHU's Article III standing and the ambit of this lawsuit. This is especially true here where there is no evidence of any violation of these non-BHU individuals' rights and they have played no role in this litigation. Furthermore, the remaining BHU affiliated individuals are simply alleged members. It remains unestablished whether Harrison Corridor campers are even familiar with these members, not to mention have provided express agreement to allow them to serve as their representatives in this matter.

Lastly, and perhaps most concerningly, BHU does little to demonstrate the "individual's familiarity with the Court's prior orders regarding the Harrison Encampment abatement" as ordered. ECF No. 367. BHU states only that unnamed persons "on the list" were "informed as to

the requirements imposed by the Court." ECF No. 368. Based on this representation, it appears that none of these individuals have personally read any of the Court's orders. Because they are also new to the Court and the City, they have also likely not participated meaningfully in this lawsuit in any way. Unnamed persons who may have no direct connection with BHU, are not serving in a representational capacity, and are not well versed in this Court's orders should not be allowed to put City staff and its operations at risk by being present within the safety perimeter.

Accordingly, the City respectfully requests that the Court limit the BHU representatives allowed within the safety perimeter strictly to Ms. Prado, Mr. Prince and Mr. Powelson.[1] If the Court declines to limit the individuals in this matter, the City alternatively requests that the Court limit the number of individuals to no more than the number of campers in the cordoned off area and require all BHU representatives to maintain close proximity to their members in order to ensure their safety, as well as City staff safety, among heavy machinery and other potentially dangerous equipment.

Dated: September 16, 2026

Respectfully Submitted,
CITY ATTORNEY'S OFFICE

/s/ *Laura Iris Mattes*

LAURA IRIS MATTES

Attorneys for Defendant
CITY OF BERKELEY