Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

BERKELEY HOMELESS UNION

Plaintiff,

vs.

CITY OF BERKELEY,

Defendant

Case No.: 3:25-cv-01414 (Closed case.)

REPLY TO CITY'S RESPONSE RE INFORMATION ABOUT BHU-DESIGNATED REPRESENTATIVES AT 8TH AND HARRISON ABATEMENT

At this moment, Assistant City Manager Peter Radu is refusing to permit BHU's representatives into the abatement area, refusing to permit pickup trucks operated by the representatives to enter so that our members' possessions can be preserved and not destroyed by the City, as it did all day yesterday. Early this morning, Robbie Powelson brought this situation to the attention of the courtroom deputy so that it might be brought to the attention of the Court.

Meanwhile, the City is refusing to assist camp residents in packing and transporting possessions either to another part of the City or to storage. The City appears to simply want everyone and everything out of the way so that it can push everyone out, level the camp and throw whatever the evicted homeless can't carry with them.

The Court ordered the names of the Union's designated representatives, the nature of their relationship to the BHU and their awareness of the Court orders pertaining to the abatement. The Union supplied the requested information.

United States District Court
Northern District of California

What more does the City need to know about the designated representatives? What organizations they belong to? Their "credentials" and "qualifications" to assist Union members in packing and transporting their possessions and making sure these and other elements of the Court's orders are observed? To show documents that contain their legal names? The City has three objectives: 1) create an artificial issue that will allow them to unilaterally decide to keep the Union's representatives out as they are doing; 2) curtail the ability of the Union to monitor the abatement and assist the residents being evicted by limiting the number of Union representatives to 3 people; 3) to force the Union to disclose information about the designated representatives, to intimidate them and deter them from assisting BHU members and set a precedent for unnecessary, excessive and unconstitutional intrusion into the protected internal affairs of the Union, its relationship to third party groups and individuals who support the Union and the unhoused.

The Court ordered the City of Berkeley to make specific objections to the individuals designated by the Union; the City has failed to do so. The City has failed to produce any evidence whatsoever to show that any of the BHU-designated representatives pose any threat or impediment to the legitimate conduct of the City.

The damage is already being done. The City's disregard of its obligations to those it is evicting from the camp is rampant and the Union cannot keep up with it, which is precisely what the City appears to want so that by the time the Court rules, it will be essentially too late.

The Court is urged to order the City forthwith to cease barring the Union's designated representatives from entering the camp and providing assistance without which camp residents, especially those with disabilities, will suffer the loss of vital survival items and other property.

Respectfully submitted,

Dated: September 16, 2026 /s/ Anthony Prince