Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
Nubyaan Scott, Deputy City Attorney (State Bar No. 331584)
Sara Stephens, Deputy City Attorney (State Bar No. 300589)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: FBrown@berkeleyca.gov
KEiland@berkeleyca.gov
LMattes@berkeleyca.gov
NScott@berkeleyca.gov
SStephens@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.<br><br>Defendants. | **Case No. 3:25-CV-01414-EMC**<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's September 14, 2026 Order, the parties submit this joint status update regarding the proposed accommodation locations at Fourth and Camelia Street.

**DEFENDANT CITY OF BERKELEY'S STATEMENT**

## I. FACTUAL UPDATE

The City has prepared a diagram of the two proposed locations that includes the information requested by the Court. The diagram is based on an overhead Google Maps image and is attached to the Declaration of ADA Program Coordinator Thomas Gregory as Exhibit A.

The City also submits the Declaration of Deputy City Manager David White, which describes the information provided by Duck's Nest Preschool concerning the location and dimensions of its drop-off and pick-up zones. The Declaration of Thomas Gregory describes the City's preparation of the diagram and the City's consultation with the Deputy Fire Marshal concerning the dead-end vehicle turning radius and roadway clearance. The Deputy Fire Marshal's email concerning those issues is attached to the Gregory declaration as Exhibit B.

**PLAINTIFF BERKELEY HOMELESS UNION'S STATEMENT**

During the site visit, the City stated tents would have to be 18 inches away from the curb for opening of car doors, 3 feet away from the buildings, and in addition provide 6 feet for path of travel. Therefore the total clear space they desired was therefore exactly the entirety was 10.5 feet, the entirety of the sidewalk.

The exception was in the fire zones, where the City representing 18 inches for opening car doors did not apply. So my understanding is that the whole length of available area for a tent was 18 inches in the areas with red markings on the curbs.

The city did not identify which ordinance required the 18 inch clearance for car doors, or the 3 foot clearance from the abutting buildings.

Attached is the Union's understanding of fourth and Camelia. The City demands a 6 foot clearance, 3 feet clearance from the building, 18 inches from the curb on a sidewalk that is 12 feet wide. They also demand the tent be less than a 6 feet tent. The result is that the tent must be 6 feet away from the building, 18 inches from the curb, leaving only 4.5 feet width for the tent in

the south central portion of the sidewalk.




Respectfully Submitted,

Dated: September 18, 2026

CITY ATTORNEY'S OFFICE

__/s/ Nubyaan Scott

Nubyaan Scott
Attorney for Defendants

Dated: September 18, 2026

__/s/ Anthony Prince

Anthony Prince
Attorney for Plaintiff

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Nubyaan Scott, attest that I have obtained concurrence from all signatories to file this document.