United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERKELEY HOMELESS UNION, et al.,
Plaintiffs,

v.

CITY OF BERKELEY, et al.,
Defendants.

Case No. 25-cv-01414-EMC (ASK)

**PROCEDURAL ORDER RE: ADJUDICATION OF ACCOMMODATION REQUESTS**

The Court appointed the undersigned to serve as Special Master for the purposes of determining, "consistent with the Court's prior orders, the reasonableness of any requests for accommodations" of certain individual members of the Berkeley Homeless Union ("BHU"), as well as the City's responses to those accommodation requests. Dkt. 345 at 2; *see also* Dkt. 391 (amending appointment order to include additional accommodation requests). The BHU members whose accommodation requests the Special Master may adjudicate are: Alice Barbee, Hector Navarro, Robbie Peddycoart, Robert Pearce, Alexander Wilson, Erik Alexander Coon, Kevin Martinez, Patrick Ford, Erik Keiser, Charles Dye, Andrew Venderzyl, Ramondo Mackey, Thomas Barnett, Erin Spencer, Monique Williams, Jason Charette, Kittivutt Patanapanich, Merced Dominguez, Yesica Prado, Jonny Ruel Holder, Ray Johnson, Bradford Raymer, Jackeline Mendoza, Shawman, Jermaine Lee White, Gregory Grove, Lisa Saechao-y-chain, and Quinton Cocklereese. Dkts. 345, 391. As to the last seven individuals, temporary injunctive relief remains in effect pending adjudication of their accommodation requests. Dkts. 342, 391.

On September 18, 2026, the Special Master directed the parties to submit materials on the BHU members' proposed accommodations. Dkt. 378. Joint filings as to existing accommodation requests were due by September 23, 2026, and joint filings as to newly submitted requests were

due by September 29, 2026. *Id*. The Special Master held a hearing on October 7, 2026, to discuss the status of the disputed accommodation requests and map out the adjudication process. *See* Dkts. 378, 402. The Special Master also gave both parties feedback on their then-existing submissions, suggested additional information that may be helpful, and raised substantive questions and concerns. Based on this discussion, the Special Master ordered the parties to jointly submit a proposed adjudication schedule by October 13, 2026. Dkt. 402.

The parties' October 13 joint status report presents competing proposals. As to the seven individuals protected by the preliminary injunction, the City proposes that the parties submit these requests on existing filings (Dkts. 352, 380, 381, 383, 387, and 388) because the only remaining issue is relocation sites. In the alternative, the City requests a deadline of October 20, 2026, for any further filings related to these requests. By contrast, BHU requests 60 days to prepare updated applications for these seven individuals, whose circumstances BHU claims have changed drastically. As to the other pending applications, the City requests a November 3, 2026, deadline for all further filings. Instead, BHU requests that the Special Master interview the individual BHU members and their Union representatives, visit the requested relocation sites, and hold evidentiary hearings as to the nexus between the claimed disabilities and requested accommodations.

The Special Master rejects the City's proposal to submit the applications for the seven individuals on the existing filings, not least because the City appears to have cited stale, pre-abatement facts in support of its proposal. Because the City has operated under some form of injunction for over a year and the abatement of the 8th and Harrison encampment has already occurred, the prejudice arguments underlying the City's demand for highly expeditious action for these seven individuals are unpersuasive, at least as presented in the City's submission. But BHU's request for 60 days is too long because (a) significant portions of the submissions are substantially complete based on the parties' September 23, 2026 and September 29, 2026 submissions, (b) the parties have known for weeks that the Special Master would have to adjudicate the requests of the seven individuals protected by Judge Chen's preliminary injunction, and (c) the Special Master need not wade into BHU's allegations of misconduct or contempt during the City's abatement activities to adjudicate the assigned accommodation requests. As to

United States District Court
Northern District of California

BHU's request for interviews and site visits, the Special Master will reserve those investigation methods for any adjudications where further factual development would be helpful or necessary. Given that BHU may use a declaration to present any facts it wishes to advance via interview and video (*see* below) to present any facts it wishes to advance via inspection, the Special Master declines to adopt BHU's proposal at this stage.

Having considered the submissions, the Special Master **SETS** the following schedule for the parties' briefing, which will constitute ***the entirety of the factual record*** considered in adjudicating the accommodation requests:

- By **Friday, November 13, 2026**, the parties shall file on the docket a single **joint submission** that addresses the below points for each and every disputed accommodation request in a consistent, combined format.
  - For each disputed accommodation request, **(1)** up to five pages from BHU containing argument, drawings (including with annotations and/or measurements), and/or photographs (including with annotations and/or measurements) in support of its accommodation request and its position on the interactive process (*e.g.*, justification of the reasonableness of the accommodation request, identification of evidentiary support for the member's claimed disability and the nexus between the member's claimed disability and the requested accommodations); **(2)** any supporting evidence from BHU (*e.g.*, a declaration, an identification of any supporting video[1]); **(3)** up to five pages from the City containing argument, drawings (including with annotations and/or measurements), and/or photographs (including with annotations and/or measurements) in opposition to the accommodation request and in support of its position on the interactive process (*e.g.*,

[1] Video should be separately submitted by each party via thumb drive, with video files titled by the name of the individual, and in the same order that the individuals appear in the joint submission. A copy of the thumb drive should be provided to the other side. In addition to the thumb drive, the parties may also submit an extra copy of the video via link (and the Special Master would appreciate such links); but the thumb drive will serve as the record for the Special Master's Report and Recommendation.

argument contesting the reasonableness of the accommodation request, evidence contesting the claimed disability and nexus); **(4)** any supporting evidence from the City (*e.g.*, a declaration, an identification of any supporting video).

- A listing of each actively disputed accommodation request, followed by a listing of all withdrawn accommodation requests within the scope of the Special Master's appointment.
- A chart summarizing the status of all disputed accommodation requests with the following column headings: Applicant, Request Status, Request Date, Claimed Disability, Disability Need, Requested ADA Accommodation(s), Disability Nexus, Proposed Relocation Sites, City's Final Response.

Submissions that fail to meet the specifications above will be disregarded. Questions should be directed to the Special Master's Courtroom Deputy, Ms. Means (askcrd@cand.uscourts.gov).

**IT IS SO ORDERED.**

Dated: October 16, 2026

AJAY KRISHNAN
United States Magistrate Judge