JON RUEL HOLDER II, Pro Se
[Current Address in Los Angeles County, CA]
Telephone: (323 833-8833-8462
Email: iamu.ucme@gmail.com

Class Member, Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **BERKELEY HOMELESS UNION, et al.,** Plaintiffs,v.**CITY OF BERKELEY, et al.,** Defendants. | **Case No. 3:25-cv-01414-EMCEMERGENCY PRO SE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO ENFORCE COURT HOUSING ORDERS, COMPEL VAWA PORTABILITY, AND APPOINT CONFLICT-FREE COUNSEL; DECLARATION IN SUPPORT; CERTIFICATE OF EX PARTE NOTICE**Honorable Edward M. Chen |

---

***TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:***

PLEASE TAKE NOTICE that Movant Jon Ruel Holder II, a documented disabled class member acting *pro se*, hereby moves this Court pursuant to Federal Rules of Civil Procedure 65 and 23(d), the Violence Against Women Act (VAWA) 24 C.F.R. § 5.2005(e), Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act, for an Emergency Ex Parte Temporary Restraining Order (TRO) and Order to Show Cause Re: Preliminary Injunction against Defendants CITY OF BERKELEY et al.

## I. SUMMARY OF EMERGENCY RELIEF REQUESTED

Movant Jon Ruel Holder II urgently requests that this Court grant the following emergency relief:

1. **Enforcement of Protective Orders:** Directly enforce this Court's April 2026 individualized assessment order and Harrison Street protective orders as applied to Movant, a severely vulnerable class member constructively displaced by ongoing non-compliance and retaliation.
2. **Immediate Emergency Motel Placement & VAWA Portability:** Order Defendants City of Berkeley and/or Berkeley Housing Authority (BHA) to immediately arrange and direct-bill emergency motel placement for Movant, and execute emergency transfer portability under VAWA regulations (24 C.F.R. § 5.2005(e)) to Los Angeles County, California, where Movant is currently constructively displaced and seeking safe emergency shelter.
3. **Appointment of Independent Counsel & Class Carve-Out:** Grant an immediate carve-out from current class representation under Fed. R. Civ. P. 23(a)(4) and (d), and appoint independent, conflict-free counsel to represent Movant due to irreconcilable conflicts involving co-counsel Andrea Henson and complete non-responsiveness from lead class counsel Anthony Prince.

## II. BACKGROUND & STATEMENT OF FACTS

1. **Class Member Status:** Movant Jon Ruel Holder II is a recognized, documented disabled class member (Homeless Management Information System ID: HMIS ID 498703058) in the above-captioned matter. Movant was displaced from 1620 San Pablo Avenue and the Harrison Street encampment, locations specifically covered by this Court's protective rulings.
2. **Disability, Service Animal Assault, and ADA Violations:** Movant suffers from severe recognized disabilities requiring reasonable accommodations under Title II of the ADA and Section 504 of the Rehabilitation Act. While residing at the subject locations, Movant was subjected to severe retaliation, harassment, and a violent assault against his designated service animal, Akio (documented under Berkeley Police Department Incident No. 24-00034528). Despite formal requests, City of Berkeley ADA Coordinator Thomas Gregory repeatedly failed and refused to grant required reasonable accommodations or

establish safe shelter conditions, resulting in Movant's constructive displacement to Southern California.

3. **Irreconcilable Conflicts of Co-Counsel:** Co-counsel Andrea Henson possesses severe, disqualifying conflicts of interest regarding Movant, including documented prior breaches of mandatory reporting obligations and prior abandonment of Movant during acute crises, creating a direct conflict under Rule 1.7 and Rule 1.9 of the Rules of Professional Conduct and Fed. R. Civ. P. 23(a)(4).
4. **Formal Demand and Class Counsel Default:** On October 6, 2026, Movant served a formal written demand on lead class counsel Anthony Prince via email (princelawoffices@yahoo.com). The demand detailed Movant's emergency circumstances, requested the immediate filing of an ex parte motion for injunctive relief to protect Movant, and demanded formal disclosure and recusal regarding co-counsel Andrea Henson's conflicts. Movant provided a 48-hour window for counsel to act.
5. **Necessity of Pro Se Intervention:** Class counsel Anthony Prince failed to take action or respond within the emergency timeline. Because class counsel has completely abdicated their duty to adequately protect Movant's individual and statutory rights, Movant is forced to bring this emergency *pro se* application directly before the Honorable Edward M. Chen.

