UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERKELEY HOMELESS UNION, et al.,
Plaintiffs,
v.
CITY OF BERKELEY, et al.,
Defendants.

Case No. 25-cv-01414-EMC

**ORDER DENYING EMERGENCY EX PARTE TRO APPLICATION**

Docket No. 416

On October 19, 2026, this Court received email correspondence from Jonny Ruel Holder requesting consideration of an "Emergency Ex Parte TRO Application." *See* Dkt. 416 (TRO Application). Mr. Holder stated that he is a houseless individual with disabilities facing a medical crises who is otherwise unable to properly file the TRO because he was unable to access standard electronic or physical filing counters. This Court deems Mr. Holder's TRO application submitted via email as a pleading filed in this case docket as docket number 416 herein.

Mr. Holder is an individual who has previously submitted accommodations requests to the City related to abatement of the Harrison Encampment. Dkt. 272-1 at 4–5. On March 11, 2026, the Court granted a TRO as to abatement of Mr. Holder's encampment and fifteen other claimants' encampments, "finding, *inter alia*, that the interactive process had not been sufficiently completed." Dkt. 289 at 3. This Court declined to rule on Mr. Holder's claim in its March 2026 order on cross-motions for summary judgment, though, because his claims were not briefed by the parties. Dkt. 288 at 6. Relief was later granted as to Mr. Holder in this Court's April 3, 2026 Order Denying Motion to Dissolve June 2025 Preliminary Injunction and Granting in Part and Denying in Part March 11, 2026 Motion for Preliminary Injunction. Dkt. 289.

The Court granted the preliminary injunction (to include Mr. Holder) as to: (1) reasonable

United States District Court
Northern District of California

United States District Court
Northern District of California

accommodation requesting modification of the 3x3 rule on public rights of way, Dkt. 289 at 8–9, (2) physical assistance with relocation and the provision of storage of personal property, Dkt. 89 at 9–10. The Court required the City to conduct individualized assessments as to accommodations related to the 3x3 rule, which included Mr. Holder. Dkt. 289 at 16.

Mr. Holder seeks (1) enforcement of the Court's "protective orders as applied to [Mr. Holder]," (2) an order for City of Berkeley or the Berkeley Housing Authority to arrange for "direct-bill motel placement" in Los Angeles County, and "emergency transfer portability" under the Violence Against Women Act. TRO Application at 2.

Mr. Holder's TRO Application is **DENIED.**

The scope of relief Mr. Holder is seeking is not covered by the final judgment in this matter. *See* Dkts. 326 (Order Re Motion for Final Judgment), 288 (Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment); 289 (April 3, 2026 Order); *see also* Dkts. 322 (Order Clarifying Injunctive Relief), 342 (Order Re: Individual Accommodations Adjudication and Abatement). His TRO application generally references that he was displaced from the Harrison Encampment. *See* Dkt. 416 at 2. But his TRO application does not specify the circumstances under which he was displaced, and whether he was denied relocation or storage assistance, or denied an accommodation to the 3x3 rule pursuant to the Court's prior order affording him relief. Since August 2026, Mr. Holder has been listed in BHU's filings as living in a vehicle. Dkt. 330 (Exhibit A). On September 9, 2026, this Court denied Mr. Holder's request for space within the abatement area to store property outside of his vehicle residence. Dkt. 342 at 7.

His current claims appear to fall outside the scope of the final judgment herein. Thus, the requested TRO is denied. To the extent Mr. Holder seeks relief outside the scope of this court's judgment in the form of shelter placement or funding to live in a motel, he must file his action separately as that falls outside the scope of this action.

Last, it is unclear from Mr. Holder's filing whether he is represented by Berkeley Homeless Union (BHU) attorney Anthony Prince in this matter. Mr. Holder has previously been represented in other filings by Mr. Prince, but now states he wishes to be self-represented. If Mr.

Holder is represented by Mr. Prince, any future filings regarding this matter should be made through counsel.

**IT IS SO ORDERED**.

Dated: October 20, 2026

EDWARD M. CHEN
United States District Judge