Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Katrina Eiland, Assistant City Attorney (State Bar No. 275701)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
Nubyaan Scott, Deputy City Attorney (State Bar No. 331584)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: LMattes@berkeleyca.gov
KEiland@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.<br><br>Defendants. | Case No. **3:25-CV-01414-EMC**<br><br>**DEFENDANT CITY OF BERKELEY'S NOTICE AND MOTION FOR RECONSIDERATION OF PROCEDURAL ORDER RE: ADJUDICATION OF ACCOMMODATIONREQUESTS** |

The City brings this Motion for Reconsideration pursuant to Local Rule 7-9. The City seeks reconsideration of Magistrate Judge Ajay Kirhsnan's Procedural Order re: Adjudication of Accommodation Requests (the "Order"), ECF 413. Because this is an order from a Magistrate Judge, the Local Rules do not require that the City first seek leave of court. *See* Local-Rule 7-9(a). For the reasons described herein, the City requests that the Court reconsider its Order and reset the deadline to provide further filings as to the seven individuals protected by the Court's September 9, 2026 injunction from November 13, 2026 to October 30, 2026.

As the Order lays out, the City initially requested that the court set a deadline of October 20, 2026 for any further filings related to the seven individuals who are protected by preliminary injunction that allows them to remain encamped in the Harrison Corridor. The City explained that there is urgency to resolve these individuals' accommodation requests because their continued encampment in this location impedes the City's Leptospirosis abatement, prevents sidewalk egress, affects street usage, and continues to be a source of debris accumulation and public health concern.

The Court rejected those arguments because it characterized those reasons as "stale, pre-abatement facts." ECF 413 at 2. However, this is not so. The City's facts were current as of the time of submission. Although the City was able to conduct a partial abatement, the Harrison Corridor continues to be sizeable, active encampment location. Declaration of Peter Radu ("Radu Dec.) ¶ 11. Since the partial abatement, City staff have witnessed continual re-encampment in the area. *Id*. ¶ 6. Encampments belonging to the protected individuals have continued to grow in time, sometimes spanning a half block. *Id*. ¶ 7. Campers have also taken advantage of the district court's orders regarding vehicles by piling personal belongings on top of passenger vehicles. *Id*. ¶ 5. Presumably, placing materials on top of the vehicle is seen as a safeguard against future removal of it by the City, due to vehicles being subject to heightened burdens set by the district court's orders. *Id*.

The City's concerns regarding the encampment remain just as true today as they were at the time of their prior submission. Importantly, Alameda County Vector control has confirmed as recently as October 23, 2026 that the encampment continues to pose a harborage for rats and that the continued presence of human and animals in the area prevents them from effective placement of rodenticide. *Id*. ¶¶ 8-9. In fact, one of the campers protected by the preliminary injunction recently asked the City to remove her tent because there were dead rats underneath it. *Id*. ¶ 10. This reality is consistent with the Public Health Officer's advice that effective mitigation requires the complete clearance of encampments. ECF 194-3 at 8-9.

Furthermore, the Court also noted that because "the City has operated under some form of injunction for over a year and the abatement of the 8th and Harrison encampment has already occurred, the prejudice underlying the City's demand for highly expeditious action for these seven are unpersuasive." ECF 413 at 2. This conclusion is misguided for several reasons. First, as explained above, the City has been unable to complete its abatement of the Harrison Corridor and many public health concerns remain unaddressed. Second, the continued prohibition actually weighs in favor of the City's request for urgency. As the Ninth Circuit explained in *Where Do We Go Berkeley v. California Dep't of Transportation*, 32 F.4th 852, 864 (9th Cir. 2022), the longer an injunction preventing a public health abatement is allowed to remain in place, the more the balance of the hardship shifts in favor of abatement. Due to the recent Leptospirosis death and illness of two unhoused individuals, and both the City's Health Officer's and Alameda Vector Control's views that the extensive rodent population and outbreak cannot be fully addressed unless the area is completely clear, this concern is particularly acute here.

Accordingly, the City requests the Court reconsider its Order and set an October 30, 2026 deadline for further submissions related to the seven individuals protected by the Court's September 9 preliminary injunction.

Dated: October 23, 2026

Respectfully Submitted,
CITY ATTORNEY'S OFFICE

/s/ Laura Iris Mattes

LAURA IRIS MATTES
Attorneys for Defendant
CITY OF BERKELEY