Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BERKELEY, THOMAS GREGORY, PAUL BUDDENHAGEN, PETER RADU, OKEYA VANCE-DOZIER, RASHI KESERWANI, DOES 1-10<br><br>Defendant. | Case No.: 3:25-cv-01414-EMC<br>*case closed*<br><br>**PLAINTIFFS' MOTION TO ADD FIVE INDIVIDUALS TO THE SPECIAL MASTER'S LIST OF PENDING ACCOMMODATION REQUESTS** |

## I. INTRODUCTION

Plaintiffs Berkeley Homeless Union ("BHU") respectfully move this Court for an order adding five BHU members to the list of individuals whose accommodation requests are pending before the Special Master. While the parties were present in court, Judge Krishan advised plaintiff's counsel that such a motion should be made.

The individuals to be added are:

- Shareef Muwakkil
- Orvel Roadlander
- Bree Ann Hegeman
- Salina Mares
- Jasmine Williams

Each of these individuals submitted an accommodation request through BHU in accordance with the deadlines the Court established on Dkt. 378. Magistrate Judge Krishnan order stated the following:

"For all accommodation requests pending as of 5:00 p.m. on September 17, 2026, the parties shall jointly submit the following by Wednesday, September 23, 2026." *And*

"All accommodation requests not yet filed shall be submitted to the City by 5:00 p.m. on Wednesday, September 23, 2026. For these newly submitted requests, the parties shall jointly submit the same information as required above by the close of business on Tuesday, September 29, 2026."

Each request was submitted in writing and contains the information the City has required. This motion does not ask the Court to rule on the merits of any request. It asks only that these five individuals be added to the Special Master's list so that their requests can be adjudicated in the same process the Court has already established for other BHU members.

## II. PROCEDURAL HISTORY

On April 3, 2026, the Court granted in part and denied in part the parties' cross-motions for summary judgment. (Dkt. 288.) The Court held that the City had failed to provide reasonable accommodations to certain disabled BHU members in violation of Title II of the Americans with

Disabilities Act, and it established a framework for resolving the remaining accommodation requests. (Id. at 71–74.)

On August 20, 2026, the Court entered final judgment and permanent injunctive relief extending the protections of the summary judgment order to all BHU members throughout the City of Berkeley. (Dkt. 326.) The Court directed that the City and BHU "shall apply the standards set forth in the SJ Order and this Order to resolve individual requests for accommodation or claims arising from the same or similar conduct." (Dkt. 326 at 3.)

The Court subsequently appointed Magistrate Judge Ajay Krishnan as Special Master to adjudicate the pending accommodation requests. (Dkt. 345.)

In September 2026, the Court established deadlines for BHU to submit pending accommodation requests for resolution by the Special Master. (Dkt. 378)

## III. ARGUMENT

A. The Five Individuals Submitted Their Requests in Accordance with the Court's Deadlines

BHU complied with the process the Court established. Each of the five individuals submitted an accommodation request through BHU in September 2026, within the deadlines the Court set. The requests identify the individual, the disability, the functional limitations, the accommodation sought, and the locations proposed.

BHU is not aware of any basis for excluding these five individuals from the Special Master's list. Their requests were submitted in the same manner and within the same timeframe as the requests of other BHU members.

B. The Court's Orders Require That These Requests Be Resolved Through the Established Process

The Court has made clear that the City must apply the standards of the summary judgment order and the final judgment to "resolve individual requests for accommodation." (Dkt. 326 at 3.) The Court has also held that the City "may not summarily conclude that a requested accommodation is unreasonable without undergoing this investigative process." (Dkt. 288 at 21.)

Excluding these five individuals from the Special Master's list would leave their requests unresolved, contrary to the Court's direction that individual requests be adjudicated. It would also allow the City to avoid the individualized assessment the Court requires for each claimant.

C. No Prejudice to the City

Adding these five individuals to the Special Master's list will not prejudice the City. The City has already received their requests in September. Adding all five to the list simply ensures that the same interactive process applies to all BHU members whose requests remain pending.

**IV. CONCLUSION**

For the foregoing reasons, BHU respectfully requests that the Court:

1. Add Shareef Muwakkil, Orvel Roadlander, Bree Ann Hegeman, Salina Mares, and Jasmine Williams to the Special Master's list of pending accommodation requests; and
2. Grant such other relief as the Court deems just and proper.

DATED: November 19, 2026

Respectfully submitted,

/s/ Anthony Prince

Anthony D. Prince

Attorney for Plaintiffs