## III. LEGAL GROUNDS FOR RELIEF

### *A. Emergency Injunctive Relief (Fed. R. Civ. P. 65)*

Movant satisfies the established four-factor test for a TRO and preliminary injunction under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008):

- **Likelihood of Success on the Merits:** Defendants have breached this Court's explicit orders regarding individualized assessments for Harrison Street / 1620 San Pablo residents and violated Title II of the ADA by refusing reasonable accommodations.
- **Irreparable Harm:** Absent immediate injunctive relief, Movant faces severe physical danger, severe psychological distress, and homelessness without medical or disability support while constructively displaced in Los Angeles County.
- **Balance of Equities:** The burden on Defendants to provide direct-billed motel funding and complete VAWA portability processing is minimal compared to the catastrophic harm facing Movant.

- **Public Interest:** Enforcing court orders, upholding ADA protections, and enforcing VAWA portability rights strongly serves the public interest.

***B. Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4) & 23(d))***

Rule 23(a)(4) requires that class representatives and class counsel fairly and adequately protect the interests of the class. Where class counsel ignores urgent threats to a class member's safety and maintains co-counsel with direct, unresolvable conflicts of interest, the Court has broad authority under Rule 23(d) to issue protective orders, carve out the affected class member, and appoint independent, conflict-free counsel.

***C. Violence Against Women Act Emergency Transfer Portability (24 C.F.R. § 5.2005(e))***

Under VAWA regulations, a tenant or participant who is a victim of violence, sexual assault, or stalking—or faces imminent harm—is entitled to an emergency transfer and housing voucher portability across jurisdictions. Defendants' failure to facilitate VAWA portability to Los Angeles County directly violates federal housing regulations.

***D. Title II of the ADA & Section 504 of the Rehabilitation Act***

Defendants are legally obligated to modify administrative policies and provide emergency motel accommodations to ensure equal access to public housing programs for severely disabled individuals, particularly following documented police incidents involving service animal assault.

## IV. DECLARATION OF EX PARTE NOTICE

(Fed. R. Civ. P. 65(b)(2))

I, Jon Ruel Holder II, declare under penalty of perjury under the laws of the United States of America that:

1. I am the Movant in this emergency application and a documented class member in Case No. 3:25-cv-01414-EMC.
2. On October 6, 2026, I sent formal written notice and demand via electronic mail to lead class counsel Anthony Prince at `princelawoffices@yahoo.com`, requesting the immediate filing of an emergency ex parte motion for TRO and preliminary injunction, and demanding formal conflict disclosures regarding co-counsel Andrea Henson.

3. I specified a 48-hour deadline for counsel to respond or act due to the extreme urgency of my housing crisis and ongoing safety risks.
4. Class counsel failed to respond or initiate emergency proceedings within the provided period, necessitating this *pro se* filing.
5. Concurrently with the electronic filing of this application, a true and correct copy is being served via electronic mail on class counsel Anthony Prince (`princelawoffices@yahoo.com`) and on all counsel of record for Defendants City of Berkeley et al.

Executed on October 8, 2026, at Los Angeles County, California.

______________________________________

Jon Ruel Holder II, Pro Se

**V. PRAYER FOR RELIEF**

WHEREFORE, Movant Jon Ruel Holder II respectfully prays that this Court enter an Order:

1. **GRANTING** Movant's Ex Parte Application for a Temporary Restraining Order;
2. **DIRECTING** Defendants City of Berkeley and Berkeley Housing Authority to immediately arrange and direct-bill emergency motel accommodations for Movant;
3. **ORDERING** Defendants to execute immediate VAWA Emergency Transfer Portability (24 C.F.R. § 5.2005(e)) transferring Movant's housing assistance to Los Angeles County;
4. **CARVING OUT** Movant from current class representation and appointing independent, conflict-free counsel pursuant to Fed. R. Civ. P. 23(a)(4) and 23(d);
5. **ISSUING** an Order to Show Cause why a Preliminary Injunction should not issue on the same terms.

**VERIFICATION**

I, Jon Ruel Holder II, declare under penalty of perjury under the laws of the United States of America that I am the Movant in the above-entitled action; that I have read the foregoing Emergency Ex Parte Application and know the contents thereof; and that all facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed this 8th day of October, 2026, at Los Angeles County, California.

**Jon Ruel Holder II**
Class Member, Pro Se
HMIS ID: 498703058

---

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, a copy of the foregoing **EMERGENCY PRO SE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was served electronically via email upon:

- **Anthony Prince, Esq.**
  Law Offices of Anthony Prince
  Email: `princelawoffices@yahoo.com`
  *Lead Class Counsel*
- **City Attorney's Office, City of Berkeley**
  2180 Milvia Street, 4th Floor
  Berkeley, CA 94704
  *Counsel for Defendants City of Berkeley et al.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Jon Ruel Holder II